JONATHAN SHUB (SBN 237708)
**SEEGER WEISS LLP**
1515 Market Street, Suite 1380
Philadelphia, Pennsylvania 19102
(215) 564-2300 tel; (215) 851-8029 fax
jshub@seegerweiss.com

*[ADDITIONAL COUNSEL ON SIGNATURE PAGE]*

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

ARAM HOVSEPIAN, individually and
on behalf of all others similarly situated,

Case No. **C 08 05788**

Plaintiff,

vs.

APPLE, INC.,

Defendant.

**CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff Aram Hovsepian, individually and on behalf of the class described below, by his attorneys, makes the following allegations pursuant to the investigation of counsel and based upon information and belief, except as to allegations specifically pertaining to Plaintiff and counsel, which are based on personal knowledge.

**I.    OVERVIEW OF THE ACTION**

1.     Plaintiff brings this lawsuit as a proposed class action on behalf of himself and other Apple iMac consumers whose iMacs contain a latent defect that has currently manifested in the form of (unwanted) vertical lines on iMac display screens.[1]

---

[1]    The iMac is Apple's version of a desktop computer.

1                                      CLASS ACTION COMPLAINT

1       2.    Unbeknownst to Plaintiff and Class, and undisclosed by defendant

2   Apple Inc. ("Apple"), the screen display for iMacs fail at an unusually high rate in

3   excess of industry standards, with the screen displaying vertical lines.

4       3.    Apple has received numerous complaints and warranty claims arising

5   from this defect, which it internally recognizes and concedes is a systemic, class-

6   wide problem (*i.e.*, unwanted vertical lines on iMac screen displays), thus making

7   Apple aware of the latent defect and its propensity to manifest, as it has with

8   Plaintiff and Class's iMacs.

9       4.    As a result of Apple's misconduct, consumers have purchased iMacs

10  only to have them manifest the latent defect – and develop unwanted vertical lines

11  on the display screen; and numerous consumers have made warranty claims arising

12  from vertical lines which have been denied as out of warranty.

13      5.    Apple's conduct: (a) violates California law, and/or alternatively, state

14  consumer protection statutes as enumerated below, (b) constitutes breach of

15  implied warranties; and (c) constitutes unjust enrichment, as alleged more fully

16  below; and, (d) makes injunctive relief appropriate pursuant to 28 U.S.C. § 2201.

17  **II.    JURISDICTION AND VENUE**

18      6.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d). This is a

19  class action involving more than 100 class members.  Members of the classes are

20  citizens of a state different from defendant, and the amount in controversy, in the

21  aggregate, exceeds the sum of $5 million exclusive of interest and costs.

22      7.    Defendant, is a California corporation, has its principal place of

23  business in Cupertino, California, transacts business in this District, has subjected

24  itself to this Court's jurisdiction through such activity, and a substantial part of the

1 events and omissions giving rise to the claim occurred in this District.

2 Accordingly, venue is proper in this District under 28 U.S.C. § 1391.

3 **III.  PARTIES**

4        8.      Plaintiff Aram Hovsepian is a natural person and resident of Sunny

5 Isles Beach, Florida, who purchased an iMac in October 2006, and in March 2008,

6 had vertical lines begin to appear on his display screen.

7        9.      As stated, defendant Apple is a California corporation with its

8 principal place of business in Cupertino, California.

9 **IV.  FACTS**

10        10.     This case arises out of Apple's failure to disclose material facts

11 regarding the risk that vertical lines would appear on iMac display screens.

12        11.     Vertical lines on LCD screens are the result of a bad transistor or

13 connection on the back of the screen, a manufacturing and/or design defect.

14        12.     Apple failed to warn consumers about the common design and

15 manufacturing defects with iMac display screens, and failed to warn about the risk

16 that iMac display screens would develop unwanted vertical lines.  Instead Apple

17 remained silent knowing its iMac display screens would malfunction while

18 consumers purchased iMacs, made warranty claims arising from the vertical lines

19 on the display screens, and made out of warranty repairs related to the vertical line

20 problem.

21 **V.  CLASS ACTION ALLEGATIONS**

22        13.     Plaintiff brings this action as a class action for equitable, injunctive

23 and declaratory relief, as well as monetary relief pursuant to Rule 23 on behalf of

24 the following class:

All persons and entities who purchased, not for resale, an

Apple iMac/s.

