DAVID M. WALSH (SB# 120761)  davidwalsh@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

THOMAS A. COUNTS (SB# 148051)  tomcounts@paulhastings.com
T. LEE KISSMAN (SB# 233434)  leekissman@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA  94105-3441
Telephone:  (415) 856-7000
Facsimile:  (415) 856-7100

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARAM HOVSEPIAN, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>APPLE INC.,<br><br>        Defendant. | CASE NO. C 08-05788 JF<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    April 24, 2009<br>Time:    9:00 a.m.<br>Dept.:   Courtroom 3, 5th Floor<br><br>Complaint Filed:  December 31, 2008 |

Dockets.Justia.com

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................... 1

II. SUMMARY OF ALLEGATIONS ............................................................................ 2

III. LEGAL ARGUMENT .............................................................................................. 3

    A. Standard of Review ............................................................................................ 3

    B. Plaintiff's First Cause of Action Fails to State a Claim ................................... 4

        1. Plaintiff's CLRA and UCL Claims Must be Dismissed Because the
           Complaint Fails to Allege a Duty to Disclose............................................ 4

        2. Plaintiff Has Not Adequately Alleged a Claim Under the
           Alternative Prongs of the UCL .................................................................. 7

           a. Plaintiff Has Not Adequately Alleged a Claim Under the
               "Unlawful" Prong of the UCL ........................................................ 7

           b. Plaintiff Has Not Adequately Alleged a Claim Under the
               "Unfair" Prong of the UCL............................................................ 8

        3. Procedural Inadequacies Mandate Dismissal of Plaintiff's CLRA
           Claim .......................................................................................................... 9

           a. Plaintiff Failed to Timely Serve Demand Letter........................... 10

           b. Plaintiff Failed to File the Required Venue Affidavit................... 11

    C. Plaintiff's Second Cause of Action for Breach of Implied Warranty of
       Merchantability Should be Dismissed Because the Warranty Was
       Disclaimed and the Alleged Defects Manifested Outside the Warranty
       Period ................................................................................................................ 11

        1. Apple Expressly Disclaimed the Implied Warranty of
           Merchantability ......................................................................................... 11

         2. Any Implied Warranty Expired Before Plaintiff Experienced Issues ....... 12

**TABLE OF CONTENTS**
(continued)

Page

D.   Plaintiff's Third Cause of Action for Unjust Enrichment Must be
Dismissed Because the Complaint Fails to Allege Any Misconduct................... 14

E.   Plaintiff's Fourth Cause of Action for Declaratory Relief Must be
Dismissed Because There is No Actual Controversy ........................................ 14

F.   Plaintiff's First Cause of Action is Fatally Uncertain ......................................... 15

IV.   CONCLUSION: DISMISSAL WITH PREJUDICE IS APPROPRIATE....................... 15

<u>**CASES**</u>

*555 M Mfg., Inc. v. Calvin Klein, Inc.*,
    13 F. Supp. 2d 719 (N.D. Ill. 1998) ................................................................................ 3, 15

*Atkinson v. Elk Corp. of Texas*,
    142 Cal. App. 4th 212 (2006) ................................................................................................ 14

*Balistreri v. Pacifica Police Dep't.*,
    901 F.2d 696 (9th Cir. 1990) ................................................................................................... 3

*Bardin v. DaimlerChrysler Corp.*,
    136 Cal. App. 4th 1255 (2006) ................................................................................... *passim*

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955 (2007) .................................................................................... 3

*Cattie v. Wal–Mart Stores, Inc.*,
    504 F. Supp. 2d 939 (S.D. Cal. 2007) .................................................................................. 10

*Daugherty v. American Honda Motor Co., Inc.*,
    144 Cal. App. 4th 824 (2006) ...................................................................................... *passim*

*Eminence Capital, LLC v. Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2003) ............................................................................................... 15

*Ghirardo v. Antonioli*,
    14 Cal. 4th 39 (1996) ............................................................................................................ 14

*Glenn K. Jackson Inc. v. Roe*,
    273 F.3d 1192 (9th Cir. 2001) ................................................................................................. 8

*Hoey v. Sony Elecs. Inc.*,
    515 F. Supp. 2d 1099 (N.D. Cal. 2007) ........................................................................ *passim*

*Jenkins v. Commonwealth Land Title Ins. Co.*,
    95 F.3d 791 (9th Cir. 1996) ................................................................................................... 15

*Khoury v. Maly's of California, Inc.*,
    14 Cal. App. 4th 612 (1993) ............................................................................................... 7, 8

*Laster v. T-Mobile USA, Inc.*,
    407 F. Supp. 2d 1181 (S.D. Cal. 2005) ................................................................................ 10

*Long v. Hewlett-Packard Co.*,
    No. C-06-02816 JW, 2007 U.S. Dist LEXIS 79262 (N.D. Cal. July 27, 2007) ............. 6, 7, 13

*Melchior v. New Line Productions, Inc.*,
  106 Cal. App. 4th 779 (2003) ............................................... 14

*Oestreicher v. Alienware Corp.*,
  544 F. Supp. 2d 964 (N.D. Cal. 2008) ........................... *passim*

*Outboard Marine Corp. v. Super. Ct.*,
  52 Cal. App. 3d 30 (1975)..................................................... 10

*Scripps Clinic v. Super. Ct.*,
  108 Cal. App. 4th 917 (2003) ................................................. 8

