| | |
|---|---|
| 1 | DAVID M. WALSH (SB# 120761)  davidwalsh@paulhastings.com |
| | PAUL, HASTINGS, JANOFSKY & WALKER LLP |
| 2 | 515 South Flower Street |
| | Twenty-Fifth Floor |
| 3 | Los Angeles, CA  90071 |
| | Telephone:  (213) 683-6000 |
| 4 | Facsimile:  (213) 627-0705 |
| 5 | THOMAS A. COUNTS (SB# 148051)  tomcounts@paulhastings.com |
| | T. LEE KISSMAN (SB# 233434)  leekissman@paulhastings.com |
| 6 | PAUL, HASTINGS, JANOFSKY & WALKER LLP |
| | 55 Second Street |
| 7 | Twenty-Fourth Floor |
| | San Francisco, CA  94105-3441 |
| 8 | Telephone:  (415) 856-7000 |
| | Facsimile:  (415) 856-7100 |
| 9 | |
| | Attorneys for Defendant |
| 10 | APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARAM HOVSEPIAN, individually and on behalf of all others similarly situated, | CASE NO. C 08-05788 JF |
| Plaintiff, | **DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO STRIKE CLASS ALLEGATIONS FROM PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| APPLE INC., | |
| Defendant. | |
| | Date:  April 24, 2009 |
| | Time:  9:00 a.m. |
| | Dept.:  Courtroom 3, 5th Floor |
| | |
| | Complaint Filed:  December 31, 2008 |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. SUMMARY OF ALLEGATIONS ................................................................................. 2

III. LEGAL ARGUMENT ..................................................................................................... 3

    A. If Plaintiff's UCL Claim Is Not Dismissed, Plaintiff's Request For Damages Should Be Stricken ........................................................................... 3

    B. Plaintiff's Class Allegations Are Inadequate and Should be Stricken ................... 4

        1. The Proposed Class is Not Ascertainable Because It Includes Members Who Have No Injury ................................................................. 5

        2. The Complaint Demonstrates that the Class Cannot Be Maintained Under Rule 23(b)(3) Because Individual Issues Predominate .................... 6

            a. The Class Includes Members Who Did Not Purchase the Technology that Plaintiff Alleges is Defective ............................... 7

            b. The Class Includes Members Who Have No Claim Against Apple Because They Experienced Issues with Their Display Screen After Their Warranty Expired ............................................ 7

            c. The Class Includes Entities That Cannot Sue Under CLRA ........... 9

        3. The Complaint Demonstrates That The Class Cannot Be Maintained Under Rule 23(b)(2) Because the Primary Relief Sought is Damages ................................................................................... 9

        4. The Complaint Demonstrates That The Class Cannot Be Maintained Under Rule 23(b)(1) .............................................................. 11

IV. CONCLUSION .............................................................................................................. 11

# TABLE OF AUTHORITIES

Page

## **CASES**

*Al Barnett & Son, Inc. v. Outboard Marine Corp.*,
 64 F.R.D. 43 (D. Del. 1974) .................................................................................................. 11

*American Suzuki Motor Corp. v. Super. Ct.*,
 37 Cal. App. 4th 1291 (1995) .................................................................................................. 5

*Bank of the West v. Super. Ct.*,
 2 Cal. 4th 1254 (1992) ............................................................................................................. 3

*Bishop v. Saab Auto. A.B.*,
 No. CV 95-0721, 1996 U.S. Dist. LEXIS 22890 (C.D. Cal. Feb. 16, 1996) ........................ 5, 6

*California Grocers Ass'n v. Bank of America*,
 22 Cal. App. 4th 205 (1994) .................................................................................................... 9

*Castano v. Am. Tabacco Co.*,
 84 F.3d 734 (5th Cir. 1996) ..................................................................................................... 9

*Chern v. Bank of America*,
 15 Cal. 3d 866 (1976) .............................................................................................................. 3

*Cole v. Gen. Motors Corp.*,
 484 F.3d 717 (5th Cir. 2007) ............................................................................................... 7, 9

*Daugherty v. American Honda Motor Co., Inc.*,
 144 Cal. App. 4th 824 (2006) .................................................................................................. 7

