1  JONATHAN SHUB (SB# 237708) jshub@seegerweiss.com
   SEEGER WEISS LLP
2  1515 Market Street, Suite 1380
   Philadelphia, PA 19102
3  Telephone: (215) 564-2300
   Facsimile: (215) 851-8029
4
   KENNETH SEEGER (SB# 135862) kseeger@seegersalvas.com
5  SEEGER SALVAS LLP
   455 Market St, Suite 1330
6  San Francisco, CA 94105
   Telephone: (415) 981-9260
7  Facsimile: (415) 981-9266

8  *Attorneys for Plaintiffs*

9  DAVID M. WALSH (SB# 120761) davidwalsh@paulhastings.com
   PAUL, HASTINGS, JANOFSKY & WALKER LLP
10 515 South Flower Street, Twenty-Fifth Floor
   Los Angeles, CA 90071
11 Telephone: (213) 683-6000
   Facsimile: (213) 627-0705
12
   THOMAS A. COUNTS (SB# 148051) tomcounts@paulhastings.com
13 ERIC A. LONG (SB# 244147) ericlong@paulhastings.com
   PAUL, HASTINGS, JANOFSKY & WALKER LLP
14 55 Second Street, Twenty-Fourth Floor
   San Francisco, CA 94105-3441
15 Telephone: (415) 856-7000
   Facsimile: (415) 856-7100
16
   *Attorneys for Defendant APPLE INC.*
17
   [*additional counsel listed on signature pages*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARAM HOVSEPIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC.,<br><br>Defendant. | CASE NO. C 08 05788 JF<br><br>**CLASS ACTION**<br><br>**JOINT RULE 26(F) REPORT** |

Pursuant to Civil Local Rule 16-9, Plaintiff Aram Hovsepian and Defendant Apple Inc. ("Apple") respectfully submit this Joint Case Management Statement. On May 8, 2009, the parties, through their respective counsel of record, met and conferred and discussed the issues prescribed in Federal Rules of Civil Procedure 16(b) and 26(f). This Joint Case Management Statement reflects the matters on which the parties agree and reflects their respective positions on the issues on which they disagree.

**INTRODUCTORY STATEMENT**

This is a putative class action. Plaintiff filed his initial Complaint on December 31, 2008. Apple filed its Motion to Dismiss and Motion to Strike on February 27, 2009. Plaintiff then requested that in lieu of opposing Apple's motions, Plaintiff be allowed to file an amended complaint. The parties entered into a stipulation to that effect and following this Court's approval, Apple withdrew its pending motions. Plaintiff filed his First Amended Complaint ("FAC") on April 17, 2009. The FAC asserts five causes of action and seeks a variety of legal remedies. Apple's response to the FAC is due on June 1, 2009. Apple will file a Motion to Dismiss all causes of action and a Motion to Strike the class allegations.

1. **JURISDICTION AND SERVICE**

Plaintiff alleges the following: this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d). This is a putative class action involving more than 100 class members. Plaintiff alleges members of the putative class are citizens of a state different from defendant, and further alleges the amount in controversy, in the aggregate, exceeds the sum of $5 million exclusive of interest and costs.

All known parties have been served.

The only known issue regarding venue was raised in Apple's previously-filed motion, which argued Plaintiff failed to comply with the venue affidavit requirement of California's Consumers Legal Remedies Act ("CLRA"), found in California Civil Code section 1780(c). Apple anticipates that it will raise this venue argument in its response to the FAC.

2.  **FACTUAL SUMMARY AND DISPUTES**

   A.  <u>Plaintiff's Statement</u>

   Plaintiff brings this lawsuit on behalf of himself and other Apple iMac consumers whose iMacs contain a latent defect that has currently manifested in the form of (unwanted) vertical lines on iMac display screens which degrade image quality and frequently render the screen image all but unviewable (the "Defect"). Plaintiff alleges that Apple knew, or was reckless in not knowing, at or before the time it sold its first iMac, that they contained the Defect and that the Defect would lead to premature failure of the iMac. Plaintiff further alleges that Apple concealed from and/or failed to disclose to Plaintiff, the putative class, and everyone in the chain of distribution, the Defect in the iMac display screens, and failed to remove the iMacs from the marketplace or take adequate remedial action.

   Plaintiff further alleges that Defendant's conduct amounts to violations of the CLRA, Cal. Civ. Code section 1750, and the Unfair Competition Law (Cal. Bus. & Prof. Code section 17200 *et seq*.) Plaintiff seeks restitution and equitable relief on these claims.

   Plaintiff also alleges that Defendant's failure to disclose its knowledge of the defect makes it liable to the putative class under common law causes of action for fraudulent omissions and unjust enrichment. Plaintiffs seek damages and/or other equitable relief on these causes of action.

