1   DAVID M. WALSH (SB# 120761)  davidwalsh@paulhastings.com
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
2   515 South Flower Street
    Twenty-Fifth Floor
3   Los Angeles, CA  90071
    Telephone:  (213) 683-6000
4   Facsimile:  (213) 627-0705

5   THOMAS A. COUNTS (SB# 148051)  tomcounts@paulhastings.com
    ERIC A. LONG (SB# 244147)  ericlong@paulhastings.com
6   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    55 Second Street
7   Twenty-Fourth Floor
    San Francisco, CA  94105-3441
8   Telephone:  (415) 856-7000
    Facsimile:  (415) 856-7100
9
    Attorneys for Defendant
10  APPLE INC.

11                        UNITED STATES DISTRICT COURT

12                      NORTHERN DISTRICT OF CALIFORNIA

13                              SAN JOSE DIVISION

14

15  ARAM HOVSEPIAN, individually and on          CASE NO. C 08-05788 JF
    behalf of all others similarly situated,
16                                               **DEFENDANT APPLE INC.'S NOTICE OF**
                    Plaintiff,                    **MOTION AND MOTION TO DISMISS**
17                                               **AMENDED CLASS ACTION**
            vs.                                  **COMPLAINT; MEMORANDUM OF**
18                                               **POINTS AND AUTHORITIES IN**
    APPLE INC.,                                  **SUPPORT THEREOF**
19
                    Defendant.
20                                               Date:    July 24, 2009
                                                 Time:    9:00 a.m.
21                                               Dept.:   Courtroom 3, 5th Floor

22                                               Complaint Filed:  December 31, 2008

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ........................................................................................................ 1

II.  SUMMARY OF ALLEGATIONS ............................................................................ 2

III.  LEGAL ARGUMENT ............................................................................................... 3

    A.  Standard of Review ........................................................................................ 3

    B.  Plaintiff's First and Second Causes of Action Fail to State a Claim ..................... 4

        1.  Plaintiff's CLRA and UCL Claims Must be Dismissed Because the Complaint Fails to Allege a Duty to Disclose ............................................. 4

        2.  Plaintiff Has Not Adequately Alleged a Claim Under the Alternative Prongs of the UCL ...................................................................... 7

            a.  Plaintiff Has Not Adequately Alleged a Claim Under the "Unlawful" Prong of the UCL ........................................................ 8

            b.  Plaintiff Has Not Adequately Alleged a Claim Under the "Unfair" Prong of the UCL ............................................................. 8

        3.  Procedural Inadequacies Mandate Dismissal of Plaintiff's CLRA Claim, as Plaintiff Failed to Timely Serve a Demand Letter ................... 10

    C.  Plaintiff's Third Cause of Action for Fraudulent Omissions Should be Dismissed for Failure to Allege a Duty to Disclose ............................................. 11

    D.  Plaintiff's Fourth Cause of Action for Unjust Enrichment Must be Dismissed Because the Complaint Fails to Allege Any Misconduct ................... 12

    E.  Plaintiff's Fifth Cause of Action for Declaratory Relief Must be Dismissed Because There is No Actual Controversy ........................................ 13

IV.  CONCLUSION: DISMISSAL WITH PREJUDICE IS APPROPRIATE ....................... 13

# TABLE OF AUTHORITIES

**Page**

## CASES

*Balistreri v. Pacifica Police Department,*
 901 F.2d 696 (9th Cir. 1990) ............................................................................ 3

*Bardin v. DaimlerChrysler Corp.,*
 136 Cal. App. 4th 1255 (2006) ................................................................... passim

*Bell Atlantic Corp. v. Twombly,*
 550 U.S. 544, 127 S. Ct. 1955 (2007) .................................................................. 3

*Bly-Magee v. California,*
 236 F.3d 1014 (9th Cir. 2001) ......................................................................... 3, 4

*Cattie v. Wal–Mart Stores, Inc.,*
 504 F. Supp. 2d 939 (S.D. Cal. 2007) ............................................................... 10

*Choice Hotels International, Inc. v. Wright,*
 355 B.R. 192 (Bankr. C.D. Cal. 2006) .............................................................. 12

*Daugherty v. American Honda Motor Co., Inc.,*
 144 Cal. App. 4th 824 (2006) ..................................................................... passim

*Eminence Capital, LLC v. Aspeon, Inc.,*
 316 F.3d 1048 (9th Cir. 2003) ........................................................................... 14

*Ghirado v. Antonioli,*
 14 Cal. 4th 39 (1996) ......................................................................................... 13

*Glenn K. Jackson Inc. v. Roe,*
 273 F.3d 1192 (9th Cir. 2001) ............................................................................. 8

*Hoey v. Sony Electronics Inc.,*
 515 F. Supp. 2d 1099 (N.D. Cal. 2007) ...................................................... passim

*Jackson Inc. v. Roe,*
 273 F.3d 1192 (9th Cir. 2001) ............................................................................. 8

