| | |
|---|---|
| 1 | DAVID M. WALSH (SB# 120761) davidwalsh@paulhastings.com |
| | PAUL, HASTINGS, JANOFSKY & WALKER LLP |
| 2 | 515 South Flower Street |
| | Twenty-Fifth Floor |
| 3 | Los Angeles, CA 90071 |
| | Telephone: (213) 683-6000 |
| 4 | Facsimile: (213) 627-0705 |
| 5 | THOMAS A. COUNTS (SB# 148051) tomcounts@paulhastings.com |
| | ERIC A. LONG (SB# 244147) ericlong@paulhastings.com |
| 6 | PAUL, HASTINGS, JANOFSKY & WALKER LLP |
| | 55 Second Street |
| 7 | Twenty-Fourth Floor |
| | San Francisco, CA 94105-3441 |
| 8 | Telephone: (415) 856-7000 |
| | Facsimile: (415) 856-7100 |
| 9 | |
| | Attorneys for Defendant |
| 10 | APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARAM HOVSEPIAN, individually and on behalf of all others similarly situated, | CASE NO. C 08-05788 JF |
| Plaintiff, | **DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO STRIKE CLASS ALLEGATIONS FROM PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| APPLE INC., | |
| Defendant. | Date: July 24, 2009 |
| | Time: 9:00 a.m. |
| | Dept.: Courtroom 3, 5th Floor |
| | Complaint Filed: December 31, 2008 |

Case No. C 08-05788 JF

APPLE INC.'S NOTICE OF MOT. AND MOT. TO STRIKE CLASS ALLEGATIONS OF FAC

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | SUMMARY OF ALLEGATIONS | 2 |
| III. | LEGAL STANDARD | 3 |
| IV. | PLAINTIFF'S INADEQUATE CLASS ALLEGATIONS SHOULD BE STRICKEN | 3 |
| | A. The Proposed Class is Not Ascertainable Because the Class Definition Includes Members Who Have No Injury | 4 |
| | B. The Complaint Demonstrates that the Class Cannot Be Maintained Under Rule 23(b)(3) Because Individual Issues Predominate | 5 |
| |    1. The Class Includes Members Who Did Not Purchase the Technology that Plaintiff Alleges is Defective | 6 |
| |    2. The Class Includes Members Who Have No Claim Against Apple Because They Experienced Issues with Their Display Screen After Their Warranty Expired | 6 |
| |    3. The Class Includes Entity-Plaintiffs That Cannot Sue Under CLRA | 9 |
| | C. The Complaint Demonstrates That The Class Cannot Be Maintained Under Rule 23(b)(2) Because the Primary Relief Sought is Damages | 9 |
| | D. The Complaint Demonstrates That The Class Cannot Be Maintained Under Rule 23(b)(1) | 10 |
| V. | CONCLUSION | 11 |

# TABLE OF AUTHORITIES

**Page**

<u>**CASES**</u>

*Al Barnett & Son, Inc. v. Outboard Marine Corp.*,
    64 F.R.D. 43 (D. Del. 1974) .................................................................................... 10, 11

*American Suzuki Motor Corp. v. Superior Court*,
    37 Cal. App. 4th 1291 (1995) ........................................................................................ 4

*Bardin v. DaimlerChrysler Corp.*,
    136 Cal. App. 4th 1255 (2006) ...................................................................................... 7

*Bishop v. Saab Auto. A.B.*,
    1996 U.S. Dist. LEXIS 22890 (C.D. Cal. Feb. 16, 1996) ............................................ 3, 4, 5, 7

*California Grocers Association v. Bank of America*,
    22 Cal. App. 4th 205 (1994) .......................................................................................... 9

*Castano v. American Tabacco Co.*,
    84 F.3d 734 (5th Cir. 1996) ........................................................................................... 8

*Cole v. General Motors Corp.*,
    484 F.3d 717 (5th Cir. 2007) ..................................................................................... 6, 8

*Daugherty v. American Honda Motor Co., Inc.*,
    144 Cal. App. 4th 824 (2006) .................................................................................... 6, 7

