1   JONATHAN SHUB (SBN 237708)
    MIRIAM L. SCHIMMEL (SBN 185089)
2   **SEEGER WEISS LLP**
    1515 Market Street, Suite 1380
3   Philadelphia, Pennsylvania  19102
    (215) 564-2300 tel; (215) 851-8029 fax
4   jshub@seegerweiss.com

5   *[ADDITIONAL COUNSEL ON SIGNATURE PAGE]*

6   Attorneys for Plaintiff,
    and all others similarly situated
7

                    **UNITED STATES DISTRICT COURT**
8                   **NORTHERN DISTRICT OF CALIFORNIA**
                          **SAN JOSE DIVISION**
9

10  ARAM HOVSEPIAN, individually and
    on behalf of all others similarly situated,     Case No. C08-05788 JF
11
            Plaintiff,                              **OPPOSITION TO DEFENDANT'S**
12                                                  **MOTION TO STRIKE  CLASS**
                                                    **ALLEGATIONS FROM**
     vs.                                            **PLAINTIFF'S AMENDED**
13                                                  **COMPLAINT**
    APPLE, INC.,
14
            Defendant.                              Date: July 24, 2009
15                                                  Time: 9:00 a.m.
                                                    Dept. Crtm. 3, 5th Floor
16

17

18

19

20

21

22

23

Dockets.Justia.com

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................... 1

II.   DEFENDANT'S MOTION TO STRIKE THE CLASS ALLEGATIONS
SHOULD BE DENIED BECAUSE IT IS AN EXTREMELY RARE AND
HIGHLY DISFAVORED MEANS OF ATTACKING CLASS ACTION
ALLEGATIONS ................................................................................................ 2

III.   APPLE'S SUBSTANTIVE ARGUMENTS ARE NOT SUPPORTED BY
TENABLE AUTHORITY ................................................................................. 6

   A.   Common Matters Predominate in Plaintiff's Claim, Especially When All
Facts Plead Are Taken As True and Construed in Plaintiff's Favor. ..................... 7

   B.   Apple's Ascertainability and Standing Arguments Are Legally and
Factually Incorrect and Procedurally Premature. ................................................. 9

     1.   Class Membership is Ascertainable Through Objective Criteria and Can Be Refined as
Part of the Rule 23 Process. ................................................................. 9

     2.   Plaintiffs Have Standing to Defeat Defendant's Motion to Strike. ............................... 11

   C.   A Duty to Disclose Exists Regardless if the Defect Manifested After the
Warranty Period Ended. ...................................................................................... 13

   D.   Whether The Class May Include Entity-Plaintiffs Is An Issue to Be
Determined At Class Certification. ...................................................................... 14

IV.   THE CLASS CAN BE MAINTAINED UNDER FRCP RULE 23(B)(1)
AND (B)(2). ...................................................................................................... 14

   E.   Plaintiff's Rule 23(b)(2) Claim is Sustainable. ............................................... 14

   F.   Rule 23(b)(1) Claim is Sustainable and Appropriate. ..................................... 16

V.   CONCLUSION ............................................................................................. 17

1

# TABLE OF AUTHORITIES

2

**Federal Cases**

3    *Ashcroft v. Iqbal*, ---U.S. --- , 2009 WL 1361536 (May 18, 2009) ................................. 7

4    *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................... 7

5    *Cole v. Asurion Corp.,* 2008 WL 5423859 (C.D.Cal. December 30, 2008) ...................... 3, 12, 13

     *Denney v. Deutsche Bank AG*, 443 F.3d 253 (2nd Cir. 2006) ............................................ 11, 12

6    *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147 (1982) .................................... 3, 11

7    *Hibbs-Rines v. Seagate Technologies, LLC,* Slip Copy, 2009 WL 513496 (N.D.Cal.) ............ 2, 11

8    *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F.Supp.2d 955 (C.D.Cal.2000) ................................... 2

9    *In re Live Concert Antitrust Litigation*, 247 F.R.D. 98 (C.D. Cal. 2007) ...................................... 8

10   *In re Wal-Mart Stores, Inc.,* 505 F.Supp.2d 609 (N.D.Cal.2007) ......................................... 3, 4, 5

11   *Kamm v. Cal. City Development Co.*, 509 F.2d 205 (9th Cir.1975) ........................................... 4, 6

12   *Kay v. Wells Fargo & Co. N.A.*, 2007 WL 2141292 (N.D. Cal. July 24, 2007).............................. 6

13   *Lockwood v. Conagra Foods, Inc.*, 597 F.Supp.2d 1028 (N.D. Cal. 2009)...................................... 3

     *Moreno v. Baca*, No. CV007149ABCCWX, 2000 WL 33356835 (C.D.Cal.2000) ...................... 4

