Jonathan Shub (SBN 237708)
jshub@seegerweiss.com
Miriam Schimmel (SBN 185089)
mschimmel@seegerweiss.com
**SEEGER WEISS LLP**
1515 Market Street
Philadelphia, PA 19102
Phone: (214) 564-2300; Fax:  (215) 851-8029

*Attorneys for Plaintiff, Aram Hovsepian,*
*and all others similarly situated*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| ARAM HOVSEPIAN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>APPLE, INC.,<br><br>                    Defendant. | Case No.:  08-cv-05788 JF<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Judge: Jeremy Fogel<br>Courtroom: 3 - 5th floor<br>Hearing Time: 9:00 a.m.<br>Hearing Date: July 24, 2009 |

1

## <u>Table of contents</u>

2  I.        FACTUAL BACKGROUND. .................................................................... 1

3

4  II.       THE SECOND AMENDED COMPLAINT STATES A CLAIM UNDER THE
            UCL AND CLRA. ........................................................................................ 2

5      A.    THE SAC STATES A CLAIM FOR MISREPRESENTATION BY OMISSION
6            AS A RESULT OF APPLE'S DUTY TO DISCLOSE. ........................................... 5

7         1.    APPLE HAS A DUTY TO DISCLOSE THE VERTICAL LINE DEFECT
8               BECAUSE IT HAS EXCLUSIVE KNOWLEDGE OF MATERIALS FACTS
                NOT KNOWN TO PLAINTIFF ................................................................. 6
9

10        2.    APPLE HAS A DUTY TO DISCLOSE THE VERTICAL LINE DEFECT
11              BECAUSE IT HAS ACTIVELY CONCEALED THE EXISTENCE OF THIS
                DEFECT FROM PLAINTIFF ................................................................... 9

12

13     B.    THE SAC MEETS THE PROCEDURAL REQUIREMENTS OF THE CLRA 10

14
      C.    THE SAC STATES A CLAIM FOR UNJUST ENRICHMENT. ........................ 11
15

16     D.    THE SAC STATES A CLAIM FOR DECLARATORY RELIEF. .................... 13

17

18

19

20

21

22

23

24

MEMORANDUM OF PTS & AUTHS
                                                08-cv-05788 JF

## **Table of Authorities**

**Cases**

*Airborne Beepers & Video, Inc. v. AT & T Mobility LLC,* 499 F.3d 663 (7th Cir.2007)....................................................................................................3

*Am-Mark Label, Inc. v. Chiang*, 2007 WL 4424952  (Cal. App. 2 Dist. December 19, 2007)..............................................................................................10

*Bardin v. DaimlerChrysler Corp.*, 136 Cal.App.4th 1255, 39 Cal.Rptr.3d 634 (2006)........................................................................................................8

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, (2007)...........................................2, 3

*Cole v. Assurion Corp.,* 2008 WL 5423859 (C.D. Cal. December 30, 2008).........11

Committee on Children's Television, Inc. v. General Foods Corp. 35 Cal.3d 197 (1983)........................................................................................................5

*Daugherty v. American Honda Motor Co., Inc.*, 144 Cal.App.4th 824 (2006).....7, 8

*Dromy Intern. Inv. Corp. v. Channel Gateway L.P.,* 2003 WL 550131 (Cal. App. 2 Dist. February 27, 2003)...................................................................12

*Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)..........3

*Falk v. General Motors Corp.*, 496 F.Supp.2d 1088 (N.D.Cal. 2007)............. 4, 6, 9

*First Nationwide Savings v. Perry,* 11 Cal. App. 4th 1657 (Cal. App. 6 Dist. 1992) ..................................................................................................................12

*Ghirardo v. Antonioli,* 14 Cal. 4th 39 (1996) ......................................................12

*Hunter v. General Motors Corp.*, 2007 WL 4100084 (Cal. App. 2 Dist. November 19, 2007)....................................................................................................5

*LiMandri v. Judkins*, 52 Cal. App. 4th 326 (1997)....................................................6

