1  DAVID M. WALSH (SB# 120761) davidwalsh@paulhastings.com
　  PAUL, HASTINGS, JANOFSKY & WALKER LLP
2  515 South Flower Street
　  Twenty-Fifth Floor
3  Los Angeles, CA  90071
　  Telephone:  (213) 683-6000
4  Facsimile:  (213) 627-0705

5  THOMAS A. COUNTS (SB# 148051) tomcounts@paulhastings.com
　  ERIC A. LONG (SB# 244147) ericlong@paulhastings.com
6  PAUL, HASTINGS, JANOFSKY & WALKER LLP
　  55 Second Street
7  Twenty-Fourth Floor
　  San Francisco, CA  94105-3441
8  Telephone:  (415) 856-7000
　  Facsimile:  (415) 856-7100
9
　  Attorneys for Defendant
10 APPLE INC.

11　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

12　　　　　　　　　　　　　NORTHERN DISTRICT OF CALIFORNIA

13　　　　　　　　　　　　　　　　　SAN JOSE DIVISION

| ARAM HOVSEPIAN, individually and on behalf of all others similarly situated, | CASE NO. C 08-05788 JF |
|---|---|
| Plaintiff, | **DEFENDANT APPLE INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE CLASS ALLEGATIONS FROM PLAINTIFF'S AMENDED COMPLAINT** |
| vs. | |
| APPLE INC., | |
| Defendant. | Date:　　July 24, 2009<br>Time:　　9:00 a.m.<br>Dept.:　　Courtroom 3, 5th Floor |
| | Complaint Filed:  December 31, 2008 |

Case No. C 08-05788 JF　　　　　　　　　　　　　　　　　　　　APPLE INC.'S REPLY BRIEF ISO MOTION
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　TO STRIKE CLASS ALLEGATIONS

**TABLE OF CONTENTS**

Page

I. INTRODUCTION .................................................................................................................. 1

II. PLAINTIFF'S CLASS ALLEGATIONS SHOULD BE STRICKEN ............................... 1

III. PLAINTIFF'S CLASS ALLEGATIONS RAISE PLAIN LEGAL ISSUES THAT EVIDENCE THEIR IMPROPRIETY .............................................................................. 2

 A. *Kamm* Is Binding Law and Supports Striking Plaintiff's Class Allegations .......... 2

 1. The Proposed Class Improperly Includes Members Who Have No Standing ................................................................................................... 4

 2. The Proposed Class Improperly Includes Members Who Did Not Purchase the Technology At Issue And Members Who Have No Claim ......................................................................................................... 5

 3. The Proposed Class Improperly Includes Entities ..................................... 6

 B. Any Injunctive Relief Sought Is Merely Incidental To Damages And Is Not Proper Under Rule 23(b)(1) and (b)(2) .................................................................... 7

IV. CONCLUSION ..................................................................................................................... 7

# TABLE OF AUTHORITIES

Page

## **CASES**

*American Suzuki Motor Corp. v. Superior Court*,
   37 Cal. App. 4th 1291 .................................................................................................... 4

*Ashcroft v. Iqbal*,
   __ U.S. __, 129 S. Ct. 1937 (2009) ................................................................................ 3

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ....................................................................................................... 3

*Bennett v. Nucor Corp.*,
   2005 U.S. Dist. LEXIS 44117 (E.D. Ark. July 5, 2005) ............................................... 1

*Bishop v. Saab Automobile A.B.*,
   1996 U.S. Dist. LEXIS 22890 (C.D. Cal. Feb. 16, 1996) .............................................. 4

*Bureerong v. Uvawas*,
   922 F. Supp. 1450 (C.D. Cal. 1996) ............................................................................... 1

*California Grocers Association v. Bank of America*,
   22 Cal. App. 4th 205 (1994) .......................................................................................... 6

*Castano v. American Tobacco Co.*,
   84 F.3d 734 (5th Cir. 1996) ............................................................................................ 7

*Cole v. General Motors Corp.*,
   484 F.3d 717 (5th Cir. 2007) .......................................................................................... 7

