| | |
|---|---|
| 1 | DAVID M. WALSH (SB# 120761) davidwalsh@paulhastings.com<br>PAUL, HASTINGS, JANOFSKY & WALKER LLP |
| 2 | 515 South Flower Street<br>Twenty-Fifth Floor |
| 3 | Los Angeles, CA 90071<br>Telephone: (213) 683-6000 |
| 4 | Facsimile: (213) 627-0705 |
| 5 | THOMAS A. COUNTS (SB# 148051) tomcounts@paulhastings.com<br>ERIC A. LONG (SB# 244147) ericlong@paulhastings.com |
| 6 | PAUL, HASTINGS, JANOFSKY & WALKER LLP<br>55 Second Street |
| 7 | Twenty-Fourth Floor<br>San Francisco, CA 94105-3441 |
| 8 | Telephone: (415) 856-7000<br>Facsimile: (415) 856-7100 |
| 9 | |
| 10 | Attorneys for Defendant<br>APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARAM HOVSEPIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC.,<br><br>Defendant. | CASE NO. C 08-05788 JF<br><br>**DEFENDANT APPLE INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Date: July 24, 2009<br>Time: 9:00 a.m.<br>Dept.: Courtroom 3, 5th Floor<br><br>Complaint Filed: December 31, 2008 |

Case No. C 08-05788 JF

APPLE INC.'S REPLY BRIEF ISO MOTION TO DISMISS AMENDED COMPLAINT

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................. 1

II. RULE 9(B)'S HEIGHTENED PLEADING REQUIREMENTS APPLY TO PLAINTIFF'S CLAIMS .................................................................................................. 2

III. *DAUGHERTY* IS FATAL TO PLAINTIFF'S CORE CLAIMS ....................................... 3

    A. There Is No Duty To Disclose Because Apple Has Made No Contrary Representations ..................................................................................................... 4

    B. There Is No Duty To Disclose Because There Is No Safety Issue........................... 5

    C. Plaintiff's Attempt To Limit And To Re-Interpret *Daugherty* Fails....................... 6

IV. RESTITUTION AND DECLARATORY RELIEF ARE NOT APPROPRIATE.............. 7

V. CONCLUSION .................................................................................................................. 7

# TABLE OF AUTHORITIES

**Page**

### CASES

*Bardin v. DaimlerChrysler Corp.*,
  136 Cal. App. 4th 1255 (2006) .................................................................................... 4, 6

*Daugherty v. American Honda Motor Co. Inc.*,
  144 Cal. App. 4th 824 (2006) ...................................................................................... passim

*Falk v. General Motors Corp.*,
  496 F. Supp. 2d 1088 (N.D. Cal. 2007) ............................................................................ 5

*Hoey v. Sony Electronics Inc.*,
  515 F. Supp. 2d 1099 (N.D. Cal. 2007) ......................................................................... 4, 6

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009)......................................................................................... 2, 3

*LiMandri v. Judkins*,
  52 Cal. App. 4th 326 (1997) ................................................................................................ 6

*Long v. Hewlett-Packard Co.*,
  2007 U.S. Dist. LEXIS 79262 (N.D. Cal. July 27, 2007) ............................................... 4, 5, 6

*McBride v. Boughton*,
  123 Cal. App. 4th 379 (2004) .............................................................................................. 7

*Oestreicher v. Alienware Corp.*,
  544 F. Supp. 2d 964 (N.D. Cal. 2008) ........................................................................... 4, 5, 6

### STATUTES AND RULES

Federal Rule of Civil Procedure 8............................................................................................ 2

Federal Rule of Civil Procedure 9(b)....................................................................................... 2

California Business & Professions Code sections 17200-17210 ............................................ 2

California Civil Code sections 1750-1784 ............................................................................... 2

## I. INTRODUCTION

Despite being given an opportunity to amend his complaint, Plaintiff chose instead to mostly just amend his arguments. The Amended Class Action Complaint remains defective for the precise reasons the original complaint was defective; the only thing that has been clarified by the process is that further amendment will be futile.

Plaintiff Aram Hovsepian does not dispute that his Apple computer functioned without issue during the warranty period and until after the warranty expired. Nor does he address the dispositive California state and federal case law cited by Apple in its motion, unequivocally holding that unlawful or unfair business practices claims can not be based on an alleged product defect when the product functions as represented during the express warranty period. Instead, Plaintiff contends his Amended Complaint is well-pleaded to "put Apple on notice of the gravamen of Plaintiff's claim." (Plaintiff's MPA at 2:17-18.) Whether Apple is on notice or not, Plaintiff's claims – even after amendment following Apple's prior motion to dismiss his original complaint – are insufficient as a matter of law and cannot be cured by further amendment.