Excluded from the Class are Apple; any entity in which it has a controlling

interest; any of its parents, subsidiaries, affiliates, officers, directors, employees

and members of their immediate families; and members of the federal judiciary.

14.   The members of the Classes are readily ascertainable but are so

numerous that joinder is impracticable. The exact number and names of the

members of the Class are presently unknown to Plaintiff, but can be ascertained

readily through appropriate discovery.  Plaintiff believes that there are thousands

of members of the Class whose names and addresses may be readily discovered

upon examination of the records in the custody and control of Apple.

15.   There are questions of law and fact common to the Class.  Defendant

pursued a common course of conduct toward the Class as alleged.  This action

arises out of a common nucleus of operative facts.  Common questions include but

are not limited to:

    (a)   Whether Apple iMac display screens have a latent defect;

    (b)   Whether Apple iMac display screens have a latent defect

        that is common to Apple iMacs;

    (c)   Whether the latent defect manifests as vertical lines that

        appear on iMac display screens;

    (d)   Whether Apple has denied warranty claims arising from

        the latent defect when that defect has manifested;

    (d)   Whether Defendant's conduct constitutes deceptive,

unfair and/or oppressive conduct as defined under the

California Unfair Business Practices Act (CUBPA) (Cal.

Bus. & Prof. Code §17200 *et seq.*),

    (e)    Whether Defendant was unjustly enriched by its scheme;

    (e)    Whether Plaintiff and Class have been damaged, and if

            so, in what amount?

16.    Plaintiff's claim is typical of the claims of other members of the Class. Plaintiff purchased an iMac from Defendant, and Plaintiff was denied a warranty claim arising from vertical lines on the display screen charged.

17.    Plaintiff will fairly and adequately represent and protect the interests of the Class, and common issues of law and fact predominate.

18.    Plaintiff has retained counsel competent and experienced in prosecuting complex consumer class actions.

19.    Class certification is appropriate because Defendant has acted, or refused to act, on grounds generally applicable to the Classes, making class-wide equitable, injunctive, declaratory and monetary relief appropriate. In addition, the prosecution of separate actions by or against individual members of the Class would create a risk of incompatible standards of conduct for Defendant and inconsistent or varying adjudications for all parties. A class action is superior to other available methods for the fair and efficient adjudication of this action.

## VI.   CALIFORNIA'S SUBSTANTIVE LAW APPLIES TO THE PROPOSED NATIONWIDE CLASS

20.    California's substantive laws apply to the proposed Nationwide Class, as defined herein, and Plaintiff properly brings this Complaint in this District.

21.     California's substantive laws may be constitutionally applied to the claims of Plaintiff and the Nationwide Class under the Due Process Clause, 14th Amend., § 1, and the Full Faith and Credit Clause, art. IV., § 1, of the U.S. Constitution.  California has significant contact, or significant aggregation of contacts, to the claims asserted by Plaintiff and all Class members, thereby creating state interests that ensure that the choice of California state law is not arbitrary or unfair.

22.     Defendant's United States headquarters and principal place of business is located in California.  Defendant also own property and conduct substantial business in California, and therefore California has an interest in regulating Defendant's conduct under its laws.  Defendant's decision to reside in California and avail itself of California's laws, and to engage in the challenged conduct from and emanating out of California, renders the application of California law to the claims herein constitutionally permissible.

23.     California is also the State from which Defendant's alleged misconduct emanated.  This conduct similarly injured and affected all Plaintiffs and Class members residing in the United States.  For instance, Defendant's marketing efforts relating to personal computer sales were created and orchestrated from its headquarters in California.  More specifically, California has the following significant contacts to the claims of Plaintiffs and Class members:

    (a)     California serves as the headquarters for Apple's marketing and sales in the United States and provides all sales support;

    (b)     Upon information and belief, all corporate decisions

1               regarding the iMac, iMac screens and iMac screen

2               warranty claims were directed by, or emanated from,

3               Apple representatives working in California or directly

4               reporting to superiors situated in California.

5   24.     The application of California laws to the Nationwide Class is also

6 appropriate under California's choice of law rules because California has

7 significant contacts to the claims of the Plaintiffs and the proposed Nationwide

8 Class, and California has a greater interest in applying its laws here than any other

9 interested state.