*Siemens Credit Corp. v. Newlands*,
  905 F. Supp. 757 (N.D. Cal. 1994) ...................................... 11

*Temple v. Velcro USA, Inc.*,
  148 Cal. App. 3d 1090 (1983).......................................... 12, 13

*United Public Workers v. Mitchell*,
  330 U.S. 75 (1947) ............................................................... 14

*Vance v. County of Santa Clara*,
  928 F. Supp. 993 (N.D. Cal. 1996) ........................................ 4

*Vess v. Ciba–Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003)............................................... 15

*Von Grabe v. Sprint PCS*,
  312 F. Supp. 2d 1285 (S.D. Cal. 2003) ................................. 10

*Washington v. Baenziger*,
  673 F. Supp. 1478 (N.D. Cal. 1987) ....................................... 3

*Williams v. Alioto*,
  549 F.2d 136 (9th Cir. 1977)................................................. 14

## STATUTES AND RULES

15 U.S.C. § 2308(b) ................................................................. 14

28 U.S.C. § 2201 ..................................................................... 14

Federal Rule of Civil Procedure 9(b) ...................................... 16

Federal Rule of Civil Procedure 12(b)(6) ................................. 3

-iv-

Federal Rule of Civil Procedure 12(e) ........................................................................ 15

California Bus. & Prof. Code § 17200 *et seq.*.................................................... 1, 7, 15

California Civil Code § 1750 *et seq.* ......................................................................... 1

California Civil Code § 1780(d) ............................................................................... 11

California Civil Code § 1782 .................................................................................... 10

California Civil Code § 1791.1(c)............................................................................. 13

California Commercial Code § 2316 ........................................................................ 11

## <u>OTHER AUTHORITIES</u>

2 Moore's Federal Practice § 12.36 [3] (3rd ed. 2008)................................................ 4

Rutter, Bus. & Prof. Code § 17200 Practice (2008) ................................................ 11

# NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on April 24, 2009 at 9:00 a.m. in Courtroom 3 of the United States District Court for the Northern District of California, San Jose Division, located at 280 South First Street, San Jose, California 95113, before the Honorable Judge Jeremy Fogel, Defendant Apple Inc. ("Apple") will and hereby does move to dismiss Plaintiff's purported Class Action Complaint ("Complaint"), or alternatively, moves for a more definite statement.

This Motion is based on Federal Rules of Civil Procedure 12(b)(6) and 12(e); this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; Apple's Request for Judicial Notice and the Declaration of T. Lee Kissman, filed concurrently herewith; the Complaint; and the pleadings, papers and other documents on file in this action along with any evidence and argument presented at the hearing in this matter.

## STATEMENT OF ISSUES

1.     Whether the First Cause of Action for violations of the CLRA and UCL fails to state a claim because, under *Daugherty* and its progeny, the Complaint fails to allege a duty to disclose.

2.     Whether the First Cause of Action for violation of the UCL should be dismissed because Plaintiff fails to plead facts sufficient to state a claim under the "fraudulent," "unlawful," or "unfair" prong of the UCL.

3.     Whether the First Cause of Action for violation of the CLRA fails to state a claim because Plaintiff failed to timely serve a demand letter or a venue affidavit.

4.     Whether the Second Cause of Action for Breach of the Implied Warranty of Merchantability fails to state a claim because Apple expressly disclaimed the implied warranty of merchantability and because any implied warranty expired before Plaintiff experienced issues with his iMac LCD display screen.

5.     Whether the Third Cause of Action for Unjust Enrichment fails to state a claim because the Complaint fails to allege any misconduct resulting in Apple's enrichment.

6.     Whether the Fourth Cause of Action for Declaratory Relief fails to state a claim because there is no actual controversy.

7.     Whether the First Cause of Action for violations of the CLRA and UCL is fatally uncertain because it fails to specify which of the three prongs under the UCL that Apple is alleged to have violated, fails to state which cause(s) of action Plaintiff is pursuing, and fails to state the specific alleged conduct that corresponds with each cause of action.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

More than two years ago, Plaintiff Aram Hovsepian purchased an Apple iMac computer.  The computer came with Apple's express, one-year limited warranty, which provided that Apple would repair defects in workmanship or material at no cost to the consumer during the period of the limited warranty.  By the terms of this express warranty, the duration of the alleged implied warranties, if any even apply, was co-extensive with the one-year duration of Apple's express warranty.  Plaintiff's own Complaint establishes that his computer functioned without issue during the warranty period and **until after the warranty expired**.

Now, almost a year and one-half after the limited express warranty and any implied warranties expired, Plaintiff complains that his computer's LCD display no longer functions properly because of the appearance of vertical lines.  Although Plaintiff's claims are based on a performance issue that Plaintiff concedes first arose after the warranty period, Plaintiff purports to allege claims for breach of implied warranties; violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* (the "UCL") and Consumers Legal Remedies Act, Civil Code § 1750 *et seq.* (the "CLRA"); unjust enrichment and declaratory relief on behalf of himself and a putative class of all purchasers of Apple iMac computers.