*Denney v. Deutsche Bank AG*,
 443 F.3d 253 (2nd Cir. 2006) .................................................................................................. 5

*Fantasy v. Fogerty*,
 984 F.2d 1524 (9th Cir. 1993), *overruled on other grounds*, 510 U.S. 517 (1994) ................ 3

*Fertig v. Blue Cross of Iowa*,
 68 F.R.D. 53 (N.D. Iowa 1974) ............................................................................................. 10

*Green v. Occidental Petroleum Corp.*,
 541 F.2d 1335 (9th Cir. 1976) ............................................................................................... 11

*Hall v. Time Inc.*,
 158 Cal. App. 4th 847 (2008) .................................................................................................. 6

*Kamm v. California City Dev. Co.*,
 509 F.2d 205 (9th Cir. 1975) ................................................................................................... 4

*Kanter v. Warner-Lambert Co.*,
   265 F.3d 853 (9th Cir. 2001) .................................................................................................. 10

*Kay v. Wells Fargo & Co. N.A.*,
   No. C 07-01351 WHA 2007 WL 2141292 (N.D. Cal. July 24, 2007) ..................................... 4

*La Mar v. H & B Novelty & Loan Co.*,
   489 F.2d 461 (9th. Cir. 1973) ................................................................................................. 10

*Lee Myles Assoc. Corp. v. Paul Rubke Enterprises, Inc.*,
   557 F. Supp. 2d 1134 (S.D. Cal. 2008) .................................................................................... 4

*Little Oil Co. v. Atlantic Richfield Co.*,
   852 F.2d 441 (9th Cir. 1988) .................................................................................................... 3

*Long v. Hewlett-Packard Co.*,
   No. C-06-02816 (JW), 2007 U.S. Dist LEXIS 79262 (N.D. Cal. July 27, 2007) ..................... 8

*Lovesy v. Armed Forces Benefit Ass'n*,
   No. C-07-2745 SBA, 2008 U.S. Dist LEXIS 93479 (N.D. Cal. March 13, 2008) ............... 3, 4

*Martin v. Dahlberg, Inc.*,
   156 F.R.D. 207 (C.D. Cal. 2007) ............................................................................................. 9

*Oestreicher v. Alienware Corp.*,
   544 F. Supp. 2d 964 (N.D. Cal. 2008) ...................................................................................... 8

*Sidney-Vinstein v. A.H. Robins Co.*,
   697 F.2d 880 (9th Cir. 1983) .................................................................................................... 3

*Thompson v. Merck & Co.*,
   No. C.A. 01-1004 ...................................................................................................................... 4

*Tober v. Charnita, Inc.*,
   58 F.R.D. 74 (M.D. Pa. 1973) ................................................................................................ 11

**STATUTES AND RULES**

28 U.S.C. § 2201 ............................................................................................................................ 2

Federal Rule of Civil Procedure 12(f) ........................................................................................ 3, 4

Federal Rule of Civil Procedure 23(a) .......................................................................................... 5

Federal Rule of Civil Procedure 23(b)(1) ....................................................................... vi, 1, 5, 11

**TABLE OF AUTHORITIES**
**(continued)**

| | Page |
|---|---|
| Federal Rule of Civil Procedure 23(b)(2) | vi, 1, 5, 9, 10 |
| Federal Rule of Civil Procedure 23(b)(3) | *passim* |
| Federal Rule of Civil Procedure 23(c)(1)(A) | 4 |
| Federal Rule of Civil Procedure 23(d)(1)(D) | 4 |
| California Civil Code § 1761(d) | 9 |
| California Civil Code § 1780(a) | 9 |