   B.  <u>Apple's Statement</u>

   Apple designs, manufactures and sells personal computers, including the iMac desktop computer. Apple provides a limited, one-year express warranty for the iMac. Apple's express warranty, which is posted on Apple's website and included with every product, specifically excludes any implied warranties, including the implied warranty of merchantability. The warranty alternatively limits the duration of any implied warranties, if applicable, to the one-year duration of the express warranty.

   Plaintiff alleges that he purchased an iMac directly from Apple through Apple's website store in October 2006. Plaintiff further alleges that vertical lines began to appear on the LCD display screen of his iMac in March 2008 — at least 16 months after he purchased the

computer and at least four months after the expiration of all warranties. Plaintiff does not allege he was denied warranty service by Apple during his first year of ownership, nor does he contend Apple breached its one-year limited warranty. To the contrary, Plaintiff alleges that he and the putative class suffered harm only after Apple's warranty expired.

Apple denies the existence of the alleged defect described in the FAC; denies the allegations that it failed to disclose the alleged defect or that it misrepresented the nature of the iMac, and specifically denies that plaintiff is entitled to any relief whatsoever under the FAC.

**3. LEGAL ISSUES**

    A. <u>Plaintiff's Statement</u>

        (1) Whether Defendant's conduct constitutes a violation of the Consumer Legal Remedies Act;

        (2) Whether Defendant's conduct constitutes deceptive, unfair and/or oppressive conduct as defined under the California Unfair Business; Practices Act (UCL) (Cal. Bus. & Prof. Code §17200 *et seq.*);

        (3) Whether Defendant uniformly failed to disclose and by omission failed to inform consumers, including Plaintiffs and the Class members, of its knowledge of the Defect;

        (4) Whether Defendant was unjustly enriched by its scheme;

        (5) Whether Plaintiff and Class have been damaged, and if so, in what amount.

    B. <u>Apple's Statement</u>

Apple has not yet answered the FAC and will file a Motion to Dismiss and a Motion to Strike the FAC. Because the pleadings are not yet established, it is premature to identify what relevant legal issues may survive, if any. Apple expects at least the following legal issues to be raised at the pleading stage, and reserves its right to identify additional legal issues relating to the merits if the case survives Apple's pleading challenges:

        (1) Whether the First Cause of Action for violations of the CLRA fails to state a claim because the FAC fails to allege a duty to disclose;

|   |   |   |
|---|---|---|
| | (2) | Whether the First Cause of Action for violation of the CLRA fails to state a claim because Plaintiff failed to timely serve a demand letter or a venue affidavit; |
| | (3) | Whether the Second Cause of Action for violation of the UCL should be dismissed because Plaintiff fails to plead facts sufficient to state a claim under the "fraudulent," "unlawful," or "unfair" prongs of the UCL; |
| | (4) | Whether the Third Cause of Action for fraudulent omissions fails to state a claim because Plaintiff fails to plead facts sufficient to allege a duty to disclose and/or fraudulent conduct; |
| | (5) | Whether the Fourth Cause of Action for Unjust Enrichment fails to state a claim because the FAC fails to allege any misconduct resulting in Apple's enrichment; |
| | (6) | Whether the Fifth Cause of Action for Declaratory Relief fails to state a claim because there is no actual controversy. |

**4. MOTIONS**

    A.   <u>Prior Motions</u>

As set forth above, Apple filed its Motion to Dismiss and Motion to Strike on February 27, 2009. Plaintiff then requested that in lieu of opposing Apple's motions, Plaintiff be allowed to file an amended complaint. The parties entered into a stipulation to that effect and following this Court's approval, Apple withdrew its pending motions.

    B.   <u>Pending Motions</u>

Apple filed a stipulated Administrative Motion to Relate the *Apple v. Huf* matter to the above-captioned case.

    C.   <u>Anticipated Motions</u>

Plaintiff intends on filing a Motion for Class Certification.

As stated above, Apple will file a Motion to Dismiss and a Motion to Strike the FAC based on the deficient allegations of the FAC. In the event these motions are denied, Apple

intends to file a motion for summary judgment.

**5. AMENDMENT OF PLEADINGS**

  A. <u>Plaintiff's Position</u>:

Plaintiff proposes the deadline for amendment of pleadings be September 1, 2009.

  B, <u>Apple's Position</u>:

Apple proposes that the Court set the deadline for any further amendment to the pleadings after ruling on Apple's planned Motion to Dismiss and Motion to Strike.

**6. EVIDENCE PRESERVATION**

The parties are aware of their obligation to preserve relevant evidence, including electronically stored information, and each has taken steps to comply with its obligations.