*Jenkins v. Commonwealth Land Title Insurance Co.,*
 95 F.3d 791 (9th Cir. 1996) ................................................................................. 7

*Jogani v. Superior Court,*
 165 Cal. App. 4th 901 (2008) ............................................................................ 12

*Khoury v. Maly's of California, Inc.,*
 14 Cal. App. 4th 612 (1993) ................................................................................ 7

*Laster v. T-Mobile USA, Inc.,*
  407 F. Supp. 2d 1181 (S.D. Cal. 2005) .................................................................. 10

*LiMandri v. Judkins.,*
  52 Cal. App. 4th 326 (1997) ................................................................................... 11

*Long v. Hewlett-Packard Co.,*
  2007 U.S. Dist LEXIS 79262 (N.D. Cal. July 27, 2007) ....................................... 6, 7

*Lorenzo v. Qualcomm Inc.,*
  2009 U.S. Dist. LEXIS 16473 (S.D. Cal. Mar. 3, 2009) ........................................ 12

*Melchior v. New Line Productions, Inc.,*
  106 Cal. App. 4th 779 (2003) ................................................................................. 12

*Oestreicher v. Alienware Corp.,*
  544 F. Supp. 2d 964 (N.D. Cal. 2008), *aff'd* 2009 U.S. Dist. LEXIS 7259 (9th Cir.
  Apr. 2, 2009) ................................................................................................... *passim*

*Outboard Marine Corp. v. Superior Court,*
  52 Cal. App. 3d 30 (1975) ...................................................................................... 10

*Swanson v. USProtect Corp.,*
  2007 U.S. Dist. LEXIS 37658 (N.D. Cal. May 10, 2007) ...................................... 12

*United Public Workers v. Mitchell,*
  330 U.S. 75 (1947) .................................................................................................. 13

*Vess v. Ciba–Geigy Corp. USA,*
  317 F.3d 1097 (9th Cir. 2003) .................................................................................. 7

*Von Grabe v. Sprint PCS,*
  312 F. Supp. 2d 1285 (S.D. Cal. 2003) ........................................................... 3, 4, 10

*Williams v. Alioto,*
  549 F.2d 136 (9th Cir. 1977) .................................................................................. 13

**STATUTES AND RULES**

28 U.S.C. § 2201 ............................................................................................................ 13

Federal Rule of Civil Procedure 9(b) ...................................................................... 3, 7

Federal Rule of Civil Procedure 12(b)(6) .................................................................... 3

Cal. Bus. & Prof. Code § 17200 *et seq.* ................................................................. 1, 7

-iii-

# TABLE OF AUTHORITIES
## (continued)

**Page**

Cal. Civ. Code § 1750 *et seq.*............................................................................................... 1

Cal. Civ. Code § 1782 ........................................................................................................... 10

1

## NOTICE OF MOTION AND MOTION TO DISMISS

2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3

PLEASE TAKE NOTICE THAT on July 24, 2009 at 9:00 a.m. in Courtroom 3 of

4

the United States District Court for the Northern District of California, San Jose Division, located

5

at 280 South First Street, San Jose, California 95113, before the Honorable Judge Jeremy Fogel,

6

Defendant Apple Inc. ("Apple") will and hereby does move to dismiss Plaintiff's Amended Class

7

Action Complaint ("Amended Complaint").

8

This Motion is based on Federal Rules of Civil Procedure 12(b)(6) and 9(b); this

9

Notice of Motion and Motion; the attached Memorandum of Points and Authorities; Apple's

10

Request for Judicial Notice and the Declaration of Eric A. Long, filed concurrently herewith; the

11

Amended Complaint; and the pleadings, papers and other documents on file in this action along

12

with any evidence and argument presented at the hearing in this matter.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 08-05788 PVT                                          APPLE INC.'S MOTION TO DISMISS

## STATEMENT OF ISSUES

1.      Whether the First Cause of Action for violation of the CLRA fails to state a claim because, under *Daugherty* and its progeny, the Amended Complaint fails to allege a duty to disclose.

2.      Whether the First Cause of Action for violation of the CLRA fails to state a claim because Plaintiff failed to timely serve a demand letter.

3.      Whether the Second Cause of Action for violation of the UCL should be dismissed because Plaintiff fails to plead facts sufficient to state a claim under the "fraudulent," "unlawful," or "unfair" prong of the UCL.

4.      Whether the Third Cause of Action for Fraudulent Omission fails to state a claim because the Amended Complaint fails to allege a duty to disclose.

5.      Whether the Fourth Cause of Action for Unjust Enrichment fails to state a claim because the Amended Complaint fails to allege any misconduct resulting in Apple's enrichment.

6.      Whether the Fifth Cause of Action for Declaratory Relief fails to state a claim because there is no actual controversy.