*Denney v. Deutsche Bank AG*,
    443 F.3d 253 (2nd Cir. 2006) ........................................................................................ 4

*Fantasy, Inc. v. Fogerty*,
    984 F.2d 1524 (9th Cir. 1993), *overruled on other grounds*, *Fogerty v. Fantasy, Inc.*,
    510 U.S. 517 (1994) ...................................................................................................... 3

*Fertig v. Blue Cross of Iowa*,
    68 F.R.D. 53 (N.D. Iowa 1974) ..................................................................................... 9

*Green v. Occidental Petroleum Corp.*,
    541 F.2d 1335 (9th Cir. 1976) ..................................................................................... 10

*In re Copper Antitrust Litigation*,
    196 F.R.D. 348 (W.D. Wisc. 2000) ............................................................................... 5

*In re Tobacco II Cases*,
    2009 WL 1362556, __ Cal. 4th __ (May 17, 2009) ...................................................... 5

*Kamm v. California City Development Co.*,
509 F.2d 205 (9th Cir. 1975) ........................................................................................... 3

*Kanter v. Warner-Lambert Co.*,
265 F.3d 853 (9th Cir. 2001) ........................................................................................... 9

*Kay v. Wells Fargo & Co. N.A.*,
2007 WL 2141292 (N.D. Cal. July 24, 2007) ................................................................. 3

*La Mar v. H & B Novelty & Loan Co.*,
489 F.2d 461 (9th. Cir. 1973) .......................................................................................... 9

*Long v. Hewlett-Packard Co.*,
2007 U.S. Dist. LEXIS 79262 (N.D. Cal. July 27, 2007) ............................................ 7, 8

*Martin v. Dahlberg, Inc.*,
156 F.R.D. 207 (C.D. Cal. 2007) ..................................................................................... 8

*Oestreicher v. Alienware Corp.*,
544 F. Supp. 2d 964 (N.D. Cal. 2008), *aff'd* 2009 U.S. Dist. LEXIS 7259 (9th Cir.
Apr. 2, 2009) ................................................................................................................ 7, 8

*Sidney-Vinstein v. A.H. Robins Co.*,
697 F.2d 880 (9th Cir. 1983) ........................................................................................... 3

*Thompson v. Merck & Co.*,
2004 WL 62710 (E.D. Pa. Jan. 6, 2004) .......................................................................... 3

*Tober v. Charnita, Inc.*,
58 F.R.D. 74 (M.D. Pa. 1973) ....................................................................................... 10

**STATUTES AND RULES**

28 U.S.C. § 2201 ........................................................................................................................ 2

Federal Rule of Civil Procedure 12(f) ....................................................................................... 3

Federal Rule of Civil Procedure 23 ....................................................................................... 2, 5

Federal Rule of Civil Procedure 23(a) .................................................................................. 3, 4

Federal Rule of Civil Procedure 23(a)(2) .................................................................................. 5

Federal Rule of Civil Procedure 23(b) ...................................................................................... 3

Federal Rule of Civil Procedure 23(b)(1) ................................................................ 1, 4, 10, 11

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

Federal Rule of Civil Procedure 23(b)(1)(A) .................................................................................. 10

Federal Rule of Civil Procedure 23(b)(2) ........................................................................... 1, 4, 9, 10

Federal Rule of Civil Procedure 23(b)(3) ................................................................................ passim

Federal Rule of Civil Procedure 23(c)(1)(A) ..................................................................................... 3

Federal Rule of Civil Procedure 23(d)(1)(D) .................................................................................... 3

Cal. Civ. Code § 1761(d) ................................................................................................................... 9