14   *Myers v. MedQuist, Inc.*, No. 05-4608, 2006 WL 3751210 (D.N.J.2006) ................................. 3, 6

15   *Pelletz v. Weyerhaeuser Co.*, --- F.R.D. ---, 2009 WL 59126 (W.D. Wash. Jan. 9, 2009).............. 9

16   *Platte Anchor Bolt, Inc. v. IHI, Inc.,* 352 F.Supp.2d 1048 (N.D. Cal.2004)................................... 2

17   *Rosales v. Citibank,* 133 F.Supp.2d 1177 (N.D. Cal.2001) ....................................................... 2

18   *Thompson v. Merck & Co.*, 2004, WL 62710 (E.D. Pa. Jan. 6, 2004)............................................ 6

19   *Thorpe v. Abbott Labs., Inc.,* 534 F.Supp.2d 1120 (N.D.Cal.2008) ............................................ 2

     *TYR Sport Inc. v. Warnaco Swimwear Inc.*, 2009 WL 1769444 (C.D.Cal.)................................... 7

20   *Warth v. Seldin*, 422 U.S. 490 (1975) ................................................................................ 13

21

**State Cases**

22

*American Suzuki Motor Corp. v. Super. Ct.*, 37 Cal. App. 4th 1291, 1299 (1995) ...................... 12

23   *Bishop v. Saab Auto. A.B.*, 1996 U.S. Dist. LEXIS 22890 (C.D. Cal. Feb. 16, 1996) ................ 12

24

*Daugherty v. American Honda Motor Co., Inc.,* 144 Cal. App. 4th 824 (2006) .......................... 13

*In re Tobacco II Cases*, 46 Cal. 4th 298 (May 18, 2009) ............................................ 13

*Parker v. District of Columbia*, 478 F.3d 370 (D.C.Cir.2007) ...................................... 13

*Sav-on Drug Stores, Inc. v. Superior Court*, (2004) 34 Cal. 4th 319 ............................... 16

*Tober v. Charnita, Inc.*, 58 F.R.D. 74 (M.D. Pa. 1973) ............................................ 16

*Weld v. Glaxo Wellcome Inc.*, 434 Mass. 81, 746 N.E.2d 522 (2001) ................................ 16

**Rules**

*Federal Rules of Civil Procedure,* Rule 23(b)(2) ................................................ 15

**Treatises**

Manual For Complex Litigation (Fourth), § 21.222 (2004) .......................................... 10

OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE 08-cv-5788 JF

Plaintiff Aram Hovsepian, individually and on behalf of all others similarly situated ("Plaintiff"), hereby submits his Opposition to Defendant, Apple, Inc.'s ("Defendant") Motion to Strike Class Allegations from Plaintiff's Amended Complaint ("AC") as follows:

## I.     INTRODUCTION

The Court should deny Defendant Apple Inc's Motion to Strike the Class Allegations, as it is both premature and substantively infirm.  First, Defendant is premature in seeking to strike Plaintiff's class claims at the pleading stage because, as the motion makes evident, the grounds upon which the motion is based are arguments which should be raised at the class certification stage, or at the earliest, after class-related discovery has been conducted.  At the present time, Defendant has not responded to the Amended Complaint, Plaintiff has not moved for Class Certification and no discovery pertaining to class certification has been commenced.

Defendant's motion also fails because it lacks valid, sustainable grounds upon which to dismiss class allegations at the pleading stage; specifically, Defendant is erroneously mixing the grounds for *pleading* class claims, with those for *certifying* a class. The issues raised by Defendant of class ascertainability and class maintenance should be evaluated at the certification stage, not at the pleading stage before an evidentiary record has been established.  Moreover, the facts here clearly illustrate that the issues raised by Defendant regarding, for example, whether  all or just a subset of the computers at issue are inherently defective, are not those which are suitable for decision at the pleading stage, since they raise

1   issues outside of the Amended Complaint.  As such, the motion should be denied.

2   Finally, if this Court is inclined to grant Defendant's motion, Plaintiff should be

3   granted leave to amend.

4

5   **II.    DEFENDANT'S MOTION TO STRIKE THE CLASS ALLEGATIONS**

    **SHOULD BE DENIED BECAUSE IT IS AN EXTREMELY RARE AND**

6   **HIGHLY DISFAVORED MEANS OF ATTACKING CLASS ACTION**

7   **ALLEGATIONS**

8

9           It is hornbook law that motions to strike are disfavored:

10          …Because of the limited importance of pleadings in federal matters,
            motions to strike are generally disfavored. *Rosales v. Citibank,* 133

11          F.Supp.2d 1177, 1180 (N.D. Cal.2001). In most cases, a motion to
            strike should not be granted unless "the matter to be stricken clearly

12          could have ***no possible bearing*** on the subject of the litigation." *Platte
            Anchor Bolt, Inc. v. IHI, Inc.,* 352 F.Supp.2d 1048, 1057 (N.D.