*Stickrath v. Globalstar, Inc.,* 527 F. Supp.2d 992 (N.D. Cal. 2007) ............... 10, 11

*Stoehr v. UBS Securities, LLC,* 2008 WL 2705575 (N.D.Cal. July 10, 2008).........4

*Villegas v. J.P. Morgan Chase & Co.,* 2009 WL 605833 (N.D.Cal. March 09, 2009)..........................................................................................................3

*Washington v. Baenziger,* 673 F.Supp. 1478 (N.D.Cal.1987)..................................4

*Zwicker v. General Motors Corp.*, 2007 WL 5309204 (W.D.Wash. July 26, 2007) 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

**<u>Statutes</u>**

Cal. Civ. Code § 1782 ............................................................................11

**<u>Other Authorities</u>**

5 Witkin, SUMMARY OF CAL. LAW, TORTS §798 at 1155 (10th Ed. 2005) ..............10

**<u>Rules</u>**

Fed. R. Civ. Proc. 8 ..................................................................................3

Fed. R. Civ. Proc. 9 ..................................................................................4

Fed. R. Civ. Proc. 12 .......................................................................... 1, 2, 7

Although Apple spends thirteen pages stating its point in different ways, it's motion to dismiss under FRCP 12(b)(6) is almost entirely directed at whether Apple had a duty to disclose the defect in its iMac computer screens – a defect which causes vertical lines to distort and obscure screen images and which typically manifests itself after the one year express warranty has expired.  In making its arguments, Defendant Apple simply ignores wide swaths of Plaintiff's Amended Complaint which clearly and with specificity establish that Apple had a duty to disclose the vertical line screen defect because: (1) Apple had exclusive knowledge of the defect and the timing of its manifestation; and (2) because Apple actively concealed and in fact continues to actively conceal the defect by denying its existence to this day.  Apple does not argue that any particular paragraph of the complaint is not well-plead, and given that the facts of the Amended Complaint must be taken as true with all favorable inferences drawn in Plaintiff's favor, Apple's motion should be denied.

## I.      FACTUAL BACKGROUND.

Plaintiff is a purchaser of an Apple iMac computer that manifested the vertical line defect which progressively obscured more and more of the screen, rendering the computer unuseable.  As plead in the SAC, this is not an isolated incident, as there are now literally thousands of reports of similar problems.

Numerous portions of the Amended Complaint provide the basis for Apple's duty to disclose the vertical screen line defect including:

- Apple knows that a very high percentage of iMac display screens will develop the vertical line problem within 2-3 years of first use.  Apple is exclusively aware of this because only Apple has all the data that reveals the depth of the problem.  Apple does not make public the

number of complaints it receives, nor does it disclose the number of warranty claims or repair orders it receives, let alone reveal that information by part repaired or replaced or the problem with those parts repaired or replaced. (SAC, at ¶23);

- Apple, the designer of the screen and the components that interact with the screen, has exclusive knowledge of the design or equipment characteristics that cause the defect. (SAC, at ¶27);

- Apple has failed to take corrective action with regard to the Defect. Instead, Apple has responded by uniformly denying, on its website and in its retail stores, customer complaints and has sought to "run out the clock" on the warranties that accompanied the iMac. (SAC, at ¶31);

- Apple had a duty to disclose material facts regarding the Defect alleged here for the additional reasons:
  a.    Apple had exclusive knowledge of the Defect at the time of sale. The Defect, while obvious to an expert engineer, is latent and not something that a Plaintiff or Class members could, in the exercise of reasonable diligence, have discovered independently prior to purchase.
  b.    Apple undertook active steps to conceal it. There is nothing in Apple's advertising or marketing materials that discloses the truth about the Defect, despite ample evidence that Apple is aware of the problem by virtue of, nothing else, thousands and thousands of consumer complaints on the Internet and on Apple's own web site. Apple has at all times denied the existence of any Defect in the iMac.

These averments, each of which must be taken as true at this stage of the proceedings, more than adequately put Apple on notice of the gravamen of Plaintiff's claim.