*Daugherty v. American Honda Motor Co.*,
   144 Cal. App. 4th 824 (2006) ........................................................................................ 6

*Denney v. Deutsche Bank AG*,
   443 F.3d 253 (2d. Cir. 2006) .......................................................................................... 4

*Dura Pharmaceuticals, Inc. v. Broudo*,
   544 U.S. 336 (2005) ....................................................................................................... 3

*Exhaust Unlimited, Inc. v. Cintas Corp.*,
   223 F.R.D. 506 (S.D. Ill. 2004) ...................................................................................... 5

*General Telelphone Co. of Southwest v. Falcon*,
   457 U.S. 147 (1982) ....................................................................................................... 2

**TABLE OF AUTHORITIES**
(continued)

Page

*Green v. Occidental Petroleum Corp.*,
    541 F.2d 1335 (9th Cir. 1976) .................................................................................... 7

*In re Copper Antitrust Litigation*,
    196 F.R.D. 348 (W.D. Wisc. 2000) ............................................................................ 5

*In re Tobacco II Cases*,
    46 Cal. 4th 298 (2009) ............................................................................................ 4, 5

*In re Wal-Mart Stores, Inc.*,
    505 F. Supp. 2d 609 (N.D. Cal. 2007) ..................................................................... 2, 3

*Kamm v. California City Development Co.*,
    509 F.2d 205 (9th Cir. 1975) ................................................................................... 2, 3

*Kay v. Wells Fargo & Co. N.A.*,
    2007 WL 2141292 (N.D. Cal. July 24, 2007) ............................................................ 2

*Lee v. American National Insurance Co.*,
    260 F.3d 997 (9th Cir. 2001) .................................................................................. 4, 5

*Martin v. Dahlberg, Inc.*,
    156 F.R.D. 207 (C.D. Cal. 2007) ................................................................................ 7

*Mazur v. eBay Inc.*,
    __ F.R.D. __, 2009 WL 1203937 (N.D. Cal. May 5, 2009) ....................................... 7

*Nelson v. King County*,
    895 F.2d 1248 (9th Cir. 1990) ..................................................................................... 7

*Sprague v. General Motors Corp.*,
    133 F.3d 388 (6th Cir. 1998) ....................................................................................... 5

*Thompson v. Merck & Co.*,
    2004 WL 62710 (E.D. Pa. Jan. 6, 2004) .................................................................... 2

*Vinole v. Countrywide Home Loans, Inc.*,
    __ F.3d __, 2009 WL 1926444 (9th Cir. July 7, 2009) .............................................. 3

*Von Grabe v. Sprint PCS*,
    312 F. Supp. 2d 1285 (S.D. Cal. 2003) ...................................................................... 6

**STATUTES AND RULES**

Federal Rule of Civil Procedure 8 ................................................................................... 3

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

Federal Rule of Civil Procedure 12(f) .................................................................................... 1, 2

Federal Rule of Civil Procedure 23 ........................................................................................ 1, 2

Federal Rule of Civil Procedure 23(b) ....................................................................................... 7

Federal Rule of Civil Procedure 23(b)(1) .................................................................................. 7

Federal Rule of Civil Procedure 23(b)(2) .................................................................................. 7

Federal Rule of Civil Procedure 23(b)(3) ............................................................................... 5, 6

Federal Rule of Civil Procedure 23(c)(1)(A) ............................................................................. 1

Federal Rule of Civil Procedure 23 (d)(1)(D) ........................................................................ 1, 2

California Civil Code section 1761(c) ....................................................................................... 6

California Civil Code section 1761(d) ....................................................................................... 6

## I. INTRODUCTION

It is Plaintiff's view that the Court should summarily deny Apple's motion to strike because class allegations, even those that are facially defective as a matter of law, may never be tested and rejected at the pleading stage. Plaintiff would have Apple engage in costly and burdensome discovery and further motion practice based on patently deficient class allegations that improperly define the class. Plaintiff's proposed approach is contrary to the Ninth Circuit authority and decisions of other courts, including the United States Supreme Court. Those cases have recognized that it can be appropriate to strike class allegations at the outset. Here, the class allegations of Plaintiff's Amended Complaint demonstrate that even the basic requirements for maintaining a class action cannot be met. Thus, Apple's motion to strike is not premature – in fact, it should be granted.