Plaintiff's argument is that a manufacturer *always* has a duty to disclose all facts of which it has superior knowledge (which would always be the case) and to pay for repairs outside the warranty period based on the consumer's subjective view of the product's useful life. Plaintiff complains about who should bear the risk of failures – Plaintiff or Apple – and who should pay for repairs outside the warranty period. Neither California law nor common sense precludes a manufacturer from limiting its obligation to pay for product repairs to the length of the express warranty (and Plaintiff makes no warranty claims). Many, if not most, products have a "useful life" longer than their express warranty period. That fact, however, does not mean that a manufacturer is liable for violations of California's consumer protection laws or obligated to pay for repairs beyond those agreed to in the warranty.

*Daugherty v. American Honda Motor Co. Inc.*, 144 Cal. App. 4th 824 (2006), and three factually similar federal district court decisions, which dismissed complaints based on *Daugherty*, are fatal to Plaintiff's claims as a matter of law. Those cases hold that a manufacturer

-1-

Case No. C 08-05788 JF

APPLE INC.'S REPLY BRIEF ISO MOTION TO DISMISS SECOND AMENDED COMPLAINT

can not be liable under California's consumer protection laws for failure to disclose a defect that manifests itself after expiration of the warranty period unless (1) the manufacturer has made affirmative misrepresentations about the allegedly defective part to the contrary or (2) the defect poses substantial safety concerns. *See id.* at 835-36; *see also infra* Section III. As the *Daugherty* court recognized:

> Opening the door to plaintiffs' new theory of liability would change the landscape of warranty and product liability law in California. Failure of a product to last forever would become a 'defect,' a manufacturer would no longer be able to issue limited warranties, and product defect litigation would become as widespread as manufacturing itself.

144 Cal. App. 4th at 829.

Here, Plaintiff has not alleged either exception. Plaintiff fails to support his claims with any allegation that Apple has made any representation of any kind, much less a misrepresentation, regarding its computer screens, nor can he allege any safety concerns. According to the allegations of Plaintiff's Amended Complaint, Apple has said ***nothing*** that was likely to deceive the general public about the qualities and characteristics of its iMac screens. Moreover, Plaintiff does not allege any safety issue to him personally or to the putative class arising from the alleged vertical line defect. Absent any such allegations that Apple misled him or that safety is a grave concern, Apple's motion to dismiss should be granted and Plaintiff's claims should be dismissed with prejudice.

## II. RULE 9(B)'S HEIGHTENED PLEADING REQUIREMENTS APPLY TO PLAINTIFF'S CLAIMS.

Plaintiff contends that his pleadings are sufficient under Federal Rule of Civil Procedure 8, and that the requirements of Federal Rule of Civil Procedure 9(b) are less onerous than Apple set forth in its motion. Plaintiff is wrong. The Ninth Circuit recently held that nondisclosure claims under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, and California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750-1784, **must be pleaded with particularity as required by Rule 9(b)**. *Kearns v.*

1  *Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009).[1]  A party alleging fraud must "set forth
2  *more* than the neutral facts necessary to identify the transaction." *Id.* at 1124 (emphasis in
3  original).

### III.   *DAUGHERTY* IS FATAL TO PLAINTIFF'S CORE CLAIMS.

Plaintiff fails to state a claim under either the CLRA or the UCL.  A manufacturer's duty to consumers is limited to its warranty obligations absent either an affirmative misrepresentation or a safety issue.  *See Daugherty*, 144 Cal. App. 4th at 835-36.  Plaintiff does not allege that Apple affirmatively misrepresented its product, nor does he claim that the alleged defect posed a threat to his own safety or the safety of others.  Instead, Plaintiff's claims of nondisclosure are couched in general pleadings alleging Apple's intent to conceal from consumers that its monitors are defective.  According to Ninth Circuit authority, such general pleadings do not satisfy the heightened pleading requirements of Rule 9(b).  *See Kearns*, 567 F.3d at 1126-27 (affirming district court's dismissal of plaintiff's third amended complaint).  Specifically, Plaintiff does not allege either of the two exceptions recognized by the court in *Daugherty*.