10 **VII.  CAUSES OF ACTION**

11 <u>**FIRST CAUSE OF ACTION**</u>

12 **(Violations of the California Unfair Business Practices Act**

13 **and California Consumers Legal Remedies Act)**

14   25.     Plaintiff repeats and realleges the allegations of the prior paragraphs,

15 as if fully set forth herein.

16   26.     At all times relevant hereto, there was in full force and effect the

17 California Consumers Legal Remedies Act (CCLRA), Cal. Civ. Code § 1750, *et*

18 *seq.*, and the California Unfair Business Practices Act (CUBPA), California

19 Business and Professions Code § 17200, *et seq.*, which prohibit deceptive,

20 fraudulent and unfair business acts and practices.[2]

21   27.     Plaintiff and other Class members are consumers within the meaning

22

23     [2] If the California act does not apply to non-California class members, then the consumer fraud claims of absent, non-California Class members are brought under the consumer protection statute(s) of their respective states. *See e.g.*, Fla. Stat. Ann. § 501.201 *et seq.* (Florida); 815 ILCS § 505/1 *et seq.* (Illinois); Mich. Stat. Ann. § 19.418(1) *et seq.* (Michigan); Mo. Rev. Stat. § 407.010 *et seq.* (Missouri); N.Y. Gen.

24 Bus. Law. § 349 *et seq.* (New York); N.C. Gen. Stat. § 75-1 *et seq.* (North Carolina); Ohio Rev. Code Ann. § 1345.01 *et seq.* (Ohio); Wash. Rev. Code § 19.86.010 *et seq.* (Washington)

        CLASS ACTION COMPLAINT

of the CCLRA and CUBPA given that Defendant's business activities involve trade or commerce, are addressed to the consumer market generally and otherwise implicate consumer protection concerns.

28. Defendant intended that Plaintiff and the Class would rely on its deception by purchasing iMacs and not challenging warranty denials, unaware of the material facts described above. This conduct constitutes consumer fraud, an unfair business practice and violation of the CCLRA.

29. Defendant has committed deceptive acts or practices within the meaning of the CUBPA by engaging in the acts and practices alleged herein.

30. Defendant's conduct alleged herein is further unfair insofar as it offends public policy; is so oppressive that the consumer has little alternative but to submit; and causes consumers substantial injury.

31. Defendant's conduct adversely affects the public interest and is a proximate cause of injury and money damages to Plaintiff Class in an amount to be proven at trial. Defendant is liable to Plaintiff Class for all appropriate damages allowed under the law, costs and attorneys' fees, including as private attorney generals under Cal. Code Civ. Proc. §1021.5

WHEREFORE, Plaintiff Hovsepian, individually and on behalf of the California Class described herein, prays for relief as more fully set forth below.

## SECOND CAUSE OF ACTION

### (Breach of Implied Warranty of Merchantability)

32. Plaintiff repeats and realleges the allegations of the prior paragraphs, as if fully set forth herein.

33. The Apple iMacs were defectively made, having left Defendant' manufacturing facilities with defective display screens.

34. At all times relevant hereto, there was duty imposed by law which requires that a manufacturer or seller's product be reasonably fit for the purposes for which such products are used, and that product be acceptable in trade for the product description.

35. Notwithstanding the aforementioned duty, at the time of delivery, Apple iMacs sold to Plaintiff and the Class were not merchantable.

36. As documented in its own business records and elsewhere, Defendant was notified that its iMac computers, specifically the display screens were not merchantable.

37. As a result of the non-merchantability of the Apple iMac computers described herein, Plaintiff and other members of the Class sustained a loss or damages.

WHEREFORE, Plaintiff Hovsepian, individually and on behalf of the California Class described herein, prays for relief as more fully set forth below.

### THIRD CAUSE OF ACTION

### (Unjust Enrichment (alternative claim))

38. Plaintiff repeats and realleges the allegations of the prior paragraphs, as if fully set forth herein.

39. Plaintiff and the Class have conferred benefits on Defendant by paying the purchase price for iMacs and/or by paying for repairs to iMacs to correct vertical line problems in the display screens.

40. Defendant knowingly and willingly accepted these monetary benefits from Plaintiff and the Class.

41. Under these circumstances, it is inequitable for Defendant to retain these benefits at the expense of Plaintiff and the Class.

42. Defendant has been unjustly enriched at the expense of and detriment to Plaintiff and the Class by wrongfully collecting money to which Defendant, in equity, is not entitled.