Each claim brought by Plaintiff is meritless and must be dismissed.  Because the Complaint alleges that the defect manifested itself long after the express warranty and any implied warranties expired,  Plaintiff's CLRA, UCL and implied warranty claims fail as a matter of law under *Daugherty v. American Honda Motor Co., Inc.,* 144 Cal. App. 4th 824, 829 (2006), and the decisions of this Court applying *Daugherty*, which hold:

- Product malfunctions arising outside of the warranty period are not actionable under either contractual or statutory warranty theories; and

- No viable claim for unlawful or unfair business practices, false advertising or concealment may be stated regarding a product that functions as represented during the express warranty period.

Notably, there are no allegations in the Complaint that Apple made any

misrepresentations regarding the iMac. There are no allegations that Apple made any representation whatsoever about its iMac display screens, let alone a representation that would give rise to a further duty to disclose alleged malfunctions that occur after the warranty expires. Nor are there any allegations that Apple has denied claims made pursuant to its express warranty.

The Court in *Daugherty* aptly identified the negative consequences of adopting the novel theories of liability advanced here by Plaintiff:

> Opening the door to plaintiffs' new theory of liability would change the landscape of warranty and product liability law in California. Failure of a product to last forever would become a 'defect,' a manufacturer would no longer be able to issue limited warranties, and product defect litigation would become as widespread as manufacturing itself.

(*Daugherty*, 144 Cal. App. 4th at 829.) Apple respectfully requests that the Court keep the door closed to Plaintiff's flawed theories and dismiss **with prejudice** each of Plaintiff's four causes of action.

## II. <u>SUMMARY OF ALLEGATIONS</u>

Apple designs, manufactures and sells personal computers, including the iMac desktop computer. (Class Action Complaint ("Cmplt.") at ¶ 1 & n.1.) Apple provides a limited, one-year express warranty for the iMac. (Declaration of T. Lee Kissman ("Kissman Decl."), Ex. A at p. 1, filed concurrently herewith.) This express warranty specifically excludes any implied warranties, including the implied warranty of merchantability, and, in the alternative, limits the duration of any implied warranties, if applicable, to the one-year duration of the express warranty. *Id.* at p. 3.

Plaintiff alleges that he purchased an iMac in October 2006. (Cmplt. at ¶ 8.) Plaintiff further alleges that vertical lines began to appear on the LCD display screen of his iMac in March 2008 — at least four months after the expiration of all warranties. *Id.* Plaintiff does not allege he was denied warranty service by Apple during his first year of ownership, nor does he contend Apple breached its one-year limited warranty. To the contrary, Plaintiff alleges that he and the class suffered harm only after Apple's limited warranty expired. *Id.* According to the Complaint, the "[v]ertical lines on LCD screens are the result of a bad transistor or connection on

the back of the screen, a manufacturing and/or design defect." (*Id.* at ¶ 11.)  In addition, Plaintiff

alleges that Apple was aware of this alleged "latent defect and its propensity to manifest" (*id.* at ¶

3); that Apple "failed to warn" consumers about iMac design and manufacturing defects (*id.* at ¶

12); and that Apple "fail[ed] to disclose material facts regarding the risk that vertical lines would

appear on iMac display screens" (*Id.* at ¶ 10).  Plaintiff also alleges that Apple denied Plaintiff's

warranty claim after the vertical lines appeared in March 2008, at least four months after his

one-year warranty had expired.  (*Id.* at ¶ 16.)

## III.  LEGAL ARGUMENT

### A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) requires dismissal if a Complaint lacks

sufficient facts to support the alleged claim or fails to assert a cognizable theory.  *Balistreri v.*

*Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990); *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 127 S. Ct. 1955, 1974 (2007) (motion to dismiss should be granted if a plaintiff fails to

allege "enough facts to state a claim to relief that is plausible on its face.").  Allegations of

material fact are construed in the light most favorable to the plaintiff; however, the court need not

"accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact

or unreasonable inferences."  *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 968 (N.D.

Cal. 2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) and

*Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)).  Apple moves to

dismiss, with prejudice, each of the four causes of action because the Complaint does not, and

under California law cannot, plead facts sufficient to state a claim against Apple.

In addition, Federal Rule of Civil Procedure 12(e) provides that, where the

allegations of a Complaint are so vague and unintelligible that the defendant is incapable of

framing a responsive pleading, the appropriate remedy is a motion for a more definite statement.

*Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996); *Washington v.*

*Baenziger*, 673 F. Supp. 1478, 1483 (N.D. Cal. 1987).  Although the pleading requirements of the

Federal Rules of Civil Procedure are intended only to provide notice to the opposing party of

claims and defenses, a more definite statement is required where a defendant "can only guess as

APPLE INC.'S MOTION TO DISMISS

to what conduct and contract(s) [an] allegation refers." *555 M Mfg., Inc. v. Calvin Klein, Inc.*, 13 F. Supp. 2d 719, 724 (N.D. Ill. 1998) (internal quotations omitted); *see also* 2 MOORE'S FEDERAL PRACTICE § 12.36[3] (citing *Moore v. Fidelity Fin. Servs., Inc.*, 869 F. Supp. 557, 560-61 (N.D. Ill. 1994)).  Apple moves for a more definite statement as to the First Cause of Action because, as pleaded, this claim is a vague and unintelligible hybrid of multiple causes of action.