| | |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION TO STRIKE** |
| 2 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: |
| 3 | PLEASE TAKE NOTICE THAT on April 24, 2009 at 9:00 a.m. in Courtroom 3 of |
| 4 | the United States District Court for the Northern District of California, San Jose Division, located |
| 5 | at 280 South First Street, San Jose, California 95113, before the Honorable Judge Jeremy Fogel, |
| 6 | Defendant Apple Inc. ("Apple") will and hereby does move to strike paragraphs 1 and 13-19 |
| 7 | (class action allegations) of Plaintiff's Class Action Complaint ("Complaint"). |
| 8 | This Motion is based on Federal Rules of Civil Procedure 12(f), 23(a), 23(b), and |
| 9 | 23(d)(1)(D); this Notice of Motion and Motion; the attached Memorandum of Points and |
| 10 | Authorities; Apple's Request for Judicial Notice and the Declaration of T. Lee Kissman, filed |
| 11 | concurrently herewith; the Complaint; and the pleadings, papers and other documents on file in |
| 12 | this action along with any evidence and argument presented at the hearing in this matter. |

# STATEMENT OF ISSUES

1. Whether the class allegations should be stricken because the class is not ascertainable since it includes members who have no injury, and therefore have no standing to sue.

2. Whether the class allegations should be stricken because, under Federal Rule of Civil Procedure 23(b)(3), the class includes members who cannot state a claim against Apple, and therefore, individual issues predominate and the class action is not the superior method for the adjudication of rights.

3. Whether the class allegations should be stricken because the class cannot be maintained under Federal Rule of Civil Procedure 23(b)(2) since the primary relief sought is damages.

4. Whether the class allegations should be stricken because the class cannot be maintained under Federal Rule of Civil Procedure 23(b)(1) since the primary relief sought is damages and individual issues predominate.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As discussed in Apple's concurrently filed motion to dismiss, Plaintiff's Complaint contains fatal defects that cannot be cured. Plaintiff simply fails to state any claim against Apple.

But even if the Court does not dismiss the Complaint, Plaintiff's request for damages under California Unfair Business Practices Act ("UCL") should be stricken. California courts have long held that damages are not an available remedy under the UCL.

In addition, the Complaint contains class allegations that are inadequate and should be stricken as redundant and immaterial. This action is based on allegations that Apple "failed to disclose" a defect in its iMac LCD display screens. Specifically, Plaintiff alleges that, over one year after he purchased an Apple iMac, and after his warranty had expired, "vertical lines" appeared on his iMac LCD display screen. Plaintiff purports to bring this action on behalf of "[a]all persons and entities who purchased, not for resale, an Apple iMac/s." (Cmplt. at ¶ 13.) The face of the Complaint demonstrates that this class action cannot be maintained.

First, the class is not ascertainable because it includes members who have not experienced any problems with their iMac display screens. Such members have no injury and no standing to sue.

Second, the class is not maintainable under Rule 23(b)(3) because it includes members who can have no claim against Apple. For example, the class includes members who did not purchase the particular iMac model or the type of iMac screen that Plaintiff alleges is defective and members who experienced the alleged defect after their warranty expired. Because the class allegations include class members who can have no claim against Apple, the face of the Complaint demonstrates that the Court will have to engage in numerous, individualized analyses of factual and legal issues for each class member. Moreover, courts have held that a nationwide class action for fraud and warranty claims is simply not a "superior" mechanism for the adjudication of rights, as required by Rule 23(b)(3).

Finally, the class is not maintainable under Rules 23(b)(1) or Rule 23(b)(2). These

types of class actions are not suitable for actions where recovery of money damages is the primary relief sought by the Plaintiff. Plainly, the purpose of this lawsuit is money damages.

Accordingly, Apple respectfully requests that the Court strike Plaintiff's damages allegations under the UCL and the class allegations.

## II. SUMMARY OF ALLEGATIONS

Apple manufactures and sells personal computers, including the iMac desktop computer. (Class Action Complaint ("Cmplt.") at ¶ 1 & n.1.) Apple provides a limited, one-year express warranty for its iMac. (Declaration of T. Lee Kissman ("Kissman Decl."), Ex. A at p. 1, filed concurrently with Apple's Request for Judicial Notice.) This express warranty specifically excludes any implied warranties, including the implied warranty of merchantability, and, in the alternative, limits the duration of any implied warranties, if applicable, to the one-year duration of the express warranty. *Id.* at p. 2.