**7., 8. DISCLOSURES AND DISCOVERY**

To date, no discovery has been taken by either side nor have initial disclosures been made. The parties met and conferred regarding their Federal Rules of Civil Procedure Rule 26 disclosure and discovery obligations and agreed that the deadline to exchange initial disclosures shall be May 29, 2009. As set forth in more detail below, the parties' chief disagreement is over when discovery should commence. Plaintiff believes discovery should proceed forthwith. Apple contends discovery should be deferred until the Court has ruled on Apple's Motion to Dismiss and Motion to Strike and Apple has actually answered the final version of the complaint. The parties' various positions are set forth below.

  A. <u>Scope of Discovery</u>

Plaintiff will be seeking discovery related to Apple's conduct in connection with manufacture, design and marketing of the iMac screens.

Apple will be seeking discovery related to the class representative and other class certification issues, as well as the merits of plaintiff's underlying claims.

  B. <u>Proposed Discovery Plan</u>

Plaintiffs oppose any formal bifurcation of class or merits discovery on the grounds that the discovery here is inextricably intertwined between class issues and merits issues. Plaintiffs do agree, however, that the initial discovery should be directed to class certification

issues.

Apple has agreed not to seek bifurcated discovery regarding class certification and liability-based merits issues. However, the parties have also agreed that, in the course of discovery prior to any hearing on plaintiff's motion for class certification, Apple reserves the right to move to limit the scope of discovery on the basis that it is not relevant to class certification. Plaintiff has agreed not to request the production of information regarding Apple's finances prior to the Court's ruling on class certification. In addition, the parties are currently negotiating a stipulated protective order with respect to discovery and disclosures made in this action.

The parties disagree about when discovery should commence. Plaintiff believes discovery should proceed forthwith. Apple believes that discovery should commence once the Court has ruled on Apple's Motion to Dismiss and Motion to Strike. Apple believes it would be inefficient to conduct discovery before the parties know what claims (if any) will survive the motions and whether the class allegations will be stricken or modified.

The following is the parties' view of the discovery plan and briefing schedule for the class certification motion:

| DEADLINE OR EVENT | APPLE'S DATES OR POSITION | PLAINTIFF'S DATES OR POSITION |
|---|---|---|
| Opening of Initial Phase of Fact Discovery | Non-Expert Discovery should commence upon the filing by Apple of its Answer to Plaintiff's then-operative complaint. | Non- Expert discovery (class and merits) should commence immediately with emphasis on class issues. |
| Deadline to File Any Motion for Class Certification | Agreed. | **Eight months** from commencement of non-expert discovery. |
| Deadline to File Any Opposition to Motion for Class Certification | Apple requests the deadline for its opposition to class certification be set **120 days** after the filing of the motion for class certification, which would accommodate any additional discovery required by Apple to respond to the motion for class certification. | **Thirty days** after filing of motion for class certification. |

| DEADLINE OR EVENT | APPLE'S DATES OR POSITION | PLAINTIFF'S DATES OR POSITION |
|---|---|---|
| Deadline to File Any Reply on Motion for Class Certification | Agreed. | **Thirty days** after filing of opposition to motion for class certification. |
| Class Certification Hearing | At the Court's convenience. | Within 30 days of close of briefing. |

9. **CLASS ACTIONS**

   A. <u>Plaintiff's Position</u>:

   Plaintiff believes this case is a paradigmatic one for class certification. Consistent with the schedule above, Plaintiff proposes eight months from the date discovery commences as the deadline for filing his class certification motion.

   B. <u>Apple's Position</u>:

   Apple believes the FAC's class allegations are inadequate and should be stricken as redundant and immaterial. This action is based on allegations that Apple failed to disclose a defect in its iMac LCD display screens. Specifically, Plaintiff alleges that, over one year after he purchased an Apple iMac, and after his warranty had expired, "vertical lines" appeared on his iMac LCD display screen. Plaintiff purports to bring this action on behalf of all persons and entities who purchased, not for resale, an Apple iMac/s.

   First, the class is not ascertainable because it includes members who have not experienced any problems with their iMac display screens. Such members have no injury and, therefore, no standing to sue.

   Second, the class is not maintainable under Rule 23(b)(3) because it includes members who can have no claim against Apple. For example, the class includes members who did not purchase the particular iMac model or the type of iMac screen that Plaintiff alleges is defective and members who experienced the alleged defect after their warranty expired. Because the class allegations include class members who can have no claim against Apple, the Court will have to engage in numerous, individualized analyses of factual and legal issues for each class member.

Third, the class is not maintainable under Rules 23(b)(1) or Rule 23(b)(2). These types of class actions are not suitable for actions where recovery of money damages is the primary relief sought by the Plaintiff. Plainly, the purpose of this lawsuit is money damages.