## I.   INTRODUCTION

More than two years ago, Plaintiff Aram Hovsepian purchased an Apple iMac computer. The computer came with Apple's express, one-year limited warranty, which provided that Apple would repair defects in workmanship or material at no cost to the consumer during the period of the limited warranty. By the terms of this express warranty, the duration of any implied warranties was co-extensive with the one-year duration of Apple's express warranty. Plaintiff's own Amended Complaint establishes that his computer functioned without issue during the warranty period and *until after the warranty expired*.

Now, almost a year and one-half after the limited express warranty and any implied warranties expired, Plaintiff complains that his computer's LCD display no longer functions properly because of the appearance of vertical lines. Although Plaintiff's claims are based on a performance issue that Plaintiff concedes first arose after the warranty period, Plaintiff purports to allege claims for fraudulent omission; violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* (the "UCL") and Consumers Legal Remedies Act, Civil Code § 1750 *et seq.* (the "CLRA"); unjust enrichment and declaratory relief on behalf of himself and a putative class of all purchasers in the United States of Apple iMac computers.[1]

Plaintiff previously asserted similar or virtually identical claims in his original complaint. (*See* Docket No. 1.) Upon Apple's first motion to dismiss and motion to strike (*see* Docket Nos. 13 & 14), Plaintiff amended his allegations in an effort to resolve the deficiencies raised in both motions. Plaintiff dismissed his warranty claim, restated the four claims that remain, and added a derivative claim for fraudulent omissions. Plaintiff's second bite at the apple fares no better than his first. Each claim contained in the Amended Complaint brought by Plaintiff is meritless and must be dismissed with prejudice. Because the Amended Complaint alleges that the defect manifested itself long after the express warranty and any implied

---

[1] In the Amended Class Action Complaint, Plaintiff abandons his claim for breach of implied warranty of merchantability, adds a claim for fraudulent omission, and separates his hybrid claim for "Violations of the California Unfair Business Practices Act and California Consumer Legal Remedies Act" into two distinct, but nevertheless still flawed, causes of action.

warranties expired, Plaintiff's CLRA, UCL, and fraud claims fail as a matter of law under

*Daugherty v. American Honda Motor Co., Inc.,* 144 Cal. App. 4th 824, 829 (2006), and the

decisions of this Court applying *Daugherty*, which hold that **no viable claim for unlawful or**

**unfair business practices, false advertising or concealment may be stated regarding a**

**product that functions as represented during the express warranty period**.

The Court in *Daugherty* aptly identified the negative consequences of adopting the

novel theories of liability advanced here by Plaintiff:

> Opening the door to plaintiffs' new theory of liability would change
> the landscape of warranty and product liability law in California.
> Failure of a product to last forever would become a 'defect,' a
> manufacturer would no longer be able to issue limited warranties,
> and product defect litigation would become as widespread as
> manufacturing itself.

*Daugherty*, 144 Cal. App. 4th at 829. Apple respectfully requests that the Court keep the door

closed to Plaintiff's flawed theories and dismiss **with prejudice** each of Plaintiff's five causes of

action in Plaintiff's Amended Complaint.

## II.  SUMMARY OF ALLEGATIONS

Apple designs, manufactures and sells personal computers, including the iMac

desktop computer. (Amended Class Action Complaint ("Cmplt.") at ¶¶ 1, 2 & n.1.) Apple

provides a limited, one-year express warranty for the iMac. (Declaration of Eric A. Long ("Long

Decl."), Ex. A at p. 1, filed concurrently herewith.) This express warranty specifically excludes

any implied warranties, including the implied warranty of merchantability, and, in the alternative,

limits the duration of any implied warranties, if applicable, to the same, one-year duration of the

express warranty. *Id.* at p. 2.

Plaintiff alleges that he purchased an iMac in October 2006. (Cmplt. at ¶ 15.)

Plaintiff further alleges that unwanted vertical lines began to appear on the LCD display screen of

his iMac in March 2008 – at least four months after the expiration of all warranties. *Id.* Plaintiff

does not allege he was denied warranty service by Apple during his first year of ownership, nor

does he contend Apple breached its one-year limited warranty. To the contrary, Plaintiff alleges

that he suffered harm only after Apple's limited warranty expired. *Id.* According to the

Amended Complaint, the "[v]ertical lines on LCD screens are the result of a bad transistor or connection on the back of the screen, a manufacturing and/or design defect." (*Id.* at ¶ 20.) In addition, Plaintiff alleges that Apple was aware of this alleged "latent defect" and its propensity to manifest (*id.* at ¶¶ 1, 9); that Apple had "not notified…or warned" consumers about iMac design and manufacturing defects (*id.* at ¶ 9); and that Apple "breach[ed] its duty to disclose material facts regarding its knowledge of the risk that vertical lines would appear prematurely on iMac display screens." (*Id.* at ¶ 19.)