Cal. Civ. Code § 1780(a) ................................................................................................................... 9

| | |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION TO STRIKE** |
| 2 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: |
| 3 | PLEASE TAKE NOTICE THAT on July 24, 2009 at 9:00 a.m. in Courtroom 3 of |
| 4 | the United States District Court for the Northern District of California, San Jose Division, located |
| 5 | at 280 South First Street, San Jose, California 95113, before the Honorable Judge Jeremy Fogel, |
| 6 | Defendant Apple Inc. ("Apple") will and hereby does move to strike paragraphs 1 and 32-38 |
| 7 | (class action allegations) of Plaintiff's Amended Class Action Complaint ("Amended |
| 8 | Complaint"). |
| 9 | This Motion is based on Federal Rules of Civil Procedure 12(f), 23(a), 23(b), and |
| 10 | 23(d)(1)(D); this Notice of Motion and Motion; the attached Memorandum of Points and |
| 11 | Authorities; Apple's Request for Judicial Notice and the Declaration of Eric A. Long, filed |
| 12 | concurrently herewith; the Amended Complaint; and the pleadings, papers and other documents |
| 13 | on file in this action along with any evidence and argument presented at the hearing in this matter. |

## STATEMENT OF ISSUES

1. Whether the class allegations should be stricken for lack of an ascertainable class because the class includes members who have no injury, and therefore have no standing to sue.

2. Whether the class allegations should be stricken because, under Federal Rule of Civil Procedure 23(b)(3), the class includes members who cannot state a claim against Apple, and therefore, individual issues predominate and the class action is not the superior method for the adjudication of rights.

3. Whether the class allegations should be stricken because the class cannot be maintained under Federal Rule of Civil Procedure 23(b)(2) as the primary relief sought is damages.

4. Whether the class allegations should be stricken because the class cannot be maintained under Federal Rule of Civil Procedure 23(b)(1) as the primary relief sought is damages and individual issues predominate.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As explained below and as discussed in Apple's concurrently filed motion to dismiss, Plaintiff's Amended Complaint contains fatal defects that cannot be cured. Plaintiff simply fails to state any claim against Apple. The Amended Complaint also contains class allegations that are inadequate and should be stricken as redundant and immaterial.

This action is based on allegations that Apple "failed to disclose" a defect in its iMac LCD display screens. Specifically, Plaintiff alleges that, over one year after he purchased an Apple iMac, and after his warranty had expired, "(unwanted) vertical lines" appeared on his iMac LCD display screen. Plaintiff purports to bring this action on behalf of "[a]ll persons and entities in the United States who purchased, not for resale, an iMac computer." (Cmplt. at ¶ 32.) The face of the Amended Complaint demonstrates that this class action cannot be maintained.

First, the class is not ascertainable because it includes members who have not experienced any problems with their iMac display screens. Such members have no injury and no standing to sue.

Second, the class is not maintainable under Rule 23(b)(3) because it includes members who can have no claim against Apple. For example, the putative class includes members (a) who did not purchase the particular iMac model or the type of iMac screen that Plaintiff alleges is defective and (b) who experienced the alleged defect after their warranty expired. Because the class allegations include class members who can have no claim against Apple, the face of the Amended Complaint demonstrates that the Court will have to engage in numerous, individualized analyses of factual and legal issues for each class member. Moreover, courts have held that a nationwide class action for fraud and warranty claims is simply not a "superior" mechanism for the adjudication of rights, as required by Rule 23(b)(3).

Finally, the class is not maintainable under Rules 23(b)(1) or Rule 23(b)(2). These types of class actions are not suitable for actions where recovery of money damages is the primary relief sought by the Plaintiff. Plainly, the purpose of this lawsuit is money damages.

Accordingly, Apple respectfully requests that this Court strike Plaintiff's class

allegations in their entirety.

## II. SUMMARY OF ALLEGATIONS

Apple designs, manufactures and sells personal computers, including the iMac. (Amended Class Action Complaint ("Cmplt.") at ¶¶ 1, 2 & n.1.) Apple provides a limited, one-year express warranty for its iMac. (Declaration of Eric A. Long ("Long Decl."), Ex. A at p. 1, filed concurrently with Apple's Request for Judicial Notice.) This express warranty specifically excludes any implied warranties, including the implied warranty of merchantability, and, in the alternative, specifically limits the duration of any implied warranties, if there are any, to the same, one-year duration of the express warranty (running concurrently). *Id.* at p. 2.