13          Cal.2004).

14  *See Hibbs-Rines v. Seagate Technologies, LLC,* Slip Copy, 2009 WL 513496

15  (N.D.Cal.) (emphasis added).  Further, 'any doubt concerning the import of the

16  allegations to be stricken weighs in favor of denying the motion to strike.' See *In*

17  *re 2TheMart.com, Inc. Sec. Litig.*, 114 F.Supp.2d 955, 965 (C.D.Cal.2000).

18          A motion to strike the class allegations at the pleading stage is even less

19  favored because Rule 23 provides an established method through which it can be

20  determined whether a class is ascertainable and the definition sustainable:

21  "[M]otions to strike class allegations 'are disfavored because a motion for class

22  certification is a more appropriate vehicle' for arguments about class propriety."

23  *Hibbs-Rines,* 2009 WL 513496 at *3 (quoting *Thorpe v. Abbott Labs., Inc.,* 534

24  F.Supp.2d 1120, 1125 (N.D.Cal.2008)).   Indeed, "the granting of motions to

1    dismiss class allegations before discovery has commenced is rare." *In re Wal-Mart*

2    *Stores, Inc.,* 505 F.Supp.2d 609, 615 (N.D.Cal.2007). [1]

3         Defendant's motion is premature and should be denied on that basis. As the

4    Supreme Court has explained, because issues of certification are enmeshed with

5    the merits, rulings regarding the propriety of a class action should await class

6    discovery and subsequent class briefing. *See General Telephone Co. of Southwest*

7    *v. Falcon,* 457 U.S. 147, 160 (1982).

8         In *In re Wal-Mart Stores, Inc.,* 505 F.Supp.2d 609 (N.D.Cal.2007)**,** the court

9    followed the Supreme Court's teaching regarding why motions to strike class

10   allegations are inappropriate:

11        ….[T]he granting of motions to dismiss class allegations before
          discovery has commenced is rare. Indeed, while there is little
12        authority on this issue within the Ninth Circuit, decisions from courts
          in other jurisdictions have made clear that "dismissal of class
13        allegations at the pleading stage should be done rarely and that the
          better course is to deny such a motion because 'the shape and form of
14        a class action evolves only through the process of discovery.'" See
          *Myers v. MedQuist, Inc.,* No. 05-4608, 2006 WL 3751210, *4
15        (D.N.J.2006) (internal citations omitted) (declining to strike class
          allegations because discovery had not yet commenced and observing
16        that most courts deny such motions if brought prior to discovery)
          (string citation omitted).

17   *In re Wal-Mart Stores, Inc.,* 505 F.Supp 2d at 615. [2]

18   _____

19   [1] *See also Lockwood v. Conagra Foods, Inc.*, 597 F.Supp.2d 1028, 1034 (N.D. Cal. 2009)
     ("defendant's motion to strike the class allegations is denied" with "the Court considering the
20   issue on a fully-briefed and supported motion concerning class certification"); *Cole v. Asurion
     Corp.,* 2008 WL 5423859 at *13 (C.D.Cal. December 30, 2008) ("the Court is disinclined to
     explore the merits of these arguments at this time. Instead, the Court chooses to consider these
21   arguments in connection with Plaintiff's motion for class certification.)

22   [2] In *In re Wal-Mart Stores,* the Court noted that plaintiffs' class definitions were somewhat
     suspicious. For example, it found that, in order to evaluate some of the terms used in the class
23   definition and also determine who the members of the class were (i.e., what constituted unpaid
     and due wages and whether wages "due" to terminated employees were legally due; what "full
     and complete" compensation was), it appeared to involve a legal determination based on the
24   facts relevant to an individual potential class members.  Notwithstanding that observation, the
     court still denied Wal-Mart's Motion to Strike the class allegations as premature.

                                    3            OPPOSITION TO DEFENDANT'S
                                                 MOTION TO STRIKE 08-cv-5788 JF

1        In rejecting Wal-Mart's argument, the court pointed out that most of Wal-

2  Mart's authority consisted of cases addressing the substance of class definitions at

3  the certification stage.  The *Wal-Mart* court rejected the cases which defendant

4  Wal-Mart cited in support of striking class allegations at the pleading stage,

5  including the case cited by Apple in its moving papers, *Kamm v. Cal. City*

6  *Development Co.*, 509 F.2d 205, 212 (9th Cir.1975).  The court stated:

> Wal-Mart cites numerous cases for the proposition that the class definitions must be sufficiently definite so that it is administratively feasible for the Court to determine whether a particular individual is a member without delving into the merits of the claim. However, nearly all of these cases considered the issue of the appropriate contours of class definitions in the context of a motion for class certification. *(citations omitted.)* Generally, courts review class allegations through a motion for class certification. See, e.g. *Moreno v. Baca*, No. CV007149ABCCWX, 2000 WL 33356835, *2 (C.D.Cal.2000) (finding defendants' motion to strike class allegations premature because no motion for class certification was before the court). Such a motion should be filed "as soon as practicable" after a defendant answers. See Fed. R. Civ.P. 23(c)(1). Wal-Mart has not yet answered the FACC.
>
> While Wal-Mart correctly cites *Kamm v. Cal. City Development Co.*, 509 F.2d 205, 212 (9th Cir.1975), for the proposition that class allegations may be stricken at the pleading stage, the granting of motions to dismiss class allegations before discovery has commenced is rare.

*In re Wal-Mart Stores,* 505 F.Supp.2d, 615-616.

Accordingly, the court denied the motion to strike the class allegations because it

was premature, noting that the proper time for considering class issues will be at

the class certification stage.

        This Court's decision in *In re Wal-Mart Stores* should guide the Court here.

Here, Defendant's position is that the class allegations should be stricken because

the class definition includes members who may not legally have a claim for

damages resulting from the defect, or may not have standing to assert a claim.

Defendant's assertion here, however, is similar to Wal-Mart's because it seeks to prematurely delve into the merits of the class' legal claims.  Again, just as the court concluded in *In re Wal-Mart Stores,* even if Plaintiff in this case is ultimately unable to legally define a sustainable class for the reasons asserted in Defendant's Motion to Strike (a point which Plaintiff denies), this Court must still deny Defendant's motion to strike as premature.  Defendant has not yet answered the AC, discovery has not commenced, nor has plaintiff moved for class certification.

Further, Defendant is making a merits-type argument that the class cannot be sustained because it *presently* may include individuals who either bought a defective product, but did not experience the subject defect; did not buy what is (or will become) known to be a defective product; or bought a defective product, but experienced the failure after the warranty expired. [See Defendant's Motion, Section IV(B), 5:23-8:28].  Clearly, after Plaintiff has conducted class discovery and is seeking class certification, the class sought will include only those who are proper class members.  To strike the class allegations at the pleading stage, however, when no discovery concerning the nature of the defect(s), the extent of the iMac products that are defective, and other facts pertinent to class allegation, would be wholly prejudicial to Plaintiffs and consumers, and it would defeat the nature and purpose of the class action vehicle under *Fed. Rules of Civ. Pro.* Rule 23.

While Apple correctly notes that there is no *per se* rule against motions to strike class allegations, its only precedent is a case which is 35 years old and has been widely distinguished and limited by courts in this district and Circuit as a

1   "rare case."[3]  Consequently, Defendant's motion should be denied.

2

3

4

5

6   **III.    APPLE'S SUBSTANTIVE ARGUMENTS ARE NOT SUPPORTED**
    **BY TENABLE AUTHORITY**

7

8           Defendant incorrectly asserts that the class claims should be struck at the

9   pleading stage because the proposed class: (1) is not ascertainable since the class

10  definition includes class members who did not purchase the defective product(s)

11  and therefore have no injury[4]; (2) is not sustainable because it contains individuals

12  who purchased the product but have not experienced the defect; (3) includes

13  individuals who experienced a defect after the warranty expired; and (4) includes

14

15  _____

16  [3] The cases which Defendant offers as 'authority to strike class allegations prior to discovery if
    the complaint demonstrates that a class action cannot be maintained' do not in fact provide that
    authority.  In *Kay v. Wells Fargo & Co. N.A.*, 2007 WL 2141292, at *2 (N.D. Cal. July 24,
17  2007), the court only struck the class allegations at the pleading stage because the legal claims
    upon which the action was based (equitable tolling and fraudulent concealment) were not pled
    sufficiently to show that putative class members would be entitled to assert those claims.  *Id.,* at
18  *6.  That is not the basis upon which the motion to strike here is predicated. The other two cases
    cited by Apple for this proposition are similarly inapplicable.  *Kamm v. California City Dev. Co.*,
19  509 F.2d 205, 210 (9th Cir. 1975) has been distinguished and limited in *In Re Wal-Mart Stores,*
    *Inc.,* 505 F.Supp.2d 609, 615 (N.D.Cal.2007) (quoting . *Myers v. MedQuist, Inc.*, No. 05-4608,
20  2006 WL 3751210, *4 (D.N.J.2006)).  *Thompson v. Merck & Co.*, 2004, WL 62710, at *2, *5
    (E.D. Pa. Jan. 6, 2004) is also not applicable because the court struck class claims prior to
21  certification but notably after discovery was conducted which revealed facts that plaintiffs would
    not be able to sustain their claims.