## II.    THE SECOND AMENDED COMPLAINT STATES A CLAIM UNDER THE UCL AND CLRA.

Much ink has been wasted briefing the standards under which a Rule 12 motion must be judged in light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, (2007). But as a Court in this District recently

1   observed:

2      In *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081
3      (2007) (per curiam), decided two weeks after *Twombly,* the Court
       clarified that *Twombly* did not signal a switch to fact-pleading in the
4      federal courts. *Erickson* reaffirms that under Rule 8 "[s]pecific facts
       are not necessary; the statement need only 'give the defendant fair
5      notice of what the ... claim is and the grounds upon which it rests.' "
       127 S.Ct. at 2200, quoting *Twombly,* 127 S.Ct. at 1964. In the wake of
6      *Twombly* and *Erickson,* the Seventh Circuit clarifies the amount of
       detail that is required by <u>Rule 8(a)</u> and, thus, the detail required for a
7      claim to survive a motion to dismiss: [t]aking *Erickson* and *Twombly*
       together, we understand the Court to be saying only that at some point
8      the factual detail in a complaint may be so sketchy that the complaint
       does not provide the type of notice of the claim to which the
9      defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v.
       AT & T Mobility LLC,* 499 F.3d 663, 667-668 (7th Cir.2007). . . . the
10     Court notes the parties' respective arguments about the proper
       standard for a motion to dismiss after the Supreme Court's opinion in
11     *Twombly. In spite of arguments to the contrary, the pleading standard
       under the Federal Rules of Civil Procedure is unchanged and, so too,
12     the 12(b)(6) standard.*

13  *Villegas v. J.P. Morgan Chase & Co.,* 2009 WL 605833 at *2-3 (N.D.Cal. March

14  09, 2009) (emphasis added).  Thus, it remains the case that a complaint passes rule

15  12 muster when it puts the defendant on notice of the claims against it and includes

16  some plausible factual averments beyond mere recitation of legal elements.  Id. at

17  *3 ("By requiring plausibility on the face of the complaint, the Supreme Court was

18  not re-writing Rule 8(a)(2)'s requirement of a short and plain statement. Rule 8(a)

19  does not require a claimant to set out in detail the facts upon which his or her claim

20  is based, however, something more than a blanket assertion of entitlement of relief

21  is required. Rule 8(a) requires a claimant to provide 'fair notice' of the nature of

22  the claim and the "'grounds upon which it rests.'").  It is also still the case that,

23

24

1    "[f[or purposes of such a motion, the complaint is construed in the light most

2    favorable to the plaintiff and all properly pleaded factual allegations are taken as

3    true" and that "All reasonable inferences are to be drawn in favor of the plaintiff."

4    *Stoehr v. UBS Securities, LLC*, 2008 WL 2705575 at *2 (N.D.Cal. July 10, 2008).

5        Nor is the characterization of the heightened pleading standard for fraud

6    claims under F.R.C.P. 9(b) as severe as Apple claims.  Apple ignores that, for the

7    most part, this is a case that is based on Apple's fraudulent omission of material

8    facts.  "Clearly, a plaintiff in a fraud by omission suit will not be able to specify the

9    time, place, and specific content of an omission as precisely as would a plaintiff in

10   a false representation claim. Another judge in this district has recognized that "a

11   fraud by omission claim can succeed without the same level of specificity required

12   by a normal fraud claim."  *Falk v. General Motors Corp.,* 496 F.Supp.2d 1088,

13   1098-99 (N.D.Cal. 2007).  *See also Washington v. Baenziger*, 673 F.Supp. 1478,

14   1482 (N.D.Cal.1987) (Weigel, J.) ("Where the fraud consists of omissions on the

15   part of the defendants, the plaintiff may find alternative ways to plead the

16   particular circumstances of the fraud. [F]or example, a plaintiff cannot plead either

17   the specific time of the omission or the place, as he is not alleging an act, but a

18   failure to act.") (internal citations and quotations omitted);  *Zwicker v. General*

19   *Motors Corp.*, 2007 WL 5309204 at *4 (W.D.Wash. July 26, 2007) (defendant

20   "overstates Rule 9(b)'s requirements in fraudulent omission cases. . . . This Court

21   finds the reasoning of Falk on the exact issue before this Court persuasive and

holds that the heightened pleading requirement is relaxed in cases of fraudulent omissions.").