## II. PLAINTIFF'S CLASS ALLEGATIONS SHOULD BE STRICKEN.

Pursuant to Rule 12(f) and Rule 23, Apple identified three deficiencies in the proposed class ("[a]ll persons and entities in the United States who purchased, not for resale, an iMac computer," Plaintiff's Am. Compl. ¶ 32) that can be resolved at the pleading stage. As pleaded, Plaintiff's proposed class improperly: (1) includes members who did not purchase the technology at issue; (2) includes members who have suffered no injury and thus have no standing; and (3) includes entity-purchasers who cannot sue under the CLRA.

Rule 12(f) authorizes the Court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) functions to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996) (citations omitted). Further, a motion to strike class allegations is also governed by Rule 23, which permits the Court to decide the certification issue at "as soon as practicable." *Bennett v. Nucor Corp.*, 2005 U.S. Dist. LEXIS 44117, at *7 (E.D. Ark. July 5, 2005) (granting motion to strike class); *see also* Fed. R. Civ. P. 23(c)(1)(A). Rule 23(d)(1)(D) further provides that the Court may issue orders that "require that the pleadings be

amended to eliminate allegations about representation of absent persons and that the action proceed accordingly[.]" Fed. R. Civ. P. 23(d)(1)(D).

## III. PLAINTIFF'S CLASS ALLEGATIONS RAISE PLAIN LEGAL ISSUES THAT EVIDENCE THEIR IMPROPRIETY.

As an initial matter, the United States Supreme Court has noted that "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of absent parties are fairly encompassed within the named plaintiff's claim[.]" *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982). Pursuant to Rules 12(f) and 23, this Court has the authority to strike Plaintiff's class allegations before discovery, because Plaintiff's Amended Complaint demonstrates that the class cannot be maintained as pleaded. *See Kamm v. California City Dev. Co.,* 509 F.2d 205, 210 (9th Cir. 1975); *Kay v. Wells Fargo & Co. N.A.*, 2007 WL 2141292, at *2 (N.D. Cal. July 24, 2007) (granting motion to strike class allegations at the pleading stage); *Thompson v. Merck & Co.*, 2004 WL 62710, at *2, *5 (E.D. Pa. Jan. 6, 2004) (granting motion to strike class allegations). In this case, Apple's motion is not premature, because the issues presented are evident from the pleadings.

### A. *Kamm* Is Binding Law and Supports Striking Plaintiff's Class Allegations.

Apple's motion to strike is based on compelling authority from this Circuit, including the Ninth Circuit's decision in *Kamm v. California City Development Company*. Plaintiff's opposition largely consists of a campaign to have the Court declare Apple's motion premature, without giving any consideration to the merits of the motion. The Court should recognize Plaintiff's efforts for what they are: a concession that his class allegations are facially defective.[1]

In *Kamm*, 509 F.2d 205, 210-12 (9th Cir. 1975), the Ninth Circuit held that certain class issues may be resolved without discovery, including striking class allegations at the pleading stage. Based exclusively on a sister district court's decision, *In re Wal-Mart Stores,*

---

[1] Plaintiff's so-called "substantive grounds" – as opposed to his prematurity argument – are based on the fact that Apple purportedly conflates the pleading stage and the certification stage of a class action. In short, Plaintiff claims that he should be permitted discovery and be allowed to bring a class certification motion before the Court examines his class allegations, irrespective of how infirm they may be. (*See* Plaintiff's MPA, at 1:15-24.)