Plaintiff emphasizes paragraphs in the Amended Complaint (*See*, *e.g.*, Plaintiff's Am. Compl. ¶¶ 23, 27, 31) that purportedly create a duty to disclose based only on the existence of the alleged defect and Apple's exclusive knowledge of that defect.  Assuming the truth of each and every paragraph of the Amended Complaint, Plaintiff has failed to allege nondisclosure claims under the CLRA or the UCL.  Plaintiff has not identified a single allegation in the 100 paragraphs of the Amended Complaint that demonstrates an omission contrary to any representation of Apple.  Nor does Plaintiff identify a product safety issue that would create an obligation to disclose.  Plaintiff argues that a duty to disclose exists as a matter of law and establishes violations of the CLRA and the UCL because the product defect was exclusively known to Apple and actively concealed.  Plaintiff's contention misconstrues California law and

---

[1] Plaintiff's citation to California state court jurisprudence supporting a relaxed pleading standard under the UCL is misguided.  While such "relaxed" standards may apply in California state courts, the Federal Rules of Civil Procedure apply in federal cases, "irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal."  *Kearns*, 567 F.3d at 1125 (citations omitted).

1  purposely disregards recent cases applying *Daugherty* in the consumer electronics context.

### A. There Is No Duty To Disclose Because Apple Has Made No Contrary Representations.

Plaintiff completely ignores and fails to distinguish dispositive case law on which Apple's motion to dismiss is based. *See Daugherty*, 144 Cal. App. 4th 824; *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 970 (N.D. Cal. 2008) (dismissing CLRA and UCL claims "since any defects in question manifested themselves after expiration of the warranty period"); *Hoey v. Sony Elecs. Inc.*, 515 F. Supp. 2d 1099, 1105 (N.D. Cal. 2007) ("mere sale of a consumer electronics product in California" does not create a duty to disclose any defect that may occur during the useful life of the product); *Long v. Hewlett-Packard Co.*, 2007 U.S. Dist. LEXIS 79262, at *23-24 (N.D. Cal. July 27, 2007) (dismissing UCL claim absent any affirmative statements as to the life span of the component or computer, as the consumers' only reasonable expectation is that the computer will function properly for the duration of the express warranty); *see also Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1275 (2006) (allegations that defendant concealed facts regarding an alleged defect that caused premature cracking and failure, in the absence of alleged misrepresentations or allegations that the public had an expectation regarding the life span of the product, failed to state a UCL claim).

The authority cited above rejects Plaintiff's declaration that a duty to disclose exists based only upon a manufacturer's exclusive knowledge. In *Sony Electronics*, plaintiffs sought to bring a class action against Sony alleging it violated the CLRA by failing to disclose soldering defects that manifested <u>after</u> the expiration of the plaintiffs' warranties in two series of notebook computers. Citing *Daugherty*, the district court dismissed plaintiffs' claims, refusing to allow the plaintiffs "to bootstrap Sony's express warranty into a representation that the VAIO notebooks are defect-free, such that a failure to disclose the alleged soldering defect would constitute concealment." 515 F. Supp. 2d at 1104-05.

Similarly, in *Hewlett-Packard*, plaintiffs sought to bring a CLRA claim against Hewlett-Packard on behalf of a putative class alleging that it failed to disclose a defective inverter that caused the monitor in certain notebook computers to flicker and fail <u>outside</u> the warranty

1  period, but within the computers' "useful life."  2007 U.S. Dist. LEXIS 79262, at *2.  Also
2  relying on *Daugherty*, the district court held that because Hewlett-Packard was not alleged to
3  have made any representation as to the life of the inverter, or even the useful life of the
4  notebooks, Hewlett-Packard's alleged failure to disclose the defect was not actionable under the
5  CLRA when the defect manifested itself <u>after</u> the warranty period.  *Id.* at *23-24.

6  Finally, in *Alienware Corporation*, the plaintiff brought statutory claims under the
7  CLRA and the UCL and an unjust enrichment "claim," alleging that Alienware concealed
8  material information regarding an alleged latent design defect that manifested <u>outside</u> the three-
9  month warranty period and was exclusively known to Alienware.  544 F. Supp. 2d at 966-67.
10 Citing *Daugherty*, the district court found no allegations of misrepresentations.  *Id.* at 969.
11 Accordingly, the district court rejected plaintiff's argument that a duty to disclose is imposed on a
12 manufacturer for a non-safety related defect in its product.

13 **B.     There Is No Duty To Disclose Because There Is No Safety Issue.**

14 To argue against the weight of authority in virtually identical cases decided in this
15 District, Plaintiff relies exclusively on *Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088 (N.D.
16 Cal. 2007).  While the court in *Falk* declined to dismiss the plaintiff's claims based on *Daugherty*,
17 it focused on the fact that the *Falk* plaintiff had alleged that the manufacturer had a duty to
18 disclose a defective speedometer which "would lead to traveling at unsafe speeds."  496 F. Supp.
19 2d at 1096.