43. Plaintiff and the Class are entitled to recover from Defendant all amounts wrongfully collected and improperly retained by Defendant, plus interest thereon.

44. As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and the Class have suffered injury and are entitled to reimbursement, restitution and disgorgement from Defendant of the benefits conferred by Plaintiffs and the Classes.

45. Plaintiffs and the Classes have no adequate remedy at law.

46. Plaintiffs seek to obtain a pecuniary benefit for the Classes in the form of all reimbursement, restitution and disgorgement from Defendant. Plaintiffs' counsel are entitled to recover their reasonable attorneys' fees and expenses as a result of the conference of a pecuniary benefit on behalf of the Classes, and will seek an award of such fees and expenses at the appropriate time.

47. As a direct and proximate result of Defendant's misconduct as set forth above, Defendant has been unjustly enriched.

WHEREFORE, Plaintiff, individually and on behalf of the Classes of persons described herein, pray for an Order as follows:

CLASS ACTION COMPLAINT

A.   Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a) and (b)(3), and certifying the Class defined herein;

B.   Designating Plaintiff as representative of the Class and his counsel as Class counsel;

C.   Entering judgment in favor of Plaintiff and the Class and against Defendant;

D.   Awarding Plaintiff and members of the Class their individual damages and attorneys' fees and allowing costs, including interest thereon; and/or restitution and equitable relief; and

E.   Granting such further relief as the Court deems just.

## FOURTH CASUE OF ACTION

### (Declaratory Relief Pursuant To 28 U.S.C. § 2201)

48.   Plaintiff repeats and realleges the allegations of the prior paragraphs, as if fully set forth herein.

49.   There is an actual controversy between Apple and the Class concerning the validity of the time limitations in the warranty on iMac screen displays showing vertical lines

50.   Pursuant to 28 U.S.C. § 2201 this Court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

51.   Apple has wrongfully denied warranty claims as untimely or based on other grounds despite the root cause of the vertical lines being a manufacturing and/or design defect as described herein.

1    52.    Accordingly, Plaintiff seeks a declaration that the Apple iMac screen

2    display warranties regarding the one year time limitation on manufacturing defects

3    in material or workmanship are void, invalid and not enforceable.

4        WHEREFORE, Plaintiff, individually and on behalf of the Class of persons

5    described herein, prays for an Order as follows:

6    A.    Finding that this action satisfies the prerequisites for maintenance as a

7          class action set forth in Fed. R. Civ. P. 23(a) and (b)(3), and certifying

8          the Class defined herein;

9    B.    Designating Plaintiff as representative of the Class and his counsel as

10          Class counsel;

11    C.    Entering judgment in favor of Plaintiff and the Class and against

12          Defendant;

13    D.    Awarding Plaintiff and members of the Class their individual damages

14          and attorneys' fees and allowing costs, including interest thereon;

15          and/or restitution and equitable relief;

16    E.    Compelling Defendant to establish a program to replace and repair

17          defective iMac displays;

18    F.    Compelling Defendant to establish a program to reimburse its

19          warranty claims previously denied or paid in part, reimburse iMac

20          owners who have had to pay to repair and/or replace defective iMac

21          displays; and

22    G.    Granting such further relief as the Court deems just.

23

24    / / /

## VIII. JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: December 30, 2008

Respectfully Submitted,
ARAM HOVSEPIAN


By: /s/
JONATHAN SHUB (SBN 237708)
**SEEGER WEISS LLP**
1515 Market Street, Suite 1380
Philadelphia, Pennsylvania 19102
(215) 564-2300


## ADDITIONAL COUNSEL

David R. Buchanan
**SEEGER WEISS LLP**
One Williams Street
New York, NY 10004
(212) 584-0700

Eric D. Freed (SBN 164526)
George K. Lang
Michael J. Lotus
**FREED & WEISS LLC**
111 W. Washington St., Suite 1331
Chicago, Illinois 60602
(312) 220-0000


Michael J. Boni
**BONI & ZACK, LLC**
16 St. Asaphs Road
Bala Cynwyd, PA 19004
(610) 822-200

Michael D. Donovan
**DONOVAN SEARLES, LLC**
1845 Walnut Street
Suite 1100
Philadelphia, PA 19103
(215) 732-6067

Richard J. Burke
**RICHARD J. BURKE LLC**
1010 Market Street, Suite 650
St. Louis, Missouri 63101
(314) 621-8647