### B.   <u>Plaintiff's First Cause of Action Fails to State a Claim.</u>

To the extent that the Court interprets the First Cause of Action to allege both a claim under the CLRA and a claim under the UCL[1], the Complaint fails to adequately plead either cause of action for three reasons.  First, California courts consistently dismiss with prejudice CLRA and UCL claims based on an alleged failure to disclose where the Complaint fails to show a duty to disclose.  Second, Plaintiff has not adequately alleged a claim under the "fraud," "unlawful," or "unfair" prong of the UCL.  Finally, Plaintiff's CLRA claim must be dismissed due to procedural inadequacies.

### 1.   Plaintiff's CLRA and UCL Claims Must be Dismissed Because the Complaint Fails to Allege a Duty to Disclose.

Plaintiff's CLRA and UCL claims are not based on an affirmative misrepresentation.  Rather, Plaintiff alleges that Apple violated the UCL by failing to disclose material facts.  (Cmplt. at ¶ 10 ("This cases arises out of Apple's failure to disclose material facts regarding the risk that vertical lines would appear on iMac display screens."); *see also* Cmplt. at ¶ 12 ("Apple remained silent knowing its iMac display screens would malfunction while consumers . . . made out of warranty repairs related to the vertical line problem.").  Under California law, such allegations are insufficient to state a claim under the CLRA and the UCL because Plaintiff fails to allege any facts giving rise to a duty to disclose.

In *Daugherty v. American Honda Motor Co., Inc.,* 144 Cal. App. 4th 824 (2006), the plaintiff made similar claims.  The plaintiff filed a nationwide class action lawsuit against American Honda Motor Corporation alleging that its F22 engine had a defect that, over time, resulted in dislodgement of an oil seal.  *Id.* at 827.  The complaint alleged that Honda, despite

---

[1] See Section III. F., *infra*, for discussion of the defects that render the First Cause of Action fatally uncertain.

knowledge of the defect, failed to disclose that the engines had this defect. *Id.* at 833. Affirming the trial court's dismissal, the Court of Appeal confirmed that "to be actionable [under the CLRA] the omission [of a fact] must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." *Id.* at 835.

In explaining why the plaintiff's complaint failed to meet the governing standard, the Court held that the plaintiff failed "to identify any representation by Honda that its automobiles had any characteristic they do not have, or are of a standard or quality they are not." *Id.* at 834. Plaintiff failed to allege that Honda had ever disclosed other facts that would have the likely effect of misleading the public "'for want of communication'" of the defect. *Id.* at 836 (quoting *Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1276 (2006)). The result was the same under the plaintiff's UCL claim. Honda's failure to disclose the alleged defect, in the absence of any alleged misrepresentation, was insufficient to state a claim under the UCL. *Id.* at 838 ("We cannot agree that a failure to disclose a fact one has no affirmative duty to disclose is 'likely to deceive' anyone within the meaning of the UCL.") Accordingly, absent an alleged misrepresentation or a duty to disclose, the CLRA and UCL claims were dismissed **with prejudice**. *Id.* at 829, 840.

The court in *Bardin v. DaimlerChrysler* also dismissed CLRA and UCL claims because the complaint failed to allege an affirmative misrepresentation or facts that established a duty to disclose a defect. *Bardin*, 136 Cal. App. 4th at 1275-76. In *Bardin*, the plaintiff alleged that DaimlerChrysler chose to use less expensive tubular steel exhaust manifolds in its automobiles, that it knew the manifolds would crack and fail, and that it concealed these facts from the public. *Id.* at 1262. The court held that, "[i]n order to be deceived, members of the public must have had an expectation or an assumption about the materials used in [the defendant's] vehicle[s]." The complaint failed to allege facts sufficient to state a claim, namely, because the complaint failed to allege (1) that the public had any expectation regarding the life span of the exhaust manifold or the materials used to manufacture the exhaust manifolds; or (2) facts showing that the defendant made any representation or misrepresentation regarding its vehicle. *Id.* at 1275. The court also dismissed the plaintiff's CLRA claim based on the same

rationale. *Id.* at 1276. California courts have consistently followed the reasoning of *Daugherty* and *Bardin.* *See, e.g., Hoey v. Sony Elecs. Inc.,* 515 F. Supp. 2d 1099, 1103-05 (N.D. Cal. 2007) (dismissing CLRA and UCL claims based on alleged failure to disclose a soldering defect in defendant's computers in the absence of any alleged misrepresentation or alleged representation that the computers have characteristics they do not have); *Long v. Hewlett-Packard Co.,* No. C-06-02816 JW, 2007 U.S. Dist LEXIS 79262, at *24 (N.D. Cal. July 27, 2007) (failure to disclose defect of computer monitor, in the absence of any representation as to the life of the component or the useful life of the computer, failed to state a CLRA or UCL claim); *Oestreicher*, 544 F. Supp. 2d at 970 (dismissing CLRA and UCL claims based on defendant's alleged failure to disclose alleged defects in defendant's notebook computer).

Just as in *Daugherty* and its progeny, the Complaint here fails to allege **any** misrepresentations by Apple. Plaintiff has also failed to allege any facts that show that Apple had a duty to disclose the alleged defect. There are no allegations that Apple made any representation that the iMacs have any characteristics that they do not have. There are no allegations that Apple failed to disclose other facts that would have the effect of misleading the public "'for want of communication'" about the alleged defect. *Bardin*, 136 Cal. App. 4th at 1276. And there are no allegations of physical injury or safety concerns. Hence, the Complaint is completely devoid of any of the required allegations to state a claim under the CLRA and the UCL.