The Complaint alleges "a class action for equitable, injunctive and declaratory relief, as well as monetary relief pursuant to Rule 23 on behalf of the following class: **All persons and entities who purchased, not for resale, an Apple iMac/s**." (Cmplt. at ¶ 13.) (emphasis added.) Plaintiff alleges that he purchased an iMac in October 2006 and that vertical lines began to appear on the display screen of his iMac in March 2008—over one year after the expiration of all warranties. (*Id.* at ¶ 8.) According to the Complaint, iMac LCD screens display these vertical lines due to "a bad transistor or connection on the back of the screen[.]" (*Id.* at ¶ 11.) In addition, Plaintiff alleges that Apple was aware of this alleged "latent defect and its propensity to manifest[.]" (*Id.* at ¶ 3.) Plaintiff alleges that Apple "fail[ed] to disclose material facts regarding the risk that vertical lines would appear on the iMac display screens" (*Id.* at ¶ 10), and that Apple denied Plaintiff's warranty claim. (*Id.* at ¶ 16.)

Plaintiff alleges causes of action for (1) "Violations of the California Unfair Business Practices Act and California Consumer Legal Remedies Act"; (2) breach of the implied warranty of merchantability; (3) unjust enrichment; and (4) declaratory relief pursuant to 28 U.S.C. § 2201. (*Id.* at ¶¶ 25-52.) Plaintiff seeks money damages, as well as equitable, injunctive, and declaratory relief. (*Id.* at ¶¶ 31, 37, 52.)

## III. LEGAL ARGUMENT

Federal Rule of Civil Procedure 12(f) provides that the court may strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Fantasy v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations omitted), *overruled on other grounds*, 510 U.S. 517 (1994); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("the function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues."). Here, the Court should strike Plaintiff's request for damages under the UCL because this cause of action does not permit recovery of damages. In addition, the Court should strike Plaintiff's class action allegations because they are inadequate.

### A. If Plaintiff's UCL Claim Is Not Dismissed, Plaintiff's Request For Damages Should Be Stricken

"A motion to strike may be used to strike any part of the prayer for relief when the relief sought is not recoverable as a matter of law." *Lovesy v. Armed Forces Benefit Ass'n*, No. C-07-2745 SBA, 2008 U.S. Dist LEXIS 93479, at *7 (N.D. Cal. March 13, 2008). Concurrently with this motion to strike, Apple filed a motion to dismiss Plaintiff's First Cause of Action for violation of the UCL because the claim is fatally uncertain and fails to state a cause of action. If the Court does not dismiss Plaintiff's UCL claim, at the very least, Plaintiff's damages allegations for this cause of action should be stricken because there is no right to recover damages under the UCL.

It is well established that damages are not an available remedy under the UCL. *Bank of the West v. Super. Ct.*, 2 Cal. 4th 1254, 1272 (1992) (The UCL "does not authorize an award of damages"); *Chern v. Bank of America*, 15 Cal. 3d 866, 875 (1976) (dismissing UCL claim because damages are not available under the UCL); *Little Oil Co. v. Atlantic Richfield Co.*, 852 F.2d 441, 445 (9th Cir. 1988) (affirming district court's dismissal of UCL claim because damages are not available under the UCL); *Lovesy*, 2008 U.S. Dist. LEXIS 93479, at *17 (N.D. Cal. Mar. 13, 2008) ("Under California law, there is no doubt that damages are not permissible

under the UCL."). Where a complaint alleges damages pursuant to the UCL, the prayer for damages should be stricken. *Id.; see also Lee Myles Assoc. Corp. v. Paul Rubke Enterprises, Inc.,* 557 F. Supp. 2d 1134, 1144 (S.D. Cal. 2008) (striking UCL claim for damages).

Here, Plaintiff seeks damages under the First Cause of Action based on alleged violations of the UCL. (Cmplt. at ¶ 31 (Defendant's conduct caused "money damages in an amount to be proven at trial. . . . Defendant is liable to Plaintiff Class for all appropriate damages allowed under the law."). Plaintiff's prayer for relief also seeks damages. (Cmplt. at ¶ 52(D) (prayer for "individual damages").) Since damages are not available under the UCL, Plaintiff's damages allegations under the First Cause of Action should be stricken.