**10. RELATED CASES**

The parties are aware of one related class action: *Roman Huf. v. Apple, Inc.*, United States District Court, Northern District of California (Case No. C09-01064 RS) (the "*Huf* action"). On May 8, 2009, Apple filed an administrative motion in the above-captioned action, with the stipulation of counsel in the *Huf* action, to relate the *Huf* action and this action.

**11. RELIEF**

Plaintiffs seek legal and equitable relief, including damages and rescission.

**12. SETTLEMENT AND ADR**

The parties have discussed generally the merits of their respective positions but have not engaged in any further settlement negotiations. The parties believe it is premature to engage in meaningful settlement discussions at this time.

Plaintiff's Position: Plaintiff believes that, until the pleadings are settled, it is difficult to assess the potential utility of each ADR process, and that the parties would be more likely to agree on a suitable ADR process once the scope of the claims is settled. The parties, through their counsel, will participate in the ADR phone conference.

Apple's Position: Apple proposes that once the pleadings are settled, the parties engage in an Early Neutral Evaluation ("ENE") session. If Plaintiff is unwilling to agree to an ENE session, then Apple will participate in the ADR telephone conference process.

**13. CONSENT TO MAGISTRATE JUDGE**

The parties do not consent to proceed before a Magistrate Judge for all purposes.

**14. OTHER REFERENCES**

The parties do not believe this case is suitable for other references at this time.

**15. NARROWING OF ISSUES**

At this stage in the proceedings, the parties are unaware of any issues that can be narrowed by agreement or motion, other than the anticipated motions set forth above. The parties

agree to continue to meet and confer regarding these issues and to inform this Court as applicable in the event discovery indicates agreement may be reached on the scope of any issues or reveals any additional basis to narrow the issues through motion practice.

**16. EXPEDITED SCHEDULE**

The parties agree this case is not appropriate for an expedited or streamlined procedure.

**17. SCHEDULING**

The following is the view of the parties for a case schedule for proceedings after the class certification ruling:

| DEADLINE OR EVENT | APPLE'S DATES OR POSITION | PLAINTIFF'S DATES OR POSITION |
|---|---|---|
| Completion of All Fact Discovery | Agreed. | All non-expert discovery should be completed within **six months** after entry of any class certification order. |
| Completion of Expert Discovery | Agreed. | All expert discovery should be completed within **nine months** after entry of any class certification order. |
| Deadline for Dispositive Motions | Agreed. | **Twelve months** after entry of any class certification order. |
| Hearing on Dispositive Motions | At the Court's convenience. | **Six weeks** after filing of dispositive motions. |
| Pre-trial Conference | **One month** after Court's ruling on dispositive motions, or as soon as possible based on Court's schedule. | **Three months** after filing of dispositive motions. |
| Trial | Based on Court's schedule. | **Two weeks** after pre-trial conference. |

**18. TRIAL**

Plaintiffs submit the trial will take ten to fifteen days.

Apple's Position: Apple prefers to defer providing any estimate on the length of the trial or making any decision whether the case should be tried to a jury or to the Court until after Apple's Motion to Dismiss and Motion to Strike and any Motion for Class Certification filed by Plaintiff has been resolved.

| | | |
|---|---|---|
| 1 | **19.** | **DISCLOSURE OF INTERESTED ENTITIES** |

Apple filed its Certificate of Interested Entities. Plaintiff intends to file their Certificates of Interested Entities promptly. The parties are not aware of any entities or persons, other than those identified in the Certificate, who would have an interest in the outcome of this litigation.

**20.  OTHER MATTERS**

At this time, the parties do not have any additional matters that should be raised.

DATED: May 11, 2009    SEEGER WEISS LLP

By:   /s/ Jonathan Shub  
    JONATHAN SHUB

Attorneys for Plaintiff
ARAM HOVSEPIAN


DATED: May 11, 2009    PAUL, HASTINGS, JANOFSKY & WALKER LLP

By:   /s/ Thomas A. Counts  
    THOMAS A. COUNTS

Attorneys for Defendant
APPLE INC.

I attest that concurrence in the filing of this document has been obtained from Jonathan Shub for Plaintiff.

By: /s/ Thomas A. Counts
Thomas A. Counts
Attorney for Defendant
APPLE INC.

**ADDITIONAL COUNSEL**:

David R. Buchanan
**SEEGER WEISS LLP**
One Williams Street
New York, NY 10004
(212) 584-0700

Eric D. Freed (SBN 164526)
George K. Lang
Michael J. Lotus
**FREED & WEISS LLC**
111 W. Washington St., Suite 1331
Chicago, Illinois 60602
(312) 220-0000

Michael J. Boni
**BONI & ZACK, LLC**
16 St. Asaphs Road
Bala Cynwyd, PA 19004
(610) 822-0200