## III.  LEGAL ARGUMENT

### A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) requires dismissal if a complaint lacks sufficient facts to support the alleged claim or fails to assert a cognizable theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (motion to dismiss should be granted if a plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face"). Allegations of material fact are construed in the light most favorable to the plaintiff; however, the court need not "accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences." *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 968 (N.D. Cal. 2008), *aff'd* 2009 U.S. Dist. LEXIS 7259 (9th Cir. Apr. 2, 2009) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) and *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)). Apple moves to dismiss, with prejudice, each of the five causes of action because the Amended Complaint does not, and under California law cannot, plead facts sufficient to state a claim against Apple.

In addition, Federal Rule of Civil Procedure 9(b) provides that "[i]n all averments of fraud or mistake, the circumstance constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. Proc. 9(b). Under Rule 9(b), mere conclusory allegations of fraud are insufficient. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Rather, "[t]he allegations must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just

deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quotations omitted). To meet this standard, a complaint must provide the time, place, and content of the alleged fraudulent representation or omission, as well as the circumstances indicating fraudulent conduct. *See Vess*, 317 F.3d at 1106. Rule 9(b)'s heightened pleading requirement applies to allegations of fraud and allegations that sound in fraud, including false representations or omissions. *Id.* at 1106-07.

### B. Plaintiff's First and Second Causes of Action Fail to State a Claim.

The First and Second causes of action, as amended, should be dismissed for three reasons. First, California courts consistently dismiss with prejudice CLRA and UCL claims based on an alleged failure to disclose where the complaint fails to establish a duty to disclose. Second, Plaintiff has not adequately alleged a claim under the "fraud," "unlawful," or "unfair" prong of the UCL. Finally, Plaintiff's CLRA claim must be dismissed due to procedural inadequacies.

### 1. Plaintiff's CLRA and UCL Claims Must be Dismissed Because the Complaint Fails to Allege a Duty to Disclose.

Plaintiff's CLRA and UCL claims are not based on an affirmative misrepresentation. Rather, Plaintiff alleges that Apple violated the CLRA and the UCL by failing to disclose material facts. (Cmplt. at ¶ 19 ("This case arises out of Apple's breach of its duty to disclose material facts regarding its knowledge of the risk that vertical lines would appear prematurely on iMac display screens…."); *see also* Cmplt. at ¶ 28 ("Apple has failed to warn consumers about material facts regarding the Defect with iMac display screens, and failed to warn about the risk that iMac display screens would develop unwanted vertical lines.").) Under California law, such allegations are insufficient to state claims under the CLRA and the UCL because Plaintiff fails to allege any facts giving rise to a duty to disclose.[2]

In *Daugherty v. American Honda Motor Co., Inc.,* 144 Cal. App. 4th 824 (2006),

---

[2] Plaintiff now alleges summarily that Apple had an affirmative duty to disclose. (Cmplt. at ¶¶ 48-49, 75-76.) But, as explained below, Plaintiff's factually unsupported allegations that Apple had a duty do not create a duty under California law, nor do they satisfy Rule 9(b)'s pleading requirements.

-4-

the plaintiff made similar claims.  The plaintiff filed a nationwide class action lawsuit against American Honda Motor Corporation alleging that its F22 engine had a defect that, over time, resulted in dislodgement of an oil seal.  *Id.* at 827.  The complaint alleged that Honda, despite knowledge of the defect, failed to disclose to consumers that the engines had this defect.  *Id.* at 833.  Affirming the trial court's dismissal, the Court of Appeal confirmed that "to be actionable [under the CLRA] the omission [of a fact] must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose."  *Id.* at 835.

        In explaining why the plaintiff's complaint failed to meet the governing standard, the court held that the plaintiff failed "to identify any representation by Honda that its automobiles had any characteristic they do not have, or are of a standard or quality they are not."  *Id.* at 834.  Plaintiff failed to allege that Honda had ever disclosed other facts that would have the likely effect of misleading the public "'for want of communication'" of the defect.  *Id.* at 836 (quoting *Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1276 (2006)).  The result was the same under the plaintiff's UCL claim.  Honda's failure to disclose the alleged defect, in the absence of any alleged misrepresentation, was insufficient to state a claim under the UCL.  *Id.* at 838 ("We cannot agree that a failure to disclose a fact one has no affirmative duty to disclose is 'likely to deceive' anyone within the meaning of the UCL.")  Accordingly, absent an alleged misrepresentation or a duty to disclose, the CLRA and UCL claims were dismissed **with prejudice**.  *Id.* at 829, 840.