The Amended Complaint alleges a nationwide class action for equitable, injunctive and declaratory relief, as well as monetary relief pursuant to Rule 23 on behalf of the following class: "**All persons and entities in the United States who purchased, not for resale, an iMac computer**." (Cmplt. at ¶ 32.) (emphasis added.) Plaintiff alleges that he purchased an iMac in October 2006 and that vertical lines began to appear on the display screen of his iMac in March 2008 – over one year after he purchased the product and after the expiration of all warranties. (*Id.* at ¶ 15.) According to the Amended Complaint, iMac LCD screens display these vertical lines due to "a bad transistor or connection on the back of the screen[.]" (*Id.* at ¶ 20.) In addition, Plaintiff alleges that Apple was aware of this alleged defect, and that Apple "has not notified consumers or warned of the propensity for vertical line screen failure." (*Id.* at ¶ 9)

Plaintiff alleges causes of action for (1) Violations of the California Consumer Legal Remedies Act; (2) Violations of the California's Unfair Competition Law; (3) fraudulent omissions; (4) unjust enrichment; and (5) declaratory relief pursuant to 28 U.S.C. § 2201.[1] (*Id.* at ¶¶ 44-100.) Plaintiff seeks money damages, as well as equitable, injunctive, and declaratory relief. (*Id.* at ¶¶ 12, 32, 38, 53.)

---

[1] In effect, Plaintiff's Amended Class Action Complaint differs from the original Complaint in that it eliminates Plaintiff's claim for breach of implied warranty of merchantability, adds a common law claim for fraudulent omission, and separates Plaintiff's flawed hybrid claim for "Violations of the California Unfair Business Practices Act and California Consumer Legal Remedies Act" into two distinct but nevertheless still flawed causes of action.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that the court may strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations omitted), *overruled on other grounds*, *Fogerty v. Fantasy, Inc.,* 510 U.S. 517 (1994); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("the function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues."). Here, the Court should strike Plaintiff's class action allegations because they are inadequate.

Under Federal Rules of Civil Procedure 12(f), Rule 23(c)(1)(A), and Rule 23(d)(1)(D), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained. Numerous courts have exercised that authority and dismissed class allegations at the pleading stage where, as here, the decision is easily reached based on the complaint and matters in the public record. *See, e.g.*, *Kay v. Wells Fargo & Co. N.A.*, 2007 WL 2141292, at *2 (N.D. Cal. July 24, 2007) (granting motion to strike; "Class allegations can, however, be stricken at the pleading stage."); *Kamm v. California City Dev. Co.,* 509 F.2d 205, 210 (9th Cir. 1975); *Thompson v. Merck & Co.*, 2004 WL 62710, at *2, *5 (E.D. Pa. Jan. 6, 2004) (granting motion to strike class allegations).

In order to certify a class, the class must be ascertainable. *Bishop v. Saab Auto. A.B.*, 1996 U.S. Dist. LEXIS 22890, at *13-14 (C.D. Cal. Feb. 16, 1996). In addition, the requirements under Federal Rule of Civil Procedure 23(a) must be satisfied. Finally, Plaintiff must satisfy one of the more stringent prerequisites set forth in Federal Civil Procedure Rule 23(b).[2]

## IV. PLAINTIFF'S INADEQUATE CLASS ALLEGATIONS SHOULD BE STRICKEN.

Plaintiff's class allegations are deficient in every respect and should be stricken.

---

[2] Plaintiff alleges that all three types of class actions set forth in Rule 23(b) apply here. (Cmplt. at ¶ 38.)

First, the class is not ascertainable because it is defined in a manner that makes the actual composition determinable only after conclusion of all proceedings. In addition, the class includes members who have no injury and, therefore, lack standing to sue. Second, the class does not satisfy Rule 23(a) or Rule 23(b)(3) because the class includes members who did not purchase the type of technology that Plaintiff alleges is defective, members who experienced the alleged defect after the warranty expired, as well as putative-members which are entities, which have no standing to sue under the CLRA. Therefore, there are questions of law and fact that are not common to the class and individual issues predominate. Finally, the class cannot satisfy Rules 23(b)(1) or 23(b)(2) because the primary relief sought is damages.