22  [4] Defendant asserts: "During the statutory period, there were different iMac models and different
    iMac screens that used various different components and technologies. Thus, the class includes
23  members who did not purchase the type of screen that Plaintiff alleges contains a defect. A
    determination of whether the class member purchased the type of display screen at issue would
24  require an individual analysis of factual issues for each class member." (6:16-22.)

entities which cannot maintain claims under the CLRA. (Defendant's Motion To Stirke, Section I, 1:3-2:1). Not only are these arguments premature, they are untenable.

### A. Common Matters Predominate in Plaintiff's Claim, Especially When All Facts Plead Are Taken As True and Construed in Plaintiff's Favor.

Apple argues that the presence of individual issues precludes class certification. In doing so, Apple makes arguments that rely on facts that are beyond the pleadings and on facts that it will not be able to prove, even through class discovery. Apple's argument is better addressed at the class certification stage.

As listed in paragraph 34 of the FAC, there are numerous issues common to the class that will most efficiently be adjudicated on a class wide basis. Apple does not even try to controvert the existence this plethora of common issues. Indeed, because it is pursuing a Rule 12 motion, it cannot controvert these well-plead allegations. [5] Apple instead raises a series of supposedly individual issues that: (1) do not appear on the face of the complaint, (2) require inferences from facts plead in Apple's favor, (3) are factually unsupported theoretical possibilities

---

[5] As the Court stated in *TYR Sport Inc. v. Warnaco Swimwear Inc*., 2009 WL 1769444 (C.D.Cal.), under Rule 12(b)(6), plaintiff need only state "enough facts to state a claim to relief that is plausible on its face." (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility" if the plaintiff pleads facts that "allow [ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ---U.S. - - - , 2009 WL 1361536, at *12 (May 18, 2009). In resolving a 12(b)(6) motion under Twombly, the Court must also accept all well-plead factual allegations as true. *Id.* (quoting *Twombly*, 550 U.S. at 555). Factual challenges generally have no bearing under Rule 12(b)(6), and therefore, the Court may not consider material beyond the pleadings in ruling on a 12(b)(6) motion. *Id* at 555.

1   that will be disproven during class discovery, and (4) have no bearing on the issues

2   of liability and damages.[6]

3         Contrary to Apple's arguments, there will be little individual analysis of

4   claims at class certification.  Because the defect existed in the iMac screens when

5   they were manufactured, the injury occurred when the consumer purchased the

6   product, *regardless of whether the consumer has experienced the defect yet*,

7   because the consumer did not receive the product that he/she thought he/she was

8   purchasing; i.e., a screen that would not have vertical lines that blocked the

9   material on the screen and rendered it unusable.  Hence, no analysis of individual

10   issues is needed to establish injury.  Because in the Ninth Circuit "a district court

11   may not resolve any factual disputes in determining whether the Rule 23

12   requirements are satisfied", even on a full rule 23 record, Apple's Rule 12

13   predominance arguments are particularly inappropriate.  *In re Live Concert*

14   *Antitrust Litigation*, 247 F.R.D. 98, 110 (C.D. Cal. 2007) (finding that "the Ninth

15   Circuit intended to prohibit district courts from weighing conflicting evidence

16   when determining whether the Rule 23 requirements are satisfied" *Id.* at 115).

17         Here, the common issues as to liability are overwhelmingly amenable to

18   proof on a class-wide basis and were set forth in Plaintiffs' Statement of Proposed

19   Class Structures:  (1) Is there a defect in the design of the iMac screen or related

20   

---

21   [6] For example, Apple argues individual issues exist because the class includes persons who
manifest the defect after the warranty expires.  (Apple MTS at 6-7)  This argument is not based
22   on facts in the complaint.  Further, such persons have claim if Apple had a duty to disclose, an
issue extensively briefed with regard to Apple's 12(b)(6) motion. Plaintiff incorporates his
response to those arguments found in his Response to Apple's Motion to Dismiss as if fully
23   stated herein. Further, this is hardly a particularly individual issue as it is a binary question as to
whether the uniform warranty Apple supplies with its computers has expired, or whether the
class member purchased one of Apple's uniform extended warranty programs.  This argument is
24   a classic red herring.

1   components?  (2)  How does the defect manifest itself?  (3)  Did Apple know of the

2   defect (and when did it know about it)? (4)  Did Apple conceal the existence of the

3   defect from consumers while continuing to sell iMacs?  These questions, among

4   many others, will be litigated in every Apple iMac vertical screen line defect case

5   should a class not be certified here, and Apple has not explained why any of these

6   specific issues are laden with individual issues.  Such a failing would doom Apple

7   on a Rule 23(b) motion, and is instantly fatal at the Rule 12 stage.