Finally, in the specific context of a UCL claim, the California courts and legislature have made clear that an even more relaxed pleading standard is required:

> When an unfair-competition claim is based on an alleged fraudulent business practice-that is, a practice likely to deceive a reasonable consumer-"a plaintiff need not plead the exact language of every deceptive statement; it is sufficient for [the] plaintiff to describe a scheme to mislead customers, and allege that each misrepresentation to each customer conforms to that scheme."

*Hunter v. General Motors Corp.*, 2007 WL 4100084 at * 11 (Cal. App. 2 Dist. November 19, 2007) (quoting *Committee on Children's Television, Inc. v. General Foods Corp,.* 35 Cal.3d 197, 212-213 (1983)).

Judged against these standards, it is clear that Plaintiff's complaint adequately states claims against Apple that should be tested in discovery.

## A. THE SAC STATES A CLAIM FOR MISREPRESENTATION BY OMISSION AS A RESULT OF APPLE'S DUTY TO DISCLOSE.

It is black letter law that a Plaintiff can state a claim for fraudulent omission under California law by alleging that a defendant has a duty to disclose, which can be established by proving at least one of the following four circumstances:

> (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material fact.

*LiMandri v. Judkins*, 52 Cal. App. 4th 326, 337 (1997).  As stated in the SAC,

MEMORANDUM OF PTS & AUTHS
08-cv-05788 JF

Apple has a duty to disclose by virtue of the second and third circumstances.[1]

## 1. APPLE HAS A DUTY TO DISCLOSE THE VERTICAL LINE DEFECT BECAUSE IT HAS EXCLUSIVE KNOWLEDGE OF MATERIALS FACTS NOT KNOWN TO PLAINTIFF

The SAC sets forth several specific facts, which taken as true as they must be at this stage, establish Apple's duty to disclose as a result of its exclusive knowledge of material facts.  These facts include:

- Apple knows that a very high percentage of iMac display screens will develop the vertical line problem within 2-3 years of first use.  Apple is exclusively aware of this because only Apple has all the data that reveals the depth of the problem.  (SAC, at ¶23)

- Apple does not make public the number of complaints it receives, nor does it disclose the number of warranty claims or repair orders it receives, let alone reveal that information by part repaired or replaced or the problem with those parts repaired or replaced.  (SAC, at ¶23)

- Apple, the designer of the screen and the components that interact with the screen, has exclusive knowledge of the design or equipment characteristics that cause the defect. (SAC, at ¶27)

- The Defect, while obvious to an expert engineer, is latent and not something that a Plaintiff or Class members could, in the exercise of reasonable diligence, have discovered independently prior to purchase.

The facts set forth above are of the type that courts have found adequate to state a claim.  For example, in a case directly on point, the court in *Falk v. General Motors Corp.,* 496 F. Supp.2d 1088 (N.D. Cal. 2007)  found a duty to disclose and thus fraudulent concealment on the part of GM because of its exclusive knowledge

---

[1] The existence of a duty to disclose establishes not only a violation of the CLRA but also the unlawful and unfair prongs of the UCL. Apple's argument that the unlawful and unfair prongs have not been met is entirely predicated on a lack of a duty to disclose.  (See Apple Motion to Dismiss, at 7-9)

of a speedometer failure defect:

> Plaintiffs allege that GM had exclusive knowledge of the putative defect in their speedometers. Plaintiffs claim that "[o]nly GM had access to the aggregate data from its dealers[,] only GM had access to pre-release testing data[, and] only GM had access to the numerous complaints from its customers." When accepted as true for the purposes of this Rule 12(b)(6) motion, plaintiffs' material allegations suffice to state a claim that GM had exclusive knowledge of the alleged defect in their speedometers. The record of complaints to GM between 2003 and 2007 show that GM was clearly aware of a problem with its speedometers; the record makes it equally clear that customers only became aware of the problem if they actually experienced it first-hand. Since, as plaintiffs argue, GM "was in a superior position to know" that its speedometers might fail, plaintiffs successfully state a CLRA claim for omission of a material fact which lay within GM's exclusive knowledge. This alone defeats GM's 12(b)(6) motion to dismiss for failure to state a claim.