1   *Inc.*, 505 F. Supp. 2d 609 (N.D. Cal. 2007), Plaintiff characterizes this Ninth Circuit precedent as

2   "widely distinguished." Plaintiff also suggests this Court should ignore the Ninth Circuit's

3   holding in *Kamm* because it is 35-years old. Meanwhile, just last week, the Ninth Circuit cited

4   *Kamm* approvingly, and held that class certification can be denied ***before*** a plaintiff has filed a

5   motion for class certification. *See Vinole v. Countrywide Home Loans, Inc.*, __ F.3d __, 2009

6   WL 1926444, at *6 (9th Cir. July 7, 2009) ("District courts have broad discretion to control the

7   class certification process, and '[w]hether or not discovery will be permitted … lies within the

8   sound discretion of the trial court.'") (quoting *Kamm*, 509 F.2d at 210). Even the district court in

9   *In re Wal-Mart Stores*, while ultimately leaving its resolution of the plaintiffs' class allegations to

10  a later day, recognized "that class allegations may be stricken at the pleadings stage." 505 F.

11  Supp. 2d at 615 (citing *Kamm*, 509 F.2d at 212).

12         Plaintiff's proposed framework for this putative consumer class action puts the

13  discovery process (and specifically Plaintiff's desire to pursue discovery) ahead of the adequacy

14  of his pleadings. This approach is contrary to law and would permit Plaintiff to use the class-

15  action mechanism as a discovery tool. The Supreme Court has continued to emphasize that

16  practical significance of pleadings. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)

17  (requiring a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face");

18  *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1953 (2009) (recognizing that careful case

19  management of the discovery process is not a solution to "the question presented by a motion to

20  dismiss a complaint for insufficient pleadings"). In *Dura Pharmaceuticals, Inc. v. Broudo*, 544

21  U.S. 336, 347 (2005), for example, the Court explained that without early examination of

22  pleadings, a plaintiff with "a largely groundless claim" would be allowed to "take up the time of a

23  number of other people, with the right to do so representing an *in terrorem* increment of the

24  settlement value." The Court's reasoning in *Dura Pharmaceuticals*, *Twombly*, and *Iqbal*, each of

25  which considered the pleading requirements of Rule 8, applies with equal force to Plaintiff's

26  claim that his class allegations should not be examined and dismissed before discovery has

27  commenced and/or a motion to certify has been filed.

28

**1. The Proposed Class Improperly Includes Members Who Have No Standing.**

Plaintiff does not dispute that his class definition is not limited to those who have experienced vertical lines on their display screens. Plaintiff claims instead that the obvious standing issue raised by that concession should only be resolved at the class certification stage. (Plaintiff's MPA, at 11:16-20.) Plaintiff is mistaken. Class allegations should be stricken at the pleading stage when the class, as defined, includes uninjured class members. *See Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d. Cir. 2006) ("[n]o class may be certified that contains members lacking Article III standing[.]").

Putative class members who have not experienced any problems with their iMac display screens have not been injured and have no standing to sue. The Court may readily observe from Plaintiff's pleadings alone (and infer from Plaintiff's efforts in his Opposition Brief to implore the Court to wait until a later date) that his class allegations are improper. *See Bishop v. Saab Auto. A.B.*, 1996 U.S. Dist. LEXIS 22890, at *13-14 (C.D. Cal. Feb. 16, 1996) (finding plaintiffs lacked standing where they had not experienced the product's alleged defect); *see also American Suzuki Motor Corp. v. Super. Ct.*, 37 Cal. App. 4th 1291, 1299 (reversing class certification where previously certified class included individuals who suffered no injury).

Plaintiff tries to salvage his argument by citing to the California Supreme Court's decision in *In re Tobacco II Cases*, 46 Cal. 4th 298 (2009), for the proposition that "members of a UCL class need not have standing as part of *that statute* and that only the class representative had to establish standing." (Plaintiff's MPA, 13:15-18 (emphasis added).) Plaintiff misunderstands the application of *Tobacco II* in federal court and fails to distinguish between absolute federal constitutional standing requirements applicable in this case and state statutory standing requirements at issue in *Tobacco II*. In *Lee v. American National Insurance Co.*, 260 F.3d 997, 1001-02 (9th Cir. 2001), the Ninth Circuit – in another UCL case – noted the "seemingly obvious proposition" that a case may not go forward in federal court unless the plaintiff has Article III standing. The court noted that even where a plaintiff's "cause of action is perfectly viable in state court under state law may nonetheless be foreclosed from litigating the same cause of action in