20 Here, Plaintiff does not allege a product safety concern, and the vertical lines
21 defect alleged does not obligate Apple to disclose anything because the latent defect does not
22 raise safety concerns.  Another court in this District explicitly has distinguished *Falk* from
23 *Daugherty* and *Bardin*, and limited *Falk* to its facts because it involved a product defect which
24 gave rise to safety concerns.  *See Alienware Corp.*, 544 F. Supp. 2d at 971 (finding "the safety
25 consideration [] integral to the [*Falk*] court's finding that the non-disclosed information was
26 material").  *Daugherty* also recognized this distinction:  while a manufacturer would have a duty
27 to disclose defects that raise unreasonable safety risks, the risk of having to pay for "cost of
28 repairs" in the event that a defect manifests itself is not enough to give rise to a disclosure

obligation. 144 Cal. App. 4th at 836.

### C. **Plaintiff's Attempt To Limit And To Re-Interpret *Daugherty* Fails.**

Plaintiff contends that *Daugherty* is actually supportive of his claims because Apple had exclusive knowledge of the alleged latent defect, while Honda had admitted the existence of the defect in *Daugherty*. (Plaintiff's MPA, at 7-8.) In so arguing, Plaintiff dramatically misconstrues the scope of any general duty to disclose facts of which a defendant has exclusive knowledge. Plaintiff implicitly suggests that manufacturers, like Apple, owe a fiduciary-like obligation to disclose all material facts of which they have exclusive knowledge. But California law provides only that "exclusive knowledge of material facts not known to the plaintiff" is one of four circumstances that "***may constitute***" fraud by nondisclosure. *See LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997) (emphasis added). A defendant need not always disclose all material facts of which he has exclusive knowledge, and product liability law in California has made clear that the alleged concealment of a product defect does not state such a claim.

Plaintiff's interpretation of the second and third prongs – exclusive knowledge and active concealment – to require disclosure under any circumstances would reduce the four circumstances to one, as there would be no need to consider any other factor if all material facts were required to be disclosed in all circumstances. Indeed, California courts have rejected Plaintiff's overbroad "black letter" position regarding a manufacturer's duty to disclose. In both *Daugherty* and *Bardin*, the plaintiffs expressly alleged that the defendants knew of and failed to disclose defects, and the courts concluded that such knowledge coupled with non-disclosure was insufficient to state a claim. *Daugherty*, 144 Cal. App. 4th at 829; *Bardin*, 136 Cal. App. 4th at 1262-63. The federal cases interpreting *Daugherty* and *Bardin* in consumer electronics cases have come to the same conclusion. *See Alienware Corp.*, 544 F. Supp. 2d at 970; *Sony Elecs. Inc.*, 515 F. Supp. 2d at 1105; *Hewlett-Packard Co.*, 2007 U.S. Dist. LEXIS 79262, at *23-24.

Even assuming the truth of Plaintiff's allegations, Apple's exclusive knowledge and concealment of the alleged defect does not state a claim under established California law

absent either a statement to the contrary or a safety issue.[2] Because Plaintiff has alleged neither, Plaintiff's CLRA and UCL claims fail as a matter of law and should be dismissed with prejudice.

### IV. RESTITUTION AND DECLARATORY RELIEF ARE NOT APPROPRIATE.

Plaintiff acknowledges that his unjust enrichment "claim" is for restitution. (Plaintiff's MPA, at 12:8-21.) Plaintiff's claim for restitution is premised solely on the underlying allegations of his CLRA and UCL claims. Because – as discussed above – dismissal of Plaintiff's CLRA and UCL claims is appropriate, dismissal of his "claim" of unjust enrichment is also proper. *See McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004) ("Unjust enrichment is not a cause of action, however, or even a remedy"). Similarly, Plaintiff concedes that his claim for declaratory relief must fail if he has stated no claim under the CLRA or the UCL. (Plaintiff's MPA, at 13:2-5.)

### V. CONCLUSION

Plaintiff's attempt to require Apple to pay for repairs outside the warranty period through California's consumer protection statutes based on nothing more than Apple's superior knowledge is contrary to public policy and California law. For all of the above reasons, each claim for relief in Plaintiff's Amended Complaint should be dismissed. Because it is now clear, after two attempts, that Plaintiff cannot state a valid claim, the dismissal should be without leave to amend.

DATED: July 13, 2009         PAUL, HASTINGS, JANOFSKY & WALKER LLP

By:   /s/ Thomas A. Counts
              THOMAS A. COUNTS

Attorneys for Defendant
APPLE INC.

LEGAL_US_W # 62195599.1

---

[2] Plaintiff's non-statutory fraudulent concealment claim suffers the same pleading failures. *See Alienware Corp.*, 544 F. Supp. 2d at 974.