Further, there are no allegations that the public has an expectation or assumption about the lifespan of the iMac display screens. Indeed, as explained below, the duration of Apple's express warranty is one year, and Plaintiff concedes that he experienced the alleged malfunction with his iMac display screen over one year after his purchase. California and federal courts have consistently held that an alleged failure to disclose a defect that manifests after the expiration of the warranty period is insufficient to state a claim under the CLRA or UCL. *Daugherty,* 144 Cal. App. 4th at 838 ("[t]he only expectation buyers could have had about the [product] was that it would function properly for the length of Honda's express warranty, and it did.); *Hoey*, 515 F. Supp. 2d at 1105 ("[t]here is no authority that provides that the mere sale of a consumer electronics product in California can create a duty to disclose any defect that may occur

during the useful life of the product."); *Bardin,* 136 Cal. App. 4th at 1275 (allegations that defendant concealed facts regarding an alleged defect that caused premature cracking and failure, in the absence of alleged misrepresentations or allegations that the public had an expectation regarding the life span of the product, failed to state a UCL claim); *Oestreicher,* 544 F. Supp. 2d at 970 (dismissing CLRA and UCL claims "since any defects in question manifested themselves after expiration of the warranty period[.]"); *Long,* 2007 U.S. Dist LEXIS 79262, at *23-*24 (UCL claim must be dismissed since, absent any affirmative statements as to the life span of the component or computer, the consumers' only reasonable expectation is that the computer will function properly for the duration of the express warranty).

Accordingly, because the Complaint fails to allege any misrepresentation or any facts that give rise to a duty to disclose, Plaintiff's CLRA and UCL claims must be dismissed.

**2.      Plaintiff Has Not Adequately Alleged a Claim Under the Alternative Prongs of the UCL**

The UCL prohibits business practices that are "unlawful, unfair or fraudulent." Cal. Bus. & Prof. Code § 17200 *et seq.*  Plaintiff must "describe with . . . reasonable particularity the facts supporting violation."  *Khoury v. Maly's of California, Inc.,* 14 Cal. App. 4th 612, 619 (1993).  As discussed above in Part  III.B.1, under the cases of *Daugherty*, *Bardin*, *Oestreicher*, and their progeny, the Complaint fails to state a cause of action under the "fraudulent" prong of the UCL because the Complaint fails to allege any misrepresentation or a duty to disclose.

Nor can Plaintiff save his claim by relying on the "unlawful" or "unfair" prongs of the UCL.

a.      Plaintiff Has Not Adequately Alleged a Claim Under the "Unlawful" Prong of the UCL

"By proscribing unlawful business practices, the UCL borrows violations of other laws and treats them as independently actionable."  *Daugherty,* 144 Cal. App. 4th at 837. Plaintiff must describe the manner in which the allegedly unfair business practice is "unlawful."

To the extent that the First Cause of Action purports to "borrow" the CLRA as the

predicate unlawful act,[2] this claim must be dismissed. As explained above, since Plaintiff has failed to state a clam under the CLRA, a UCL claim based on an alleged violation of the CLRA also fails. *Daugherty,* 144 Cal. App. 4th at 838 (where the complaint failed to adequately allege a cause of action under the CLRA, plaintiff cannot state a violation of the UCL under the "unlawful" prong predicated on a violation of either statute). In addition, to the extent that Plaintiff's UCL claim is based on any of the other causes of action in the Complaint, the UCL claim must be dismissed since, as explained below, the remaining causes of action also fail to state a claim. *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (9th Cir. 2001) ("the breadth of § 17200 does not give a plaintiff license to 'plead around' the absolute bars to relief contained in other possible causes of action by recasting those causes of action as ones for unfair competition.") (quoting *Cel-Tech Comm., Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999)); *Hoey*, 515 F. Supp. 2d at 1105-06 (where UCL claim is predicated on other claims that fail to state a cause of action, the UCL claim also must be dismissed).

<blockquote>

b.  Plaintiff Has Not Adequately Alleged a Claim Under the "Unfair" Prong of the UCL

</blockquote>

UCL claims alleging "unfair" business practices must plead either: (1) that the conduct "is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers"; or (2) that the "public policy which is a predicate to [the action is] tethered to specific constitutional, statutory, or regulatory provisions." *Bardin*, 136 Cal. App. 4th at 1260-61 (citing *Smith v. State Farm Mutual Auto. Ins. Co.*, 93 Cal. App. 4th 700, 718-19 (2001) and *Scripps Clinic v. Super. Ct.*, 108 Cal. App. 4th 917 (2003)). Here, Plaintiff fails to satisfy either test.

In *Bardin*, the court held that the plaintiff failed to state a cause of action under the "unfair" prong of the UCL where the complaint "alleged an impact on plaintiffs in the form of the cost for the repair or replacement" of the product after an indeterminate amount of use. *Bardin,* 136 Cal. App. 4th at 1270. Further, the court ruled that the use of component parts that the

---

[2] The Complaint blurs UCL and CLRA allegations into one "hybrid" cause of action that does not state with any specificity which law forms the basis of Plaintiff's UCL claim or which conduct is alleged to violate which law. This failure alone should mandate dismissal. *Khoury*, 14 Cal. App. 4th at 616.

defendant allegedly knew could prematurely crack and fail does not support the conclusion that such conduct is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers" under the UCL. *Id.* at 1270; *see also Hoey,* 515 F. Supp. 2d at 1105 ("the California Supreme court has stated the general public policy that a consumer can be 'fairly charged with the risk that the product will not match his economic expectations unless the manufacturer agrees that it will.'") (quoting *Seely v. White Motor Co*., 63 Cal. 2d 9, 18 (1965)).  Finally, the court held that the alleged use of less expensive component parts that required earlier repair or replacement was not "tethered to any constitutional, statutory, or regulatory provision." *Bardin*, 136 Cal. App. 4th at 1273.  Accordingly, the court dismissed the plaintiff's UCL claim with prejudice.