Plaintiff cannot save his damages claim by contending that the First Cause of Action properly alleges damages for violations of the California Consumer Legal Remedies Act ("CLRA"). Plaintiff is no more entitled to damages under the CLRA than he is under the UCL. As discussed in Apple's concurrently filed Motion to Dismiss, Plaintiff's CLRA claim should be dismissed because Plaintiff fails to allege a duty to disclose. Further, Plaintiff's claim for damages under the CLRA fails due to his failure to timely serve the demand letter required under the CLRA. Therefore, Plaintiff has no right to recover damages under any portion of the First Cause of Action.

**B.   Plaintiff's Class Allegations Are Inadequate and Should be Stricken**

Under Federal Rules of Civil Procedure 12(f), Rule 23(c)(1)(A), and Rule 23(d)(1)(D), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained. Numerous courts have exercised that authority and dismissed class allegations at the pleading stage where, as here, the decision is easily reached based on the complaint and matters in the public record. *See, e.g.*, *Kay v. Wells Fargo & Co. N.A.*, No. C 07-01351 WHA 2007 WL 2141292, at *2 (N.D. Cal. July 24, 2007) (granting motion to strike; "Class allegations can, however, be stricken at the pleading stage."); *Kamm v. California City Dev. Co.,* 509 F.2d 205, 210 (9th Cir. 1975); *Thompson v. Merck & Co.*, No. C.A. 01-1004, etc. 2004 WL 62710, at *2, *5 (E.D. Pa. Jan. 6, 2004) (granting motion to strike class allegations).

In order to certify a class, the class must be ascertainable. *Bishop v. Saab Auto. A.B.*, No. CV 95-0721, 1996 U.S. Dist. LEXIS 22890, at *13-14 (C.D. Cal. Feb. 16, 1996). In addition, the requirements under Federal Rule of Civil Procedure 23(a) must be satisfied. Finally, Plaintiff must satisfy one of the more stringent prerequisites set forth in Federal Civil Procedure Rule 23(b).[1]

Plaintiff's class allegations are deficient in every respect. First, the class is not ascertainable because it includes members who have no injury and, therefore, lack standing to sue. Second, the class does not satisfy Rule 23(a) or Rule 23(b)(3) because the class includes members who did not purchase the type of technology that Plaintiff alleges is defective, members who experienced the alleged defect after the warranty expired, and members who are entities and have no standing to sue under the CLRA. Therefore, there are questions of law and fact that are not common to the class and individual issues predominate. Finally, the class plainly cannot satisfy Rules 23(b)(1) or 23(b)(2) because the primary relief sought is damages.

### 1. The Proposed Class is Not Ascertainable Because It Includes Members Who Have No Injury

"[N]o class may be certified that contains members lacking Article III standing." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2nd Cir. 2006). Courts "refuse[] to include in the class those purchasers who have suffered no injury, simply because they allege they have purchased a product which 'tends to' cause injury." *Bishop*, 1996 U.S. Dist. LEXIS 22890 at *13; *see also American Suzuki Motor Corp. v. Super. Ct.*, 37 Cal. App. 4th 1291, 1299 (1995) (holding that it was error to include in the class those who experienced no injury; "To hold otherwise would, in effect, contemplate indemnity for a potential injury that never, in fact, materialized.")

Here, the proposed class includes purchasers who have suffered no injury. The class is defined as "[a]persons and entities who purchased, not for resale, an Apple iMac/s." This definition includes persons and entities who purchased an iMac but have not have experienced vertical lines on the iMac display screens. Those who have not experienced any problems with

---

[1] Plaintiff alleges that all three types of class actions set forth in Rule 23(b) apply here. (Cmplt. at ¶ 19.)

their display screens have no injury in fact and have no standing to sue.

Plaintiff's allegation that iMacs have a "latent" defect does not change the result. (Cmplt. at ¶ 15.) In *Bishop*, 1996 U.S. District LEXIS, at *5-6, a plaintiff filed a nationwide class action alleging defective wiring in the defendant's Saab 9000 product line. But the wiring problem affected only 15 percent of this product line. *Id.* The plaintiff sought to certify the class as all purchasers of the Saab 9000 product line. *Id.* at *12-13. The court held that the class was too broad. "'[T]he courts [are] not…available to those who have suffered no harm at the hands of them against whom they complain. They have no standing to sue.'" *Id.* at 14. (quoting *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 464 (9th. Cir. 1973).[2]

Because the class is not limited to those who experienced vertical lines on their display screen, the class is not ascertainable and the class allegations should be stricken.