        The court in *Bardin v. DaimlerChrysler* also dismissed CLRA and UCL claims because the complaint failed to allege an affirmative misrepresentation or facts that established a duty to disclose a defect.  *Bardin*, 136 Cal. App. 4th at 1275-76.  In *Bardin*, the plaintiff alleged that DaimlerChrysler chose to use less expensive tubular steel exhaust manifolds in its automobiles, that it knew the manifolds would crack and fail, and that it concealed these facts from the public.  *Id.* at 1262.  The court held that, "[i]n order to be deceived, members of the public must have had an expectation or an assumption about the materials used in [the defendant's] vehicle[s]."  The complaint failed to allege facts sufficient to state a claim, namely, because the plaintiff failed to allege (1) that the public had any expectation regarding the life span

        

of the exhaust manifold or the materials used to manufacture the exhaust manifolds; or (2) facts showing that the defendant made any representation or misrepresentation regarding its vehicle. *Id.* at 1275. The court also dismissed the plaintiff's CLRA claim based on the same rationale. *Id.* at 1276.

California courts have consistently followed the reasoning of *Daugherty* and *Bardin.* *See, e.g., Hoey v. Sony Elecs. Inc.,* 515 F. Supp. 2d 1099, 1103-05 (N.D. Cal. 2007) (dismissing CLRA and UCL claims based on alleged failure to disclose a soldering defect in defendant's computers in the absence of any alleged misrepresentation or alleged representation that the computers have characteristics they do not have); *Long v. Hewlett-Packard Co.,* 2007 U.S. Dist LEXIS 79262, at *24 (N.D. Cal. July 27, 2007) (failure to disclose defect of computer monitor, in the absence of any representation as to the life of the component or the useful life of the computer, failed to state a CLRA or UCL claim); *Oestreicher*, 544 F. Supp. 2d at 970 (dismissing CLRA and UCL claims based on defendant's alleged failure to disclose alleged defects in defendant's notebook computer).

Here, just as in *Daugherty* and its progeny, the Amended Complaint fails to allege **any** misrepresentations by Apple. Plaintiff has also failed to allege any **facts** that show that Apple had a duty to disclose the alleged defect. There are no allegations that Apple made any representation that the iMacs have any characteristics that they do not have. There are no allegations that Apple failed to disclose other facts that would have the effect of misleading the public "'for want of communication'" about the alleged defect. *Bardin*, 136 Cal. App. 4th at 1276. And there are no allegations of physical injury or safety concerns. Hence, the Amended Complaint is completely devoid of any of the required allegations to state a claim under the CLRA and the UCL.

*Daugherty* and its progeny sound a consistent theme: an alleged failure to disclose a defect that may manifest after the expiration of the warranty period alone is insufficient to state a claim under the CLRA or UCL. *Daugherty,* 144 Cal. App. 4th at 838 ("[t]he only expectation buyers could have had about the [product] was that it would function properly for the length of Honda's express warranty, and it did.); *Hoey*, 515 F. Supp. 2d at 1105 ("[t]here is no authority

that provides that the mere sale of a consumer electronics product in California can create a duty to disclose any defect that may occur during the useful life of the product."); *Bardin,* 136 Cal. App. 4th at 1275 (allegations that defendant concealed facts regarding an alleged defect that caused premature cracking and failure, in the absence of alleged misrepresentations or allegations that the public had an expectation regarding the life span of the product, failed to state a UCL claim); *Oestreicher,* 544 F. Supp. 2d at 970 (dismissing CLRA and UCL claims "since any defects in question manifested themselves after expiration of the warranty period[.]"); *Long*, 2007 U.S. Dist LEXIS 79262, at *23-24 (UCL claim must be dismissed since, absent any affirmative statements as to the life span of the component or computer, the consumers' only reasonable expectation is that the computer will function properly for the duration of the express warranty).

To the extent that the UCL claim is based on an allegation of fraudulent conduct, it must also satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b). *Vess*, 317 F.3d at 1103; *Hoey*, 515 F. Supp. 2d at 1106. Plaintiff's bare averment to "fraudulent business acts" is wholly insufficient to satisfy this heightened pleading standard. *See* Cmplt. at ¶¶ 64-65; *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 796 (9th Cir. 1996) (dismissal is proper where allegations of fraud fail to specify the "'time, place [and] specific nature of the fraudulent representations'" and falsity).

Accordingly, because the Amended Complaint fails to allege any misrepresentation or any facts that give rise to a duty to disclose, Plaintiff's CLRA and UCL claims must be dismissed.

### 2. Plaintiff Has Not Adequately Alleged a Claim Under the Alternative Prongs of the UCL.

The UCL prohibits business practices that are "unlawful, unfair or fraudulent." Cal. Bus. & Prof. Code § 17200 *et seq.* Plaintiff must "describe with . . . reasonable particularity the facts supporting . . . the violation." *Khoury v. Maly's of California, Inc.,* 14 Cal. App. 4th 612, 619 (1993). As discussed above in Part III.B.1, under the cases of *Daugherty*, *Bardin*, and *Oestreicher*, the Amended Complaint fails to state a cause of action under the "fraudulent" prong of the UCL because the Complaint fails to allege any misrepresentation or a duty to disclose.