### A. The Proposed Class is Not Ascertainable Because the Class Definition Includes Members Who Have No Injury.

"[N]o class may be certified that contains members lacking Article III standing." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2nd Cir. 2006). Courts "refuse[] to include in the class those purchasers who have suffered no injury, simply because they allege they have purchased a product which 'tends to' cause injury." *Bishop*, 1996 U.S. Dist. LEXIS 22890 at *13; *see also American Suzuki Motor Corp. v. Super. Ct*., 37 Cal. App. 4th 1291, 1299 (1995) (holding that it was error to include in the class those who experienced no injury; "To hold otherwise would, in effect, contemplate indemnity for a potential injury that never, in fact, materialized.").

Here, the proposed class includes purchasers who have suffered no injury. The class is defined as "[a]ll persons and entities in the United States who purchased, not for resale, an iMac computer." (Cmplt. at ¶ 32.) This definition includes persons and entities who purchased an iMac but have not have experienced vertical lines on the iMac display screens. Those who have not experienced any problems with their display screens have no injury in fact and have no standing to sue.

Plaintiff's allegation that iMacs have a "latent" defect does not change the result. (Cmplt. at ¶ 1, 10.) In *Bishop*, 1996 U.S. Dist. LEXIS, at *5-6, the plaintiff filed a nationwide class action alleging defective wiring in the defendant's Saab 9000 product line. But the wiring

problem affected only 15 percent of this product line.  *Id.*  The plaintiff sought to certify the class as *all purchasers* of the Saab 9000 product line.  *Id.* at *12-13.  The court held that the class was too broad.  "'[T]he courts [are] not…available to those who have suffered no harm at the hands of them against whom they complain.  They have no standing to sue.'"  *Id.* at *14. (quoting *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 464 (9th. Cir. 1973)).

In class actions filed under the UCL, California state courts permit uninjured individuals to be class members, so long as the class representative has established standing.  *See In re Tobacco II Cases*, 2009 WL 1362556, __ Cal. 4th __ (May 17, 2009).  Based on the California Supreme Court's decision in *In re Tobacco II*, Plaintiff here may contend that his class allegations should survive.  However, the court in *In re Tobacco II* did not alter the Rule 23 requirements for class membership, nor did the court purport to decide the issue under Article III.  While California state law may now permit absent class members who have not lost money or property as a result of the false advertising to be represented in UCL representative actions in California state courts, under established **federal** constitutional principles, class members in federal class action must still have Article III standing, which includes injury in fact.  "Implicit in Rule 23 is the requirement that the plaintiffs and the class they seek to represent have standing."  *In re Copper Antitrust Litig.*, 196 F.R.D. 348, 353 (W.D. Wisc. 2000).

Because the putative class is not limited to those who experienced vertical lines on their display screen, it contains members who lack Article III standing and is not ascertainable; thus, the class allegations should be stricken.

**B.  The Complaint Demonstrates that the Class Cannot Be Maintained Under Rule 23(b)(3) Because Individual Issues Predominate.**

Rule 23(b)(3) requires commonality of issues – that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Rule 23(a)(2) also requires commonality of issues.  Thus, where individual issues predominate and the class action is not the superior method available, the class should not be maintained under Rule 23(b)(3).

1  Here, the putative class includes members who did not purchase the type of screen
2  that Plaintiff alleges is defective. Also, the class includes members who experienced issues after
3  their warranty expired and, therefore, have no claim against Apple. The class also includes
4  "entity" purchasers, which are not able to bring a CLRA claim because they are not "consumers"
5  under the CLRA. The Court would have to engage in individual inquiries to determine which
6  members need to be excluded based on one or more of these criteria. Further, a nationwide class
7  action is not the superior method for the adjudication of rights in cases involving fraud and
8  warranty claims. *See Cole v. Gen. Motors Corp.,* 484 F.3d 717, 724-30 (5th Cir. 2007).
9  Accordingly, the class cannot be maintained under Rule 23(b)(3) and the class allegations should
10 be stricken.