8        The commonality of issues here are very similar to those found to be

9   common and predominant in a recently certified and settled product defect case:

10  "commonality exists because all Class members allegedly share the same problem:

11  a defect in their ChoiceDek product . . . . Common questions include whether the

12  product is defective [and] whether Defendants knew or should have known of the

13  defect . . . ."  *Pelletz v. Weyerhaeuser Co.*, --- F.R.D. ---, 2009 WL 59126, at *3

14  (W.D. Wash. Jan. 9, 2009).

15  **B. Apple's Ascertainability and Standing Arguments Are Legally and
Factually Incorrect and Procedurally Premature.**

16       Apple raises a series of arguments directed at the specificity of the class

17  definition and whether class membership is ascertainable and would include

18  persons who might lack standing to pursue a claim.  These arguments are just

19  wrong factually and legally and are improperly premature on the pleadings.

20  **1.    Class Membership is Ascertainable Through Objective
Criteria and Can Be Refined as Part of the Rule 23 Process.**

21

22       Apple claims the class is not ascertainable because the class definition

23  includes all purchasers of iMacs, not just those that Plaintiffs who had the defect

24  manifest.  (Apple MTS at 4-5.)  Like Apple's other arguments, it is wrong factually

1    and legally, and is premature in any event.

2         First, Apple misstates what is required to meet the implied requirement of

3    ascertainability.  "An identifiable class exists if its members can be ascertained by

4    reference to *objective criteria*."  (Manual For Complex Litigation (Fourth), §

5    21.222 (2004). )  The criteria in the class definition is entirely objective:  Did the

6    class member buy an iMac?

7         Second, Plaintiff's claim is that the members of the class have been injured

8    by purchasing a defectively designed product without being given notice in

9    violation of Apple's duty to disclose.  The manifestation of the defect is not the

10   sole source of injury.  Apple cites no authority and makes no claim that Plaintiff's

11   theory of injury is not cognizable (other than Apple's duty to disclose arguments

12   which have been extensively briefed).  Indeed, the law is to the contrary.

13        Third, Plaintiff seeks injunctive and compensatory relief.  Specifically,

14   Plaintiff seeks equitable relief under the UCL requiring Apple to extend its

15   warranties.  All members of the class benefit from that relief and all have been

16   injured by the risk of having their warranty expire prior to the defect manifesting.

17   Apple does not explain why ascertainability is a problem in light of the injunctive

18   relief sought.

19        Finally, a motion to strike pleadings is not the right vehicle to address

20   ascertainability considerations, given that class definitions are frequently adjusted

21   following class discovery to conform to the facts discovered, and the adjusted class

22

23

24

definitions are what the courts are asked to certify.[7]  These realities led the Court in *Hibbs-Rines* to recently observe that:

> While Plaintiff's class definitions may be insufficiently definite for the reasons cited in defendants' moving papers, the Court finds that the motion to strike the class allegations is premature. Plaintiff should at least be permitted to conduct some discovery before the Court rules on the propriety of the class allegations. The class determination "generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action."

2009 WL 513496 at *3 (the problems to be resolved during the class process were that the plaintiff's class definition "has not identified any job titles that actually exist at either company")(quoting General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 160 (1982)).

### 2.    Plaintiffs Have Standing to Defeat Defendant's Motion to Strike.

Defendant next attacks the class definition on standing grounds that the class is overbroad because it includes members of the Class whose screens have not yet exhibited the defect.  Defendant is wrong that this issue is ripe for consideration at the pleading stage and is wrong on the law.

Defendant incorrectly relies on *Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2nd Cir. 2006), to assert that a 'class cannot be certified that has members which lack Article III standing.'  *Denney* is not applicable because it addresses standing in the context of class certification (i.e., classes cannot be certified if they contain members who did not suffer an injury from the alleged defect).  *Denney*

---

[7] Defendant's contention regarding the possible inclusion of entity plaintiffs in the class definition is another example of an issue that should be addressed at the class certification stage, when discovery will help define the contours of the issue and inform whether an amended class definition is necessary.

1   does not address whether an alleged lack of standing is sufficient to strike class

2   allegations at the premature pleading stage. [8]

3          Similarly, the other cases Defendant cites also solely address class member

4   standing issues pertaining to the certification process; they neither address nor

5   mention standing as it pertains to class definition or sustainability issues at the

6   pleading stage.  Both *Bishop v. Saab Auto. A.B.*, 1996 U.S. Dist. LEXIS 22890

7   (C.D. Cal. Feb. 16, 1996) and *American Suzuki Motor Corp. v. Super. Ct.*, 37 Cal.

8   App. 4th 1291, 1299 (1995) are inapposite as they were cases decided at the class

9   certification stage after consideration of the evidence obtained in discovery

10  regarding personal injuries (*American Suzuki*) or the product's failure rate (*Saab*).