*Id.* at 1096-97.  These facts, found sufficient to state a claim on a rule 12 motion, are almost identical to the facts alleged in the instant complaint.

Apple's reliance on *Daugherty v. American Honda Motor Co., Inc.*, 144 Cal.App.4th 824 (2006) is entirely misplaced because in *Daugherty* Honda had *admitted* the existence of the defect and promised to remedy it through a special extended warranty program.[2]  The plaintiffs in *Daugherty* were trying to extend the special warranty program or include earlier model years in the program, claiming that certain people were left out of the notification program because they owned

---

[2] *Daugherty* involved a gradual oil leak in the engines of certain 1990-1997 model-year Honda vehicles. *Id.* at 827.  When Honda discovered the oil leak problem in 2000, it notified the purchasers of cars in the model years it believed were affected (those manufactured in 1994 through early 1997), first offering to replace at no cost the faulty oil gasket, and later offering to include the cost of repairing damage from an oil leak caused by the faulty part. *Id.* at 828.  Honda promised, through its express warranty, to "repair or replace any part that is defective in material or workmanship under normal use...." 144 Cal.App.4th at 830.  The express warranty was specifically limited to "3 years or 36,000 miles, whichever comes first." *Id.*  The express warranty was Honda's only "affirmative representations at the time of sale" regarding the alleged defect. *Id.* at 836.

vehicles that were manufactured before 1994, and that Honda had not provided adequate notice of the program to those who were included in it. *Id.* at 827. It is difficult to argue that Honda had exclusive knowledge of the defect after Honda had admitted the existence of the defect and offered to have it remedied. Here, Apple has recalled nothing, has made no notification to any part of the class, and in facts has continued to deny the existence of the defect. This case is thus nothing like *Daughetry.*

Further, *Daughtery* actually supports the ability of Plaintiffs to proceed on a fraudulent omission basis so long as the factual predicate of such a claim is established. As the *Falk* court noted in discussing *Daughtery* and *Bardin v. DaimlerChrysler Corp.*, 136 Cal.App.4th 1255, 39 Cal.Rptr.3d 634 (2006), another case upon which Apple relies,

> In both of these cases, the court's decision to dismiss a claim for unlawful omission rested on the lack of a duty to disclose. *Both Bardin and Daugherty allow CLRA claims for certain omissions*, however, when the "omission [is] contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." *Daugherty*, 144 Cal.App.4th at 824, 51 Cal.Rptr.3d 118....Plaintiffs can therefore successfully pursue a CLRA claim, despite *Daugherty* and *Bardin*, if GM was "obliged to disclose" the potential for problems with the speedometers in certain vehicles....

2007 WL 1970123 at *3-*4.

Apple tries to argue that it is absolved of a duty to disclose as a result of the complaints on the Internet. (Apple Motion at 8) But this is a silly argument, as it ignores (1) the averment that only Apple knows the complete universe of complaints and warranty claims (a consumer who spent hours searching the Internet might know of those complaints where the iMac owner decided to post

their complaint on the internet, which is presumably a small part of the whole); and (2) the complaints at most establish that others are having a similar problem, but not the existence of or cause of the defect, which only Apple knows because of its proprietary knowledge of the design and component testing and overall level of complaints and claims.

Indeed, the sheer number of publicly available complaints was a factor in *Plaintiff's favor* in *Falk*, as the court noted that

> In support of their claim, plaintiffs present several pages of quotations containing Internet complaints about GM speedometers, all for vehicles sold between 2003 and 2007. The amassed weight of these complaints suggests that plaintiffs' speedometer failures were not isolated cases. Instead, when viewed in the light most favorably to the plaintiffs, these collected complaints suggest strongly that there was a defect in the design of certain GM speedometers in the years from 2003 to 2007, which caused the speedometers to fail unexpectedly and without warning.