1  federal court, if he cannot demonstrate the requisite injury." *Id.*

2  For the same reasons discussed in *Lee*, all members of the class whom Plaintiff

3  seeks to represent must also satisfy Article III. *See In re Copper Antitrust Litig.*, 196 F.R.D. 348,

4  353 (W.D. Wisc. 2000) ("Implicit in Rule 23 is the requirement that the plaintiffs *and* the class

5  they seek to represent have standing." (emphasis added)). *Tobacco II* does not and cannot change

6  this federal constitutional requirement. Thus, regardless of what Plaintiff could do in state court,

7  Plaintiff may not avail himself of this Court's jurisdiction to represent class members who do not

8  have Article III standing.

9  **2.   The Proposed Class Improperly Includes Members Who Did Not Purchase the Technology At Issue And Members Who Have No Claim.**

10

11  The manufacturing and/or design defect alleged by Plaintiff is "[v]ertical lines on

12  LCD screens [that] are the result of a bad transistor or connection on the back of the screen[.]"

13  (Am. Compl. ¶ 20.) The proposed class is so broadly defined as to include all purchasers of any

14  iMac computer, rather than the model purchased by Plaintiff. For example, Plaintiff's Amended

15  Complaint alleges a defect with LCD screens, but does not even limit his class definition to

16  iMac's with LCD screens. Plaintiff does not dispute that, during the statutory period, there were

17  different iMac models and different iMac displays that used various different components and

18  technologies. *See Exhaust Unlimited, Inc. v. Cintas Corp.*, 223 F.R.D. 506, 511 (S.D. Ill. 2004)

19  ("a proposed class member's claim is not typical if proof 'would not necessarily prove all the

20  proposed class member's claims.'") (citations omitted). As such, the class includes members who

21  did not purchase the type of screen that Plaintiff alleges contains a defect, and resolving

22  Plaintiff's claim will not resolve the claims of those differently-situated class members. By his

23  own overbroad definition, then, Plaintiff has rendered himself atypical. *See Sprague v. General*

24  *Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998) ("The premise of the typicality requirements is

25  simply stated: as goes the claims of the named plaintiff, so goes the claims of the class."). A

26  determination of whether a putative class member purchased the type of display screen at issue

27  would require an individual analysis of factual issues for each class member. Such individual

28  analysis runs counter to the purpose of Rule 23(b)(3) class actions, and also indicates that a class

Case No. C 08-05788 JF    -5-    APPLE INC.'S REPLY BRIEF ISO MOTION TO STRIKE CLASS ALLEGATIONS

1 action is not the superior method of adjudicating these issues. Therefore, the class cannot be
2 maintained under Rule 23(b)(3) and the class allegations should be stricken.

3 Similarly, and for all of the reasons set forth in Apple's Motion to Dismiss,
4 Plaintiff's claims under the UCL and the CLRA are barred by *Daugherty v. American Honda*
5 *Motor Co.*, 144 Cal. App. 4th 824 (2006). Despite this clear precedent, the putative class includes
6 those who experienced the alleged defect after the expiration of any express and implied
7 warranties. In fact, Plaintiff himself concedes the issues he allegedly experienced occurred after
8 his iMac's warranty expired. Under *Daugherty*, the class as defined includes members who have
9 no UCL or CLRA claim against Apple. Because the purported class includes members (including
10 Plaintiff) who can have no claim against Apple, the court will have to engage in individual
11 inquiries of each class member with respect to, among other things, whether the member
12 experienced vertical lines on their display screen, when the member purchased the iMac, and
13 when the vertical lines appeared (if at all). This type of individualized inquiry supports striking
14 the class allegations under Rule 23(b)(3).