California and federal courts have consistently followed this reasoning. *Daugherty,* 144 Cal. App. 4th at 839 (dismissing plaintiff's UCL claim with prejudice because "the failure to disclose a defect that might, or might not, shorten the effective life span of an automobile part that functions precisely as warranted throughout the term of its express warranty cannot be characterized as causing a substantial injury to consumers, and accordingly does not constitute an unfair practice under the UCL."); *see also Oestreicher,* 544 F. Supp. 2d at 973 (dismissing UCL claim based on alleged failure to disclose a latent defect that manifested after the expiration of the warranty).

Likewise here, the alleged impact on the Plaintiff is the cost for repair or replacement resulting from an alleged defect that manifested after the expiration of the express, limited warranty.  (Cmplt. at ¶¶ 8, 52(F).)  As a matter of law, this allegation fails to state a cause of action under the "unfair" prong of the UCL.  *Bardin,* 136 Cal. App. 4th at 1269.  Accordingly, the Court should dismiss Plaintiff's UCL claim with prejudice.

### 3. Procedural Inadequacies Mandate Dismissal of Plaintiff's CLRA Claim

The First Cause of Action attempts to plead an independent claim for damages based on a violation of the CLRA.  The claim must be dismissed because Plaintiff failed to timely notify Apple of the alleged violation and failed to attach the required venue affidavit to the Complaint, as required under the CLRA.

a.          <u>Plaintiff Failed to Timely Serve Demand Letter</u>

California Civil Code section 1782 requires that, at least thirty days prior to filing a CLRA action for damages, the consumer must notify the potential defendant of the alleged violations and demand that the defendant rectify the problem.  The purpose of this demand letter is to facilitate pre-complaint settlements.  *Outboard Marine Corp. v. Super. Ct.*, 52 Cal. App. 3d 30, 41 (1975).  Failure to timely serve a demand letter requires dismissal of the CLRA damages claim **with prejudice**.  *Id.* (the clear purpose of the CLRA "may only be accomplished by a literal application of the notice provisions"); *see also Cattie v. Wal–Mart Stores, Inc.*, 504 F. Supp. 2d 939, 949-950 (S.D. Cal. 2007) (holding that "compliance with this requirement is necessary to state a claim" and dismissing CLRA claim **with prejudice** where "Plaintiff claimed damages without giving Defendants the statutorily required opportunity for settlement"); *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1196 (S.D. Cal. 2005) (dismissing CLRA claim **with prejudice**, noting that California law does not distinguish between inadvertence or willful disregard of the notice requirement, and holding that "[s]trict adherence to [section 1782's] notice provision is required to accomplish the Act's goals of expeditious remediation before litigation."); *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1303-04 (S.D. Cal. 2003) (granting motion to dismiss CLRA claim **with prejudice** because plaintiff failed to serve a timely demand letter).

Here, Plaintiff seeks damages under the First Cause of Action based on alleged violations of the CLRA.  (Cmplt. at ¶¶ 31, 52(D).)  But Plaintiff fails to allege that he submitted a demand letter thirty days prior to filing this action.  Nor does Plaintiff attach a copy of the required demand letter to the Complaint.  That is because he cannot.  Plaintiff completely failed to timely satisfy this requirement.  Moreover, Plaintiff "cannot cure this deficiency by amendment." *Cattie*, 504 F. Supp. 2d at 950 (dismissing CLRA claim with prejudice because plaintiff first claimed for damages and then gave notice).  Accordingly, the First Cause of Action must be dismissed with prejudice.

          b.          <u>Plaintiff Failed to File the Required Venue Affidavit</u>

California Civil Code section 1780(d) requires that a plaintiff who commences an action under the CLRA must file an affidavit "concurrently with the filing of the complaint"

stating "facts showing that the action has been commenced in a county described in this section as a proper place for the trial of the action." Plaintiff's failure to file this affidavit concurrently with the Complaint mandates dismissal. *Id.* (if the plaintiff fails to file the required affidavit, "the court shall, upon its own motion or upon motion of any party, dismiss the action without prejudice."); *see also,* Rutter, Bus. & Prof. Code § 17200 Practice, § 10:82 (2008).

Here, the Complaint fails to attach any affidavit, let alone one that complies with California Civil Code section 1780(d). The statute is clear and unambiguous. The Court "shall" dismiss the action.

**C. Plaintiff's Second Cause of Action for Breach of Implied Warranty of Merchantability Should be Dismissed Because the Warranty Was Disclaimed and the Alleged Defects Manifested Outside the Warranty Period.**

Plaintiff's Second Cause of Action must be dismissed with prejudice because the parties' agreement disclaims the implied warranty of merchantability, and even if it did not, the alleged defect manifested after the express warranty and any implied warranties had expired.