### 2. The Complaint Demonstrates that the Class Cannot Be Maintained Under Rule 23(b)(3) Because Individual Issues Predominate

Federal Rule of Civil Procedure 23(b)(3) requires that:

> [T]he court find that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Rule 23(a)(2) also requires commonality of issues. Thus, where individual issue predominate and the class action is not the superior method available, the class should not be maintained under Rule 23(b)(3).

Here, the class includes members who did not purchase the type of screen that Plaintiff alleges is defective. Also, the class includes members who experienced issues after their warranty expired and, therefore, have no claim against Apple. The class also includes "entity" purchasers, who are not able to bring a CLRA claim under because they are not "consumers" as required by the CLRA. The Court would have to engage in individual inquiries to determine which members need to be excluded based on one or more of these criteria. Further, a nationwide

---

[2] Recent California case law confirms that Plaintiff's UCL claim requires injury in fact. After California voters passed Proposition 64, "a plaintiff must have suffered an 'injury in fact' and 'lost money or property as a result of such unfair competition' to have standing to pursue either an individual or a representative claim under the California unfair competition law ("UCL")." *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 849 (2008).

class action is not the superior method for the adjudication of rights in cases involving fraud and warranty claims. *See Cole v. Gen. Motors Corp.,* 484 F.3d 717, 724-30 (5th Cir. 2007). Accordingly, the class cannot be maintained under Rule 23(b)(3) and the class allegations should be stricken.

### a. The Class Includes Members Who Did Not Purchase the Technology that Plaintiff Alleges is Defective

Plaintiff alleges that the manufacturing and/or design defect at issue is "[v]ertical lines on LCD screens [that] are the result of a bad transistor or connection on the back of the screen[.]" (Cmplt. at ¶ 11.) But the class is broadly defined as all purchasers of an iMac. During the statutory period, there were different iMac models and different iMac screens that used various different components and technologies. Thus, the class includes members who did not purchase the type of screen that Plaintiff alleges contains a defect. A determination of whether the class member purchased the type of display screen at issue would require an individual analysis of factual issues for each class member. Such individual analysis runs counter to the purpose of Rule 23(b)(3) class actions, and also indicates that a class action is not the superior method of adjudication of rights. Therefore, the class cannot be maintained under Rule 23(b)(3) and the class allegations should be stricken.

### b. The Class Includes Members Who Have No Claim Against Apple Because They Experienced Issues with Their Display Screen After Their Warranty Expired

In *Daugherty v. American Honda Motor Co., Inc.,* 144 Cal. App. 4th 824 (2006), the plaintiff filed a nationwide class action lawsuit against American Honda Motor Corporation based on allegations that the defendant failed to disclose a latent defect in its F22 engine. *Id.* at 827. The Court held that, absent a misrepresentation or duty to disclose, the Complaint failed to state a cause of action because "[t]he only expectation buyers could have had about the [product] was that it would function properly for the length of Honda's express warranty, and it did." *Id.* at 838. Thus, a plaintiff who alleges a failure to disclose, in the absence of an affirmative misrepresentation or duty to disclose, yet experiences an alleged defect after the expiration of the warranty, has no claim under the CLRA or the UCL. *Id.*