Nor can Plaintiff save his claim by relying on the "unlawful" or "unfair" prongs of the UCL.

        a.        <u>Plaintiff Has Not Adequately Alleged a Claim Under the "Unlawful" Prong of the UCL.</u>

"By proscribing unlawful business practices, the UCL borrows violations of other laws and treats them as independently actionable." *Daugherty,* 144 Cal. App. 4th at 837. Plaintiff must describe the manner in which the allegedly unfair business practice is "unlawful."

To the extent that the Plaintiff seeks to "borrow" the CLRA as the predicate unlawful act, this claim must be dismissed. As explained above, since Plaintiff has failed to state a clam under the CLRA, a UCL claim based on an alleged violation of the CLRA also fails. *Daugherty,* 144 Cal. App. 4th at 838 (where the complaint failed to adequately allege a cause of action under the CLRA, plaintiff cannot state a violation of the UCL under the "unlawful" prong predicated on a violation of either statute). In addition, to the extent that Plaintiff's UCL claim is based on any of the other causes of action in the Amended Complaint, the UCL claim must be dismissed since, as explained below, the remaining causes of action also fail to state a claim. *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (9th Cir. 2001) ("the breadth of § 17200 does not give a plaintiff license to 'plead around' the absolute bars to relief contained in other possible causes of action by recasting those causes of action as ones for unfair competition.") (quoting *Cel-Tech Comm., Inc. v. L.A. Cellular Tel. Co*., 20 Cal. 4th 163, 182 (1999)); *Hoey*, 515 F. Supp. 2d at 1105-06 (where UCL claim is predicated on other claims that fail to state a cause of action, the UCL claim also must be dismissed).

        b.        <u>Plaintiff Has Not Adequately Alleged a Claim Under the "Unfair" Prong of the UCL.</u>

UCL claims alleging "unfair" business practices must plead either: (1) that the conduct "is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers;" or (2) that the "public policy which is a predicate to [the action is] tethered to specific constitutional, statutory, or regulatory provisions." *Bardin*, 136 Cal. App. 4th at 1260-61

-8-

(citing *Smith v. State Farm Mutual Auto. Ins. Co.*, 93 Cal. App. 4th 700, 718-19 (2001) and *Scripps Clinic v. Super. Ct.*, 108 Cal. App. 4th 917 (2003)).  Here, Plaintiff fails to satisfy either test.

In *Bardin*, the court held that the plaintiff failed to state a cause of action under the "unfair" prong of the UCL where the complaint "alleged an impact on plaintiffs in the form of the cost for the repair or replacement" of the product after an indeterminate amount of use. *Bardin*, 136 Cal. App. 4th at 1270.  Further, the court ruled that the use of component parts that the defendant allegedly knew could prematurely crack and fail does not support the conclusion that such conduct is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers" under the UCL.  *Id.* at 1270; *see also Hoey,* 515 F. Supp. 2d at 1105 ("the California Supreme court has stated the general public policy that a consumer can be 'fairly charged with the risk that the product will not match his economic expectations unless the manufacturer agrees that it will.'") (quoting *Seely v. White Motor Co.*, 63 Cal. 2d 9, 18 (1965)).  Finally, the court held that the alleged use of less expensive component parts that required earlier repair or replacement was not "tethered to any constitutional, statutory, or regulatory provision." *Bardin*, 136 Cal. App. 4th at 1273.  Accordingly, the court dismissed the plaintiff's UCL claim with prejudice.

California and federal courts have consistently followed this reasoning – Plaintiff's or consumers' economic expectations are of no consequence, absent a statement of Apple on which Plaintiff and consumers could base those expectations. *Daugherty,* 144 Cal. App. 4th at 839 (dismissing plaintiff's UCL claim with prejudice because "the failure to disclose a defect that might, or might not, shorten the effective life span of an automobile part that functions precisely as warranted throughout the term of its express warranty cannot be characterized as causing a substantial injury to consumers, and accordingly does not constitute an unfair practice under the UCL."); *see also Oestreicher,* 544 F. Supp. 2d at 973 (dismissing UCL claim based on alleged failure to disclose a latent defect that manifested after the expiration of the warranty).

Likewise here, the alleged impact on the Plaintiff is the cost for repair or replacement resulting from an alleged defect that manifested after the expiration of the express, limited warranty.  (Cmplt. at ¶¶ 15, 100(F).)  As a matter of law, Plaintiff's desire for an infinitely

durable product does not constitute a substantial injury, and thus fails to state a cause of action under the "unfair" prong of the UCL. *Bardin,* 136 Cal. App. 4th at 1269. Accordingly, the Court should dismiss Plaintiff's UCL claim with prejudice.

### 3. Procedural Inadequacies Mandate Dismissal of Plaintiff's CLRA Claim, as Plaintiff Failed to Timely Serve a Demand Letter.

In addition to substantive pleading failures set forth above, Plaintiff's CLRA claim must be dismissed because Plaintiff failed to timely notify Apple of the alleged violation and failed to attach the required venue affidavit to the Amended Complaint, as required under the CLRA.