### 1. The Class Includes Members Who Did Not Purchase the Technology that Plaintiff Alleges is Defective.

13  Plaintiff alleges that the manufacturing and/or design defect at issue is "[v]ertical
14 lines on LCD screens [that] are the result of a bad transistor or connection on the back of the
15 screen[.]" (Cmplt. at ¶ 20.) But the class is broadly defined as all purchasers of any iMac
16 computer. During the statutory period, there were different iMac models and different iMac
17 screens that used various different components and technologies. Thus, the class includes
18 members who did not purchase the type of screen that Plaintiff alleges contains a defect. A
19 determination of whether the class member purchased the type of display screen at issue would
20 require an individual analysis of factual issues for each class member. Such individual analysis
21 runs counter to the purpose of Rule 23(b)(3) class actions, and also indicates that a class action is
22 not the superior method of adjudicating these issues. Therefore, the class cannot be maintained
23 under Rule 23(b)(3) and the class allegations should be stricken.

### 2. The Class Includes Members Who Have No Claim Against Apple Because They Experienced Issues with Their Display Screen After Their Warranty Expired.

26  In *Daugherty v. American Honda Motor Co., Inc.,* 144 Cal. App. 4th 824 (2006),
27 the plaintiff made similar UCL claims that the product he purchased was defective, but the Court

rejected this claim.  The plaintiff filed a nationwide class action lawsuit against American Honda Motor Corporation alleging that its F22 engine had a defect that, over time, resulted in dislodgement of an oil seal.  *Id.* at 827.  The complaint alleged that Honda received "adverse event reports and actual notice [of the defect] . . . [and] knew or should have known" of the defect.  *Id.*  The court dismissed with prejudice the plaintiff's UCL claim because "the failure to disclose a defect that might, or might not, shorten the effective life span of an automobile part that functions precisely as warranted throughout the term of its express warranty . . . does not constitute an unfair practice under the UCL."  *Id.* at 838.  California and federal courts have consistently followed this reasoning.  *See Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1270 (2006) (the use of component parts that the defendant allegedly knew could prematurely crack and fail does not, as a matter of law, support the conclusion that such conduct is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers" under the UCL); *see also Long v. Hewlett-Packard Co.,* 2007 U.S. Dist. LEXIS 79262, at *24 (N.D. Cal. July 27, 2007) (failure to disclose computer monitor defect that manifested after the warranty expires failed to state a UCL or breach of warranty claim); *Oestreicher v. Alienware Corp.,* 544 F. Supp. 2d 964, 970 (N.D. Cal. 2008) (dismissing UCL claims based on defendant's alleged failure to disclose alleged defects in defendant's notebook computer that manifested after the expiration of the warranty period), *aff'd* 2009 U.S. Dist. LEXIS 7259 (9th Cir. Apr. 2, 2009). [3]

As explained in Apple's concurrently filed motion to dismiss, the Amended Complaint plainly does not allege any affirmative representations creating a duty to disclose.  But the putative class includes those who experienced the alleged defect after the expiration of any express and implied warranties.  (Cmplt. at ¶ 32 ("All persons and entities in the United States who purchased, not for resale, an iMac computer").)  Even Plaintiff concedes that he experienced issues with his iMac after the expiration of his warranty.  Apple provides a limited, one-year express warranty for its iMac.  (Long Decl., Ex. A at p. 1, filed concurrently with Apple's Request for Judicial Notice.)  Plaintiff alleges that he did not experience issues with his iMac

---

[3] Plaintiff's allegation that iMacs have a "latent defect" that exists at the time of manufacture does not render the proposed class definition ascertainable. (Cmplt. at ¶¶ 1, 2.)  *See Bishop*, 1996 U.S. District LEXIS 22890, at *5-6, and *infra* pp. 4-5.

1  display screen until over one year after purchase.  (Cmplt. at ¶ 15) (Plaintiff "purchased an iMac

2  in October 2006, and in March 2008, had vertical lines begin to appear on his display screen.").