11         In fact, one of the other cases Defendant cites illustrates why standing exists

12  in the present case.  In *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 722-723 (5th Cir.

13  2007), plaintiff brought a class action for the defective airbag deployment in GM

14  vehicles.  Defendant GM argued that plaintiffs lacked standing to the extent that

15  any plaintiffs' air bags had not deployed inadvertently, and therefore, those

16  plaintiffs cannot have suffered an injury in fact.  As Apple argues here, GM urged

17  the court to adopt the argument that, without a premature deployment, a plaintiff's

18  injury is speculative, and, therefore, plaintiff's suit should be dismissed for lack of

19  standing.

20         The court held that standing was not dependent on the manifestation of the

21

22  ───────────────
    [8] The actual holding of *Denney* supports Plaintiff as the court found that Plaintiffs who had
23  received bad tax shelter advice but had not been audited had standing and an injury and noted
    that "exposure to toxic or harmful substances has been held sufficient to satisfy the Article III
    injury-in-fact requirement even without physical symptoms of injury caused by the exposure,
24  and even though exposure alone may not provide sufficient ground for a claim under state tort
    law."  *Id.* at 264-65.

1    defect. As the *Cole* court found, even without premature manifestation, plaintiffs

2    suffered a loss because the airbags in the subject vehicles were defective **at the**

3    **moment of purchase**. Hence, the injury-in-fact requirement was satisfied and,

4    therefore Article III standing is satisfied.  *Cole,* 484 F.3d at 722-723. The court

5    opined:

6          Whether recovery for such a claim is permitted under governing law
           is a separate question; it is sufficient for standing purposes that the
7          plaintiffs seek recovery for an economic harm that they allege they
           have suffered. See *Parker v. District of Columbia*, 478 F.3d 370, 377
8          (D.C.Cir.2007) ("The Supreme Court has made clear that when
           considering whether a plaintiff has Article III standing, a federal court
9          must assume arguendo the merits of his or her legal claim." (citing
           *Warth v. Seldin*, 422 U.S. 490, 501-02, 95 S.Ct. 2197, 45 L.Ed.2d 343
10         (1975))). We therefore conclude that plaintiffs have established a
           concrete injury in fact and have standing to pursue this class action.
11
     *Cole, Id.,* at 722-723.

12
13         In this case, the injury-in-fact is similarly satisfied since the defect existed in

14   the iMac screens when they were manufactured. Therefore, every purchaser

15   suffered an actual economic loss at the moment of purchase.  *Cole, Id.,* at 722-723.

16         Indeed, the California Supreme Court has recently made beyond clear that

17   members of a UCL class need not have standing as part of that statute and that only

18   the class representative had to establish standing.   *In re Tobacco II Cases*, 46 Cal.

19   4th 298 (May 18, 2009). Accordingly, standing should not be at issue here.

20         **C.     A Duty to Disclose Exists Regardless if the Defect Manifested**
                 **After the Warranty Period Ended.**

21         Defendant's argument, that under *Daugherty v. American Honda Motor Co.,*

22   *Inc.,* 144 Cal. App. 4th 824 (2006) and its progeny, the complaint fails to state a

23   claim as a matter of law, is clearly inapplicable in this motion to strike class

24   allegations. Moreover, Defendant is mistaken as *Daugherty* does not control in this

                                    13            OPPOSITION TO DEFENDANT'S
                                                  MOTION TO STRIKE 08-cv-5788 JF

case.  Plaintiffs address these arguments in their Opposition to Defendant's Motion to Dismiss the Amended Complaint.

**D.      Whether The Class May Include Entity-Plaintiffs Is An Issue to Be Determined At Class Certification.**

Defendant's contention that the class claims should be struck at the pleading stage because the class definition may include consumers and businesses is another example of an issue that should be addressed at the class certification stage.  If the Court holds that entities are not consumers and therefore cannot sustain a claim under the CRLA, then clearly the class definition will be revised accordingly. But this is an issue of whether the class is properly defined as to the subject claim, not whether the claim may or may not be sustained.

As such, the issue is prematurely made on Defendant's motion to strike and should instead be denied without prejudice so that Defendant may reassert it at the certification stage.

## IV.    THE CLASS CAN BE MAINTAINED UNDER FRCP RULE 23(B)(1) AND (B)(2).

Again, whether the class can be maintained under rule 23(b) is one to be determined at the certification stage.  Defendant provides no authority to establish that it must, or even can, be determined at this pleading stage.  Even Defendant's own arguments use language and cite cases that address the issue for purposes of class certification.  Thus, these arguments are again entirely premature. Nevertheless, Plaintiff will address the substance of Defendant's assertions.