*Id.* at 196.

## 2. APPLE HAS A DUTY TO DISCLOSE THE VERTICAL LINE DEFECT BECAUSE IT HAS ACTIVELY CONCEALED THE EXISTENCE OF THIS DEFECT FROM PLAINTIFF

Apple also ignores the averments of the complaint that establish Apple's active concealment of the defect:

- Apple has failed to take corrective action with regard to the Defect. Instead, Apple has responded by uniformly denying, on its website and in its retail stores, customer complaints and has sought to "run out the clock" on the warranties that accompanied the iMac. (SAC, at ¶31)

- There is nothing in Apple's advertising or marketing materials that discloses the truth about the Defect, despite ample evidence that Apple is aware of the problem by virtue of, nothing else, thousands and thousands of consumer complaints on the Internet and on Apple's own web site. Apple has at all times denied the existence of any Defect in the iMac. (SAC, at ¶__)

MEMORANDUM OF PTS & AUTHS
08-cv-05788 JF

These factual averments establish that Apple has *actively* concealed the problem from consumers.  It has not anywhere acknowledged that there is a vertical line screen defect and it continues to deny it in the apparent face of an avalanche of consumer complaints.  Indeed, it continues to deny the defect even in this litigation.

This easily meets the legal standard, which is that "active concealment occurs when a defendant prevents the discovery of material facts."  *Am-Mark Label, Inc. v. Chiang*, 2007 WL 4424952 at *9 (Cal. App. 2 Dist. December 19, 2007) (citing 5 Witkin, SUMMARY OF CAL. LAW, TORTS §798 at 1155 (10th Ed. 2005)).  *Compare Stickrath v. Globalstar, Inc.,* 527 F. Supp.2d 992, 1000-01 (N.D. Cal. 2007) (finding that, after complaint was replead to state materiality of the omission, the following allegation likely sufficed to satisfy a duty to disclose based on active concealment: "Upon information and belief, Defendant has known of the degradation of the communications satellites and associated satellite telephone service since at least 2003, if not earlier, and has concealed from purchasers of the satellite telephone service and/or failed to alert the purchasers of the degradation of the communications satellites and associated satellite telephone service.").  Here, consumers who complained to Apple have not been told of Apple's knowledge of the defect.

**B.  THE SAC MEETS THE PROCEDURAL REQUIREMENTS OF THE CLRA**

Apple also tries to skirt the CLRA damage claim by asserting that the required 30 days written notice must be mailed to Apple prior to the original

complaint. Apple is incorrect.

Section 1782(d) of the California Civil Code permits a plaintiff to send written notice 30 days after the original complaint and then amend his complaint to add a damage claim to an amended complaint. This is precisely plaintiff did here. Plaintiff complied with the CLRA requirements by sending Apple a proper CLRA letter on January 16, 2009. On April 17, 2009, Plaintiff amended his complaint and added a claim for damages. Thus, Apple's procedural argument is meritless.[3]

**C. THE SAC STATES A CLAIM FOR UNJUST ENRICHMENT.**

Apple's unjust enrichment argument suggests that without a violation of the UCL or CLRA, there can be no unjust enrichment claim here. This is incorrect. See *Cole v. Assurion Corp.,* 2008 WL 5423859 at *13 (C.D. Cal. December 30, 2008) ("Plaintiff's fraud claims form the base of her unjust enrichment claim. As the Court has found that Plaintiff's fraud claims survive this Motion, it follows that Plaintiff's unjust enrichment claim also survives the Motion.").