### 3. The Proposed Class Improperly Includes Entities.

16 Without citation to any authority, Plaintiff contends that the inclusion of business
17 entities in the proposed class definition "is another example of an issue that should be addressed
18 at the class certification stage." (Plaintiff's MPA at 14:6-7.) As a matter of law, a violation of
19 the CLRA may be pursued only by a "consumer." *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d
20 1285, 1303 (S.D. Cal. 2003); *California Grocers Ass'n v. Bank of Am.*, 22 Cal. App. 4th 205, 217
21 (1994). The CLRA limits the definition of "consumer[s]" to individuals, and does not include
22 partnerships, corporations, limited liability companies, associations, or any other group. *See* Cal.
23 Civ. Code §§ 1761(d), (c). The legal issue presented by Apple's motion – whether Plaintiff's
24 proposed class definition improperly includes entity-plaintiffs – is plainly evidenced by his
25 pleadings and does not require any discovery. A motion to strike this portion of his class
26 allegations is the appropriate (indeed, the superior) procedure to resolve this issue. In fact, to
27 permit Plaintiff discovery on behalf of entity-purchasers would require Apple to expend time and
28 money to defend against a spurious issue that the Court should resolve at the pleading stage.

1     **B.    <u>Any Injunctive Relief Sought Is Merely Incidental To Damages And Is Not Proper Under Rule 23(b)(1) and (b)(2).</u>**

Finally, the proposed class cannot be maintained under either Rule 23(b)(2) or 23(b)(1), because the relief sought is primarily money damages. *See, e.g.*, *Nelson v. King County*, 895 F.2d 1248, 1255 (9th Cir. 1990) ("Class certification under Fed. R. Civ. P. 23(b)(2) is not appropriate where the relief requested relates 'exclusively or predominately to money damages.'"); *Green v. Occidental Petroleum Corp.*, 541 F.2d 1335, 1340 (9th Cir. 1976) (finding class certification under Rule 23(b)(1) improper where plaintiff sought money damages). While the Amended Complaint admittedly does include paragraphs requesting injunctive relief in the form of restitution or repair (*see* Am. Compl. ¶¶ 53, 71), Plaintiff's Opposition Brief ignores the other prominent paragraphs in the Amended Complaint which seek actual damages, as well as punitive damages. (*Id.* at ¶¶52, 85, 100).

Finally, citing only state law, Plaintiff contends it is axiomatic that an issue of individual damages does not preclude class certification. Federal cases decided under Rule 23(b) have held otherwise. *See Mazur v. eBay Inc.*, __ F.R.D. __, 2009 WL 1203937, at *7 (N.D. Cal. May 5, 2009) (finding class inappropriate because of individual question of damages); *see also* Apple's Motion To Strike, at 9:21-28. In addition to the issue of damages, courts routinely hold that fraud claims are difficult to maintain on a nationwide basis and rarely are certified. *See Cole v. Gen. Motors Corp.,* 484 F.3d 717, 724-30 (5th Cir. 2007) (discussing why fraud claims are inappropriate for class treatment); *Castano v. American Tobacco Co.*, 84 F.3d 734, 745 (5th Cir. 1996) ("a fraud class action cannot be certified when individual reliance will be an issue."); *see also Martin v. Dahlberg, Inc.*, 156 F.R.D. 207 (C.D. Cal. 2007). In light of the foregoing, it is not clear that a nationwide class action is the superior method for adjudication of rights, and the class should not be maintained under Rule 23(b)(1) or (b)(2).

**IV.    <u>CONCLUSION</u>**

Apple's motion to strike is timely and amendable to resolution on the pleadings. Based on Plaintiff's Amended Complaint and matters in the public record, the proposed class is not ascertainable and cannot be maintained under Rule 23(b)(1) or (b)(2). The Court should

resolve these issues now, as the discovery process would only permit Plaintiff to waste Apple's resources and judicial resources, without a reasonably founded expectation that the discovery process will reveal evidence relevant to sustainable claims.

DATED: July 13, 2009                    PAUL, HASTINGS, JANOFSKY & WALKER LLP


                                        By:      /s/ Thomas A. Counts
                                                 THOMAS A. COUNTS

                                        Attorneys for Defendant
                                        APPLE INC.

LEGAL_US_W # 62195500.2