**1. Apple Expressly Disclaimed the Implied Warranty of Merchantability**

California Commercial Code section 2316 provides that the implied warranty of merchantability may be disclaimed if the disclaimer language mentions the term "merchantability" and is conspicuous. Cal. Com. Code § 2316 ("to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous[.]")

As a matter of law, a disclaimer is conspicuous if it is in larger type. *Siemens Credit Corp. v. Newlands*, 905 F. Supp. 757, 765 (N.D. Cal. 1994) (where disclaimer appeared in paragraph six of the document and was set off in contrasting type, the disclaimer "plainly [met] the California U.C.C. definition of 'conspicuous.'"). Since interpretation of a written document is a question of law, the Court may determine that Apple's disclaimer is effective and therefore should dismiss the Second Cause of Action as a matter of law. *Temple v. Velcro USA, Inc.*, 148 Cal. App. 3d 1090, 1095 (1983).

Here, the express warranty for the iMac is included with the computer and is posted on Apple's website and specifically provides, in contrasting type (all capital letters):

EXCLUSIONS AND LIMITATIONS
. . . .
AS PERMITTED BY APPLICABLE LAW, APPLE SPECIFICALLY DISCLAIMS ANY AND ALL STATUTORY OR IMPLIED WARRANTIES, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY . . . .

(Kissman Decl., Ex. A, pp. 2-3).

This language expressly disclaims the implied warranty of merchantability and is conspicuous because the language is in contrasting type and includes a heading entitled "Exclusions and Limitations." Accordingly, as a matter of law, Plaintiff's breach of implied warranty claim fails because Apple effectively disclaimed the implied warranty.

### 2. Any Implied Warranty Expired Before Plaintiff Experienced Issues

Even if the Court does not find that the implied warranty of merchantability was effectively disclaimed by Apple, Second Cause of Action must be dismissed because the Complaint concedes that the alleged defect manifested after any implied warranty expired.

The parties' agreement expressly limits the duration of any implied warranty to one year:

IF APPLE CANNOT LAWFULLY DISCLAIM STATUTORY OR IMPLIED WARRANTIES THEN TO THE EXTENT PERMITTED BY LAW, ALL SUCH WARRANTIES SHALL BE LIMITED IN DURATION TO THE DURATION OF THIS EXPRESS WARRANTY[.]

(Kissman Decl. at Ex. A, p. 3; *see also* Ex. A, p. 2 ("Apple . . . warrants this Apple-branded hardware product . . . for a period of ONE (1) YEAR . . . .")

Thus, a plain reading of this contract provides that the parties agreed that any implied warranty would be limited in duration to one year. The Complaint concedes that the alleged defect manifested more than one year after Plaintiff purchased his iMac. (Cmplt. at ¶ 8) (Plaintiff "purchased an iMac in October 2006, and in March 2008, [] vertical lines beg[an] to appear on his display screen."). Accordingly, as a matter of law, Plaintiff's implied warranty claim is barred by the parties' agreement. *Temple*, 148 Cal. App. 3d at 1095 (interpretation of a

-12-

written document is a question of law).

Further, Plaintiff's allegations that the iMac display screens have a "latent defect" and that Apple knew of this defect does not change this analysis. Courts have repeatedly rejected similar arguments. In *Daugherty,* 144 Cal. App. 4th at 832, the court held that the plaintiff failed to state a warranty claim because the defect was discovered after the warranty expired:

> [T]o hold that all latent defects are covered under the written warranty, whether they become apparent to the customer before or after the expiration of the written warranty, would place an undue burden on the manufacturer. [The manufacturer] would, in effect, be obliged to insure that a vehicle it manufacturers is defect-free for its entire life.

*Id.* at 831 (quoting *Walsh v. Ford Motor Co.*, 588 F. Supp. 1513, 1536 (D.D.C. 1984).

Even allegations that the warrantor knew of the defect at the time of sale do not change the result. *Id.* at 830; *see also Oestreicher,* 544 F. Supp. 2d at 970, 972 (rejecting the plaintiff's argument that the defendant had a duty to disclose alleged latent defects and ruling that "[a] contrary holding would eliminate term limits on warranties, effectively making them perpetual or at least for the 'useful life' of the product. [citation omitted]"); *see also Long,* 2007 U.S. Dist LEXIS 79262, at *10 ("it is clear following *Daugherty* that a plaintiff cannot maintain a breach of warranty claim under California law . . . for a product that fails for the first time after the warranty has lapsed").

The analysis of *Daugherty* is applicable here. To allow Plaintiff to assert an implied warranty claim based on an expired implied warranty would obligate Apple to warrant, by contract or by operation of law via the implied warranty of merchantability, that its computers remain defect-free for an unlimited duration. Such a result is not supported by California or federal law. Accordingly, Plaintiff's Second Cause of Action for breach of the implied warranty of merchantability fails as a matter of law.[3]

---

[3] Plaintiff cannot avoid this result by claiming that he is proceeding under the Song-Berverly Act or federal law. California and federal law both provide that the duration of any implied warranty of merchantability is limited to one year. Specifically, California Civil Code section 1791.1(c) provides that the duration of the implied warranty of merchantability is limited to the duration of an express warranty, and in no event shall the duration of the implied warranty be more than one year. California courts have dismissed actions for the implied warranty of merchantability where the defect manifested more than one year following purchase. For example, in *Atkinson v. Elk Corp. of Texas*, 142 Cal. App. 4th 212, 217-18 (2006), the plaintiff alleged that roof tiles manufactured by the