1    As explained in Apple's concurrently field motion to dismiss, the Complaint
2    plainly does not allege any affirmative representations creating a duty to disclose.  But the
3    purported class includes those who experienced the alleged defect after the expiration of any
4    express and implied warranties.  (Cmplt. at ¶ 13 ("All persons and entities who purchased, not for
5    resale, an Apple iMac/s").  Even Plaintiff concedes that he experienced issues with his iMac after
6    the expiration of his warranty.  Apple provides a limited, one-year express warranty for its iMac.
7    (Kissman Decl., Ex. A at p. 1, filed concurrently with Apple's Request for Judicial Notice.)
8    Plaintiff alleges that he did not experience issues with his iMac display screen until over one year
9    after purchase.  (Cmplt. at ¶ 8) (Plaintiff "purchased an iMac in October 2006, and in March
10   2008, [] vertical lines beg[an] to appear on his display screen.").  Apple also disclaimed any
11   implied warranty of merchantability, or in the alternative, expressly limited the duration of any
12   implied warranty to one year.  (Kissman Decl., Ex. A at p. 2 (disclaiming any implied warranty of
13   merchantability); *see also* Ex. A, p. 1 (limiting any implied warranty to the duration of the
14   express warranty, that is, one year).)  The class includes all purchasers of the iMac and is not
15   limited to those who experienced a defect during the warranty period.  (Cmplt. at ¶ 15.)
16   Therefore, under *Daugherty* and its progeny, the class includes members who have no UCL or
17   CLRA claim against Apple.  *Oestreicher v. Alienware Corp*., 544 F. Supp. 2d 964, 970 (N.D. Cal.
18   2008) (dismissing claims "since any defects in question manifested themselves after the
19   expiration of the warranty period[.]"); *Long v. Hewlett-Packard Co.,* No. C-06-02816 (JW), 2007
20   U.S. Dist LEXIS 79262, at *24 (N.D. Cal. July 27, 2007) (plaintiff cannot state a claim where,
21   absent any affirmative statements as to the life span of the component or computer, the
22   consumers' only reasonable expectation is that the computer will function properly for the
23   duration of the express warranty.)
24          In addition, class members, like Plaintiff, who experience a defect after their
25   warranty expires, have no claim for breach of the implied warranty of merchantability.  As
26   explained above, any implied warranty, even if applicable, expires one year after purchase.  Thus,
27   the parties' agreement bars any such claims.
28          Because the purported class includes members (including Plaintiff) who can have

1 | no claim against Apple, the court will have to engage in individual inquiries of each class member
2 | with respect to, among other things, whether the member experienced vertical lines on their
3 | display screen, when the member purchased the iMac, and when the vertical lines appeared (if at
4 | all) and whether the class member is an entity and thus barred from bringing a CLRA claim. This
5 | type of individualized inquiry supports striking the class allegations under Rule 23(b)(3).

Finally, courts routinely hold that fraud and warranty claims are difficult to maintain on a nationwide basis, and, therefore, are rarely certified. *See Cole,* 484 F.3d at 724-30 (5th Cir. 2007) (warranty claims are inappropriate for class treatment); *Castano v. Am. Tabacco Co.*, 84 F.3d 734, 745 (5th Cir. 1996) (fraud causes of action are not appropriate for class treatment); *see also Martin v. Dahlberg, Inc.,* 156 F.R.D. 207, 217 (C.D. Cal. 2007). Thus, a nationwide class action is not the superior method for adjudication of rights. Because the class cannot be maintained under Rule 23(b)(3), the class allegations should be stricken.

### c. The Class Includes Entities That Cannot Sue Under CLRA

California Civil Code section 1780(a) provides that only "consumers" may assert an action under the CLRA. The term "consumer" means "an individual." Cal. Civ. Code § 1761(d) ("Consumer" means an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes."). Entities, however, are not "consumers" under the CLRA. *California Grocers Ass'n v. Bank of America*, 22 Cal. App. 4th 205, 217 (1994) (organizations, such as retail grocers association, cannot bring CLRA claim).

Here, the putative class definition includes "entities who purchased, not for resale, an Apple iMac/s." (Cmplt. at ¶ 13.) Thus, entity purchasers of iMacs could not have a CLRA claim.