California Civil Code section 1782 requires that, at least thirty days prior to filing a CLRA action for damages, the consumer must notify the potential defendant of the alleged violations and demand that the defendant rectify the problem. The purpose of this demand letter is to facilitate pre-complaint settlements. *Outboard Marine Corp. v. Super. Ct.*, 52 Cal. App. 3d 30, 41 (1975). Failure to timely serve a demand letter requires dismissal of the CLRA damages claim **with prejudice**. *Id.* (the clear purpose of the CLRA "may only be accomplished by a literal application of the notice provisions"); *see also Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 949-50 (S.D. Cal. 2007) (holding that "compliance with this requirement is necessary to state a claim" and dismissing CLRA claim **with prejudice** where "Plaintiff claimed damages without giving Defendants the statutorily required opportunity for settlement"); *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1196 (S.D. Cal. 2005) (dismissing CLRA claim **with prejudice**, noting that California law does not distinguish between inadvertence or willful disregard of the notice requirement, and holding that "[s]trict adherence to [section 1782's] notice provision is required to accomplish the Act's goals of expeditious remediation before litigation."); *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1303-04 (S.D. Cal. 2003) (granting motion to dismiss CLRA claim **with prejudice** because plaintiff failed to serve a timely demand letter).

Here, Plaintiff seeks damages based on alleged violations of the CLRA. (Cmplt. at ¶¶ 55, 100(D).) But Plaintiff failed to submit a demand letter thirty days prior to filing this action. Instead, by amendment, Plaintiff now alleges that on January 16, 2009 – after his original

-10-

APPLE INC.'S MOTION TO DISMISS

complaint was filed – "Plaintiff's counsel, on behalf of Plaintiff, served Apple, by certified mail, with notice of its alleged violations of the CLRA." (Cmplt. at ¶ 54.) Plaintiff completely failed to timely satisfy section 1782's requirement, and Plaintiff "cannot cure this deficiency by amendment." *Cattie*, 504 F. Supp. 2d at 950 (dismissing CLRA claim with prejudice because plaintiff first claimed for damages and then gave notice). Accordingly, the First Cause of Action must be dismissed with prejudice.

### C. **Plaintiff's Third Cause of Action for Fraudulent Omissions Should be Dismissed for Failure to Allege a Duty to Disclose.**

Plaintiff's Third Cause of Action must be dismissed because Plaintiff's allegations of fraud are inadequate. Plaintiff's Amended Complaint seeks damages resulting from Apple's alleged fraudulent concealment. The Amended Complaint goes on to allege a duty to disclose based on Apple's failure to disclose the alleged product defect. Plaintiff further alleges Apple had full knowledge, or was reckless in not knowing, of the defect.

Generally, a duty to disclose exists if one of four circumstances exists: (1) the defendant is in a fiduciary relationship with the plaintiff; (2) the defendant has exclusive knowledge of material facts not known to the plaintiff; (3) the defendant actively conceals a material fact from the plaintiff, or (4) the defendant makes partial representations but also suppresses some material facts. *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 337 (1997). Plaintiff alleges the second and third prongs exist. (Cmplt. at ¶ 76.) Plaintiff's allegations, however, do not establish the factual basis required under either prong.

As the court in *Oestreicher* observed, "allegations of this nature [] could be made about any alleged design defect in any manufactured product." *Oestreicher*, 544 F. Supp. 2d at 974. The heightened pleading requirements of Rule 9(b) were designed to avoid such threadbare claims. Moreover, anonymous consumer complaints posted on Apple's website at an unknown time (*see* Cmplt. at ¶ 24) are not enough to impute knowledge upon Apple. *Id.* at 974 n.9. Importantly, Plaintiff has not alleged that Apple knew of the customer complaints at the time Plaintiff bought his computer. (*See* Cmplt. at ¶ 26 (citing consumer complaints existing at the time of the Amended Class Complaint - April, 2009).) Nor has Plaintiff – in his second attempt

-11-

to plead claims – identified any specific statements of Apple that its iMac has qualities it does not.

For virtually identical reasons, the court in *Oestreicher* found a lack of facts substantiating the plaintiff's fraudulent concealment claim based on an alleged latent defect. *Oestreicher,* 544 F. Supp. 2d at 974 (dismissing with prejudice plaintiff's fraudulent omission and UCL claim based on the fraudulent concealment). Here, Plaintiff fails to describe with specificity representations made by Apple with respect to the LCD that would give rise to a duty to disclose. Plaintiff also does not allege when Apple had exclusive knowledge of facts not known to him, nor could he. *See Hoey v. Sony Elecs. Inc.*, 515 F. Supp. 2d 1099 (N.D. Cal.2007) (rejecting a claim for fraudulent concealment because plaintiffs' complaint failed to identify a representation by defendant contrary to the alleged concealment). To whatever extent consumer complaints could provide Apple knowledge of the alleged defect, such knowledge was not exclusive. According to Plaintiff's own Amended Complaint, those complaints were equally available to Plaintiff on Apple's website. (Cmplt. at ¶ 76b.) Finally, Plaintiff has not and cannot identify anything in Apple's advertising and marketing materials which would give rise to a duty to disclose the alleged defect. For each of these reasons, Plaintiff fails to meet the heightened pleading standard of Rule 9(b), and his fraudulent omission claim should be dismissed with prejudice.