3  Apple also disclaimed any implied warranty of merchantability, or in the alternative, expressly

4  limited the duration of any implied warranty to one year.  (Long Decl., Ex. A at p. 2 (warranty

5  disclaimer of any implied warranty of merchantability); *see also* Ex. A, p. 1 (warranty limitation

6  of any implied warranty to the duration of the express warranty, that is, one year).)  The class

7  includes all purchasers – consumers and entities – of the iMac and includes those who

8  experienced the alleged defect after the warranty period expired.  (Cmplt. at ¶ 32.)  Therefore,

9  under *Daugherty* and its progeny, the class includes members who have no UCL or CLRA claim

10 against Apple.  *See Oestreicher,* 544 F. Supp. 2d at 970 (dismissing claims "since any defects in

11 question manifested themselves after the expiration of the warranty period"); *Long,* 2007 U.S.

12 Dist. LEXIS 79262, at *24 (plaintiff cannot state a claim where, absent any affirmative statements

13 as to the life span of the component or computer, the consumers' only reasonable expectation is

14 that the computer will function properly for the duration of the express warranty).

15         Because the purported class includes members (including Plaintiff) who can have

16 no claim against Apple, the court will have to engage in individual inquiries of each class member

17 with respect to, among other things, whether the member experienced vertical lines on their

18 display screen, when the member purchased the iMac, and when the vertical lines appeared (if at

19 all) and whether the class member is an entity and thus barred from bringing a CLRA claim.  This

20 type of individualized inquiry supports striking the class allegations under Rule 23(b)(3).

21         Finally, courts routinely hold that fraud and warranty claims are difficult to

22 maintain on a nationwide basis, and, therefore, are rarely certified.  *See Cole,* 484 F.3d at 724-30

23 (5th Cir. 2007) (warranty claims are inappropriate for class treatment); *Castano v. Am. Tabacco*

24 *Co.*, 84 F.3d 734, 745 (5th Cir. 1996) (fraud causes of action are not appropriate for class

25 treatment); *see also Martin v. Dahlberg, Inc.,* 156 F.R.D. 207, 217 (C.D. Cal. 2007).  Thus, a

26 nationwide class action is not the superior method for adjudication of the rights addressed in the

27 Amended Complaint.  Because the class cannot be maintained under Rule 23(b)(3), the class

28 allegations should be stricken.

### 3. The Class Includes Entity-Plaintiffs That Cannot Sue Under CLRA.

California Civil Code section 1780(a) provides that only "consumers" may assert an action under the CLRA. The term "consumer" is defined as "an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes." Cal. Civ. Code § 1761(d) (defining "consumer"). Entities are not "consumers" under the CLRA. *California Grocers Ass'n v. Bank of America*, 22 Cal. App. 4th 205, 217 (1994) (organizations, such as retail grocers association, cannot bring CLRA claim).

Here, the putative class definition includes "entities [] who purchased, not for resale, an iMac computer." (Cmplt. at ¶ 32.) Under the California Code, putative entity-purchasers of iMacs cannot state a CLRA claim.

### C. The Complaint Demonstrates That The Class Cannot Be Maintained Under Rule 23(b)(2) Because the Primary Relief Sought is Damages.

A class may be certified pursuant to Rule 23(b)(2) only if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." But Rule 23(b)(2) is reserved for cases where injunctive relief is the primary relief sought. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 860 (9th Cir. 2001) ("In Rule 23(b)(2) cases, monetary damage requests are generally allowable only if they are merely incidental to the litigation.") (citing 5 Moore's § 23.43[3][a] at 23-196); *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 466 (9th Cir. 1973)) (Rule 23(b)(2) "pertains to situations in which money damages are not the relief sought"). Where an individual examination of each damage claim would be required, certification under Rule 23(b)(2) is not appropriate. *Fertig v. Blue Cross of Iowa*, 68 F.R.D. 53 (N.D. Iowa 1974) ("Rule 23(b)(2) is simply not designed to require the Court to examine the particular circumstances affecting each individual member of the class.") (quoting *Baham v. Southern Bell Tel. & Tel. Co.*, 55 F.R.D. 478 (W.D. La. 1972)). Further, certification under Rule 23(b)(2) is inappropriate where Plaintiff will likely accomplish the essential goal in the litigation "without the added spur of an injunction." *Kanter v. Warner-Lambert Co.*, 265 F.3d at 860.