**E.  Plaintiff's Rule 23(b)(2) Claim is Sustainable.**

1    First, money is not the primary relief sought, as Plaintiff is seeking

2  injunctive and declaratory relief.  Rule 23(b)(2) allows class actions where the

3  party opposing the class has acted or refused to act on grounds generally applicable

4  to the class, thereby making appropriate final injunctive relief or corresponding

5  declaratory relief with respect to the class as a whole. *Federal Rules of Civil*

6  *Procedure,* Rule 23(b)(2).

7    Here, the Amended Complaint seeks "injunctive relief in the form of

8  restitution and/or proportional disgorgement of funds paid to Apple to purchase the

9  iMac or repair and/or replace the defective screens, an injunction requiring Apple

10 to adequately repair the Defect or replace the iMacs free of charge." (Amended

11 Complaint, paras. 53, 71.)  Plaintiff's claims for injunctive relief are essential to

12 the resolution of the class claims and recovery for the class since monetary

13 damages does not correct the wrong done to the class, nor put it in a position where

14 consumers will receive a working, reliable product as they believed they had

15 originally purchased.  Defendant's characterization of Plaintiff's requested

16 injunctive relief to repair or replace the defective screens as monetary damages is

17 incorrect.  While repair or replacement has monetary value, it is clearly an

18 equitable remedy and not simply a payment of a cash amount.

19 Last, the cost to repair or replace the defective products would not require an

20 examination of individualized damages as defendant contends.  Rather, once the

21 defect is sufficiently assessed, the remedy will be the same as to all of them. While

22 Defendant is correct that each Class member may have varying amounts of

23 monetary damage depending on the costs to replace or repair the defective display

24

1    screens, it is axiomatic that this variation does not make class certification

2    inappropriate.  A class action is not inappropriate simply because each member of

3    the class may at some point be required to make an individual showing as to his or

4    her eligibility for recovery or as to the amount of his or her damages. *See Sav-on*

5    *Drug Stores, Inc. v. Superior Court*, (2004) 34 Cal. 4th 319 [emphasis added]. *See*

6    *also, Weld v. Glaxo Wellcome Inc.*, 434 Mass. 81, 746 N.E.2d 522 (2001) ("The

7    necessity of an individualized inquiry to determine damages does not preclude

8    class certification where all other requirements are met.")

9    ### F.  Rule 23(b)(1) Claim is Sustainable and Appropriate.

10    Here, the prosecution of separate actions by or against individual members

11    of the class would create a risk of inconsistent or varying adjudications with

12    respect to individual members of the class which would establish incompatible

13    standards of conduct for the party opposing the class, or (B) adjudications with

14    respect to individual members of the class which would as a practical matter be

15    dispositive of the interests of the other members not parties to the adjudications or

16    substantially impair or impede their ability to protect their interests.

17    Further, as Defendant states "[c]ertification under 23(b)(1) should properly

18    be confined to those causes of action in which there is a total absence of individual

19    issues," here there is an absence of individual issues. *Tober v. Charnita, Inc.*, 58

20    F.R.D. 74, 81 (M.D. Pa. 1973).  The problem at issue here is universal among all

21    those who purchased defective iMac screens. Once discovery is conducted and the

22    cause of the vertical lines in the affected product(s) is determined, there will be no

23    need for any assessment of each consumer's individual screen.

24

## V.     CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Strike Plaintiff's Class Allegations.

Dated:  July 6, 2009                                          Respectfully Submitted,


By: /s/_____
JONATHAN SHUB (SBN 237708)
**SEEGER WEISS LLP**
1515 Market Street, Suite 1380
Philadelphia, Pennsylvania  19102
(215) 564-2300


Michael D. Donovan
**DONOVAN SEARLES, LLC**
1845 Walnut Street
Suite 1100
Eric D. Freed (SBN 164526)                        Philadelphia, PA 19103
George K. Lang                                            (215) 732-6067
Michael J. Lotus
**FREED & WEISS LLC**                               Richard J. Burke
111 W. Washington St., Suite 133            **RICHARD J. BURKE LLC**
Chicago, Illinois 60602                              1010 Market Street, Suite 650
(312) 220-0000                                         St. Louis, Missouri 63101
                                                               (314) 621-8647
Michael J. Boni
**BONI & ZACK, LLC**
16 St. Asaphs Road                                 **Attorneys for Plaintiff, ARAM**
Bala Cynwyd, PA 19004                           **HOVSEPIAN, and all others similarly**
(610) 822-2000                                        **situated**


David R. Buchanan
**SEEGER WEISS LLP**
One Williams Street
New York, NY 10004
(212) 584-0700

OPPOSITION TO DEFENDANT'S
                                                              MOTION TO STRIKE 08-cv-5788 JF