Further, a claim under the CLRA or UCL is not a prerequisite to an unjust enrichment claim. As the courts have observed, "[u]njust enrichment occurs when a party retains for itself the funds that should have been made available to another. Determining whether it is unjust for a person to retain a benefit may involve policy considerations." *Dromy Intern. Inv. Corp. v. Channel Gateway L.P.,* 2003 WL 550131 at *15 (Cal. App. 2 Dist. February 27, 2003). This is particularly true where, as is the case here, Apple continued to accept the class' money with full knowledge it was selling a defective product. *See First Nationwide Savings v.*

---

[3] Further, under the CLRA, "a suit for injunctive relief may be brought without providing such notice." *Strickrath*, 527 F. Supp.2d at 1001.

1    *Perry*, 11 Cal. App. 4th 1657, 1664 (Cal. App. 6 Dist. 1992) (in considering unjust

2    enrichment claim, "restitution may be required when the person benefitting from

3    another's mistake knew about the mistake and the circumstances surrounding the

4    unjust enrichment. In other words, innocent recipients may be treated differently

5    than those persons who acquire a benefit with knowledge."). These inherently

6    factual considerations are entirely inappropriate for determination on a motion

7    based entirely on the pleadings.

8            Finally, many of Apple's defenses to the UCL and CLRA claims are based

9    on highly technical interpretations of those statutes. Apple's defense does not say

10   it is acting properly or justly. Rather, its position is that, even if wrongful, Plaintiff

11   and the class cannot recover. This is exactly where an unjust enrichment claim

12   comes in. If Apple prevails on its readings of the UCL and CLRA (which Plaintiff

13   posits are properly plead legal claims here), the unjust enrichment count still holds

14   Apple accountable. *See Ghirardo v. Antonioli,* 14 Cal. 4th 39, 50 (1996)

15   (permitting unjust enrichment claim on case involving mistaken loan pay off even

16   though pay off did not violate any California statute).

17           Nor is unjust enrichment entirely duplicative of the UCL or CLRA here. If

18   Plaintiff is required to proceed solely on unjust enrichment grounds for damages,

19   Plaintiff would get none of the statutory benefits such as statutory attorneys fees

20   afforded by those statutes, and unjust enrichment recovery is limited by the amount

21   Apple is enriched and not by the amount Plaintiff has been damaged. *See id.* at 53.

22

23

24

1

**D. THE SAC STATES A CLAIM FOR DECLARATORY RELIEF.**

2      Apple's argument concerning the Declaratory Judgment Act presupposes that

3   there is no underlying substantive claim for injunctive relief under the CLRA or

4   UCL.  Since, for the reasons stated above, Plaintiffs have stated a claim under both

5   those statutes, Apple's Declaratory Judgment Act arguments are inapplicable.

6

7   DATED: July 6, 2009                        By: /s/ Jonathan Shub_____
                                                Jonathan Shub (SBN 237708)
8                                               **SEEGER WEISS LLP**
                                                1515 Market Street, Suite 1380
9                                               Philadelphia, PA 19102

10

11  Kenneth Seeger (SBN 135862)                 David R. Buchanan
    **SEEGER SALVAS LLP**                       **SEEGER WEISS LLP**
12  455 Market St, Suite 1530                   One William Street
    San Francisco, CA 94105                     New York, NY 10004
13  (415) 981.9260                              (212) 584-0700

14  Eric D. Freed (SBN 164526)                  Michael D. Donovan
    George K. Lang                              **DONOVAN SEARLES, LLC**
15  Michael J. Lotus                            1845 Walnut Street
    **FREED & WEISS LLC**                       Suite 1100
16  111 W. Washington St., Suite 1331           Philadelphia, PA 19103
    Chicago, Illinois 60602                     (215) 732-6067
17  (312) 220-0000

18  Michael J. Boni                             Richard J. Burke
    **BONI & ZACK, LLC**                        **RICHARD J. BURKE LLC**
19  16 St. Asaphs Road                          1010 Market Street, Suite 650
    Bala Cynwyd, PA 19004                       St. Louis, Missouri 63101
20  (610) 822-2000                              (314) 621-8647

21

22  ***Attorneys for Plaintiff, ARAM HOVSEPIAN, and all others similarly situated***

23

24