APPLE INC.'S MOTION TO DISMISS

**D.**     <u>Plaintiff's Third Cause of Action for Unjust Enrichment Must be Dismissed Because the Complaint Fails to Allege Any Misconduct.</u>

While California courts are split as to whether unjust enrichment is even a valid cause of action (*compare Melchior v. New Line Productions*, *Inc.,* 106 Cal. App. 4th 779, 793 (2003) *with Ghirardo v. Antonioli*, 14 Cal. 4th 39, 50 (1996)), there is no basis for alleging a claim of unlawful enrichment here. In *Oestreicher*, the court held that since the plaintiff's fraud, CLRA, and UCL claims failed to state a claim, there was no basis for the unjust enrichment claim. *Oestreicher,* 544 F. Supp. 2d at 975. Here, since the Complaint fails to allege any other cause of action, there is no misconduct upon which to base a claim for unjust enrichment. Accordingly, Plaintiff's unjust enrichment claim should be dismissed. *Oestreicher* at 975; *see also Hoey,* 515 F. Supp. 2d at 1106 (dismissing claim for unjust enrichment where complaint failed to state a claim under the CLRA and UCL).

**E.**     <u>Plaintiff's Fourth Cause of Action for Declaratory Relief Must be Dismissed Because There is No Actual Controversy.</u>

To support a declaratory judgment action pursuant to 28 U.S.C. § 2201, there must be an "actual controversy." *United Public Workers v. Mitchell*, 330 U.S. 75, 115 (1947); *Williams v. Alioto*, 549 F.2d 136, 141 (9th Cir. 1977). In *Bardin*, the court dismissed the plaintiff's claim for declaratory relief because the plaintiff had failed to state a claim under the CLRA or UCL. Since there were "no other facts that reveal an actual controversy exists between the parties" the court dismissed the plaintiff's declaratory relief claim. *Bardin*, 136 Cal. App. 4th at 1277.

As explained above, Plaintiff fails to state a claim for any misconduct by Apple. Since there is no "actual controversy" between the parties, Plaintiff's fourth cause of action for declaratory relief also must be dismissed.

---

defendant had developed cracks several years after he had purchased the tiles. *Id.* at 217. The court dismissed the plaintiff's claim for breach of the implied warranty of merchantability and held that the "duration of the implied warranty of merchantability under California law is limited to one year." *Id.* at 230. Federal law is in accord. 15 U.S.C. § 2308(b) ("implied warranties may be limited in duration to the duration of a written warranty of reasonable duration[.]").

**F. Plaintiff's First Cause of Action is Fatally Uncertain.**

To the extent the Court determines the First Cause of Action may state a valid claim — and for the reasons discussed above, it does not — Apple is entitled to a more definite statement of any surviving claims. Apple can only guess which of the three prongs under the UCL it is alleged to have violated — unlawful, unfair, and/or fraudulent — and what conduct allegedly violates each of these three prongs. Cal. Bus. & Prof. Code § 17200 (prohibiting business practices that are "unlawful, unfair or fraudulent.") To the extent that the UCL claim is based on an allegation of fraudulent conduct, it must also satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b). *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003); *Hoey*, 515 F. Supp. 2d at 1106. Plaintiff's bare averment to "consumer fraud" is wholly insufficient to satisfy this heightened pleading standard. *See* Cmplt. at ¶ 28; *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 796 (9th Cir. 1996) (dismissal is proper where allegations of fraud fail to specify the "'time, place [and] specific nature of the fraudulent representations'" and falsity).

The First Cause of Action consists of an unintelligible, blurred hybrid of a claim under the CLRA and a claim under the UCL. (Cmplt. at ¶¶ 25-31.) Plaintiff should clarify which cause(s) of action he is pursuing (and state each cause of action separately) and state the specific alleged conduct that corresponds with each cause of action. Fed. R. Civ. Proc. 12(e); *555 M Mfg., Inc.*, 13 F. Supp. 2d at 724 (a more definite statement is required where a defendant "can only guess as to what conduct and contract(s) [an] allegation refers") (internal quotations omitted).

**IV. CONCLUSION: DISMISSAL WITH PREJUDICE IS APPROPRIATE**

For the reasons set forth above, the Complaint should be dismissed. Dismissal should be **with prejudice** as no conceivable amendment may save Plaintiff's purported claims. *Eminence Capital, LLC v. Aspeon*, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Although Plaintiff may be able to remedy technical defects such as the CLRA's venue affidavit, Plaintiff will not be able to amend around the significant bar to recovery created by the *Daugherty* case and Plaintiff's failure to comply with the CLRA's notice provisions.

Plaintiff experienced a computer malfunction that Apple would not repair after the express warranty covering the computer expired. *Daugherty* bars such claims. Because any amendment would be futile, Plaintiff's Complaint should be dismissed with prejudice.

DATED: February 27, 2009          PAUL, HASTINGS, JANOFSKY & WALKER LLP


By: _____ /s/ Thomas A. Counts _____
                THOMAS A. COUNTS

Attorneys for Defendant
APPLE INC.

LEGAL_US_W # 60933176.10