### 3. The Complaint Demonstrates That The Class Cannot Be Maintained Under Rule 23(b)(2) Because the Primary Relief Sought is Damages

A class may be certified pursuant to Rule 23(b)(2) only if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." But Rule 23(b)(2) is reserved for cases where injunctive relief is the primary relief

sought. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 860 (9th Cir. 2001) ("In Rule 23(b)(2) cases, monetary damage requests are generally allowable only if they are merely incidental to the litigation.") (citing 5 Moore's § 23.43[3][a] at 23-196); *La Mar*, 489 F.2d at 466 (Rule 23(b)(2) "pertains to situations in which money damages are not the relief sought"). Where an individual examination of each damage claim would be required, certification under Rule 23(b)(2) is not appropriate. *Fertig v. Blue Cross of Iowa*, 68 F.R.D. 53 (N.D. Iowa 1974) ("Rule 23(b)(2) is simply not designed to require the Court to examine the particular circumstances affecting each individual member of the class.") (quoting *Baham v. Southern Bell Tel. & Tel. Co.*, 55 F.R.D. 478 (W.D. La. 1972)). Further, certification under Rule 23(b)(2) is inappropriate where Plaintiff will likely accomplish the essential goal in the litigation "without the added spur of an injunction." *Kanter v. Warner-Lambert Co.*, 265 F.3d at 860.

Here, Plaintiff primarily seeks money damages. Plaintiff's primary goal — repair of the alleged defective iMac display screens — would be accomplished with money damages. Plaintiff's request for injunctive relief is simply another form of a request for damages, namely, to compel Apple "to establish a program to replace or repair defective iMac displays" and "to establish a program to reimburse its warranty claims previously denied or paid in part." (Cmplt. at ¶¶ 52(E-F).)

Further, an individual examination of each damages claim would be necessary here. For example, Plaintiff seeks damages for breach of the implied warranty of merchantability. Any resulting compensatory damages award necessarily requires an individual determination of, among other things, the cost to repair or replace each class member's particular iMac display screen, the cost that each class member has already incurred in repairing the alleged defect, as well as any resulting or consequential damages due to the alleged defect — all individualized and particularized inquiries for each class member. Indeed, the Complaint concedes that this case requires an individualized examination of damages. (Cmplt. at ¶ 52(D) (seeking "individual damages" of class members). Since the Complaint demonstrates that recovery of money damages is the primary goal of the lawsuit, this action is not suitable for class treatment under rule 23(b)(2) and the class allegations should be stricken.

### 4. The Complaint Demonstrates That The Class Cannot Be Maintained Under Rule 23(b)(1)

Actions for money damages rarely qualify for certification under Rule 23(b)(1). This is because "ordinarily there is neither the risk under rule 23(b)(1)(A) of 'inconsistent or varying adjudications' which would 'establish incompatible standards of conduct for the party opposing the class,' nor of adjudications impairing the rights of class members to protect their interests under (b)(1)(B) of Rule 23." *Green v. Occidental Petroleum Corp.*, 541 F.2d 1335, 1340 (9th Cir. 1976) (finding certification for money damages action under Rule 23(b)(1) improper) (citing *LaMar v. H & B Novelty & Loan Co.*, 489 F.2d 461 (9th Cir. 1973)). Further, "certification under 23(b)(1) should properly be confined to those causes of action in which there is a total absence of individual issues." *Tober v. Charnita, Inc.*, 58 F.R.D. 74, 81 (M.D. Pa. 1973); *see also Al Barnett & Son, Inc. v. Outboard Marine Corp.*, 64 F.R.D. 43, 53 (D. Del. 1974).

As explained above, the primary relief sought is money damages and individual issues predominate. Accordingly, Plaintiff's class allegations under Rule 23(b)(1) should be stricken.

## IV. CONCLUSION

The Court should strike Plaintiff's request for damages under the UCL because this cause of action does not permit recovery of damages. In addition, the Court should strike Plaintiff's class action allegations. The class is not ascertainable because it includes members who have no injury and no standing to sue. Also, the class is not maintainable under Rule 23(b)(3). The class includes members who cannot state a claim against Apple, and would thus

require the Court to engage in an individualized inquiry of factual and legal issues for claims that are difficult to maintain on a nationwide basis. Finally, the class is not maintainable under Rules 23(b)(1) or 23(b)(2) because this action is primarily one for money damages.

DATED: February 27, 2009     PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: /s/ Thomas A. Counts
        THOMAS A. COUNTS

Attorneys for Defendant
APPLE INC.

LEGAL_US_W # 60933386.6