**D.      Plaintiff's Fourth Cause of Action for Unjust Enrichment Must be Dismissed Because the Complaint Fails to Allege Any Misconduct.**

Recent case law confirms that, under California law, there is no cause of action for unjust enrichment. "The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so." *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003) (internal quotations and citations omitted); *Lorenzo v. Qualcomm Inc.*, 2009 U.S. Dist. LEXIS 16473, at *37 (S.D. Cal. Mar. 3, 2009) ("a cause of action for unjust enrichment is not cognizable under California law"); *Jogani v. Super. Ct.*, 165 Cal. App. 4th 901, 911 (2008) ("unjust enrichment is not a cause of action"); *Swanson v. USProtect Corp.*, 2007 U.S. Dist. LEXIS 37658, at *16 (N.D. Cal. May 10, 2007) (finding that there is no cause of action for unjust enrichment under California law);

1  *Choice Hotels Int'l, Inc. v. Wright*, 355 B.R. 192, 208 (Bankr. C.D. Cal. 2006) ("Unjust

2  enrichment is not a cause of action under California law."); *but cf. Ghirado v. Antonioli*, 14 Cal.

3  4th 39, 50 (1996) (holding that a plaintiff may recover for unjust enrichment where plaintiff seeks

4  restitution).

5          Despite overwhelming authority to the contrary, even if such a claim exists, there

6  is no basis for alleging a claim of unjust enrichment here. In *Oestreicher*, the court held that

7  since the plaintiff's fraud, CLRA, and UCL claims failed to state a claim, there was no basis for

8  the unjust enrichment claim. *Oestreicher,* 544 F. Supp. 2d at 975. Here, since the Amended

9  Complaint fails to allege any other cause of action, there is no misconduct upon which to base a

10  claim for unjust enrichment. Accordingly, Plaintiff's unjust enrichment claim should be

11  dismissed. *Oestreicher* at 975; *see also Hoey,* 515 F. Supp. 2d at 1106 (dismissing claim for

12  unjust enrichment where complaint failed to state a claim under the CLRA and UCL).

13      **E.**    **Plaintiff's Fifth Cause of Action for Declaratory Relief Must be Dismissed**
**Because There is No Actual Controversy.**

14

15          To support a declaratory judgment action pursuant to 28 U.S.C. § 2201, there must

16  be an "actual controversy." *United Public Workers v. Mitchell*, 330 U.S. 75, 115 (1947);

17  *Williams v. Alioto*, 549 F.2d 136, 141 (9th Cir. 1977). In *Bardin*, the court dismissed the

18  plaintiff's claim for declaratory relief because the plaintiff had failed to state a claim under the

19  CLRA, the UCL, or for fraud. Since there were "no other facts that reveal an actual controversy

20  exists between the parties" the court dismissed the plaintiff's declaratory relief claim. *Bardin*,

21  136 Cal. App. 4th at 1277.

22          As explained above, Plaintiff fails to state a claim for any misconduct by Apple.

23  Since there is no "actual controversy" between the parties, Plaintiff's fifth cause of action for

24  declaratory relief also must be dismissed.

25  **IV.**    **CONCLUSION: DISMISSAL WITH PREJUDICE IS APPROPRIATE.**

26          For the reasons set forth above, the Amended Complaint should be dismissed.

27  Plaintiff has already taken an opportunity to amend his allegations voluntarily based on the law

28  submitted in Apple's earlier motions to dismiss and to strike. Plaintiff's amendments have failed

-13-

1   to resolve his pleading deficiencies, and dismissal should be **with prejudice** as no conceivable

2   further amendment may save Plaintiff's purported claims.  *Eminence Capital, LLC v. Aspeon,*

3   *Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).  Plaintiff was not able to – and will not be able to –

4   amend around the significant bar to recovery created by the *Daugherty* and *Oestreicher* cases.

5           Plaintiff experienced a computer malfunction after the product's express warranty

6   expired.  California law bars such claims.  Because any further amendment would be futile,

7   Plaintiff's Amended Complaint should be dismissed with prejudice.

8

9   DATED:  June 1, 2009                PAUL, HASTINGS, JANOFSKY & WALKER LLP

10

11                                      By:_____/s/ Thomas A. Counts_____
                                              THOMAS A. COUNTS
12
                                        Attorneys for Defendant
13                                      APPLE INC.

14  LEGAL_US_W # 61786769.1

15

16

17

18

19

20

21

22

23

24

25

26

27

28