| | |
|---|---|
| 1 | Here, Plaintiff primarily seeks money damages. Plaintiff's primary goal – repair |
| 2 | or replacement of the allegedly defective iMac display screens – would be accomplished with |
| 3 | money damages. Plaintiff's request for injunctive relief is simply another form of a request for |
| 4 | damages, namely, to compel Apple "to establish a program to replace or repair defective iMac |
| 5 | displays" and "to establish a program to reimburse its warranty claims previously denied or paid |
| 6 | in part." (Cmplt. at ¶¶ 100(E-F).) |
| 7 | Further, an individual examination of each damages claim would be necessary |
| 8 | here. For example, Plaintiff seeks damages for alleged fraudulent omissions. Any actual |
| 9 | damages award necessarily requires an individual determination of, among other things, the cost |
| 10 | to repair or replace each class member's particular iMac display screen and the cost that each |
| 11 | class member has already incurred in repairing the alleged defect – all individualized and |
| 12 | particularized inquiries for each class member. Indeed, the Complaint concedes that this case |
| 13 | requires an individualized examination of damages. (Cmplt. at ¶ 100(D) (seeking "individual |
| 14 | damages" of class members). Since the Amended Complaint demonstrates that recovery of |
| 15 | money damages is the primary goal of the lawsuit, this action is not suitable for class treatment |
| 16 | under rule 23(b)(2) and the class allegations should be stricken. |

**D. The Complaint Demonstrates That The Class Cannot Be Maintained Under Rule 23(b)(1).**

| | |
|---|---|
| 19 | Actions for money damages also rarely qualify for certification under Rule |
| 20 | 23(b)(1). This is because "ordinarily there is neither the risk under rule 23(b)(1)(A) of |
| 21 | 'inconsistent or varying adjudications' which would 'establish incompatible standards of conduct |
| 22 | for the party opposing the class,' nor of adjudications impairing the rights of class members to |
| 23 | protect their interests under (b)(1)(B) of Rule 23." *Green v. Occidental Petroleum Corp.*, 541 |
| 24 | F.2d 1335, 1340 (9th Cir. 1976) (finding certification for money damages action under Rule |
| 25 | 23(b)(1) improper) (citing *LaMar v. H & B Novelty & Loan Co.*, 489 F.2d 461 (9th Cir. 1973)). |
| 26 | Further, "[c]ertification under 23(b)(1) should properly be confined to those causes of action in |
| 27 | which there is a total absence of individual issues." *Tober v. Charnita, Inc.*, 58 F.R.D. 74, 81 |
| 28 | (M.D. Pa. 1973); *see also Al Barnett & Son, Inc. v. Outboard Marine Corp.*, 64 F.R.D. 43, 53 |

(D. Del. 1974).

As explained above, the primary relief sought is money damages and individual issues predominate. Accordingly, Plaintiff's class allegations under Rule 23(b)(1) should be stricken.

## V. CONCLUSION

The Court should strike Plaintiff's amended class action allegations. The class is not ascertainable because it includes members who have no injury and no standing to sue. The class also includes members who cannot state a claim against Apple, and would thus require the Court to engage in an individualized inquiry of factual and legal issues for claims that are difficult to maintain on a nationwide basis. Finally, the class is not maintainable under Rules 23(b)(1) or 23(b)(2) because this action is primarily one for money damages.

DATED: June 1, 2009          PAUL, HASTINGS, JANOFSKY & WALKER LLP


By:          /s/ Thomas A. Counts
                  THOMAS A. COUNTS

Attorneys for Defendant
APPLE INC.

LEGAL_US_W # 61780620.1