EXHIBIT G

EXHIBIT G

Dockets.Justia.com

readme.txt

UNITED STATES PATENT AND TRADEMARK OFFICE
------------------------------------------

Reps CD Write Report as of  Tue Jul 27 12:54:01 2004
------------------------------------------

<ORDER NUMBER>: STAFF_PTCS71281

Order Date & Time:07-27-2004 12:56:05
------------------------------------------

Instructions for View PTO Patent Application Images:

1.  Insert PTO-CD into the computer's CD-ROM drive

2.  Activate My Computer or Window's Explorer and select the CDROM drive to browse.

3.  Dbl-Click on the patent folder with the desired Application Number
(example:   9087654.app )This action displays a list of documents for that
application.

4.  Dbl-Click on the document folder with the desired Document Number using
the Document Title listing below
        (example:  1.doc might equal the 'File Wrapper')
        This action displays the selected pages in the document.

5.  Dbl-Click on a desired document page (example:  p000001.tif) to
view/print it in Wang Imaging.
Image names can also be dragged onto your printer icon to be printed.

| User ID: | | STAFF | | |
| User Info: | | STAFF | | |

| Appl Serial | Document | Title | | Pages |
| --- | --- | --- | --- | --- |
| 08630590 | | | | |
| | 1 | | File Wrapper | 3 |
| | 2 | Prints | | 12 |
| | 3 | Figures | | 27 |
| | 4 | Application Papers | | 73 |
| | 5 | Form PTO-892 | | 1 |
| | 6 | Pre Amendment A | | 3 |
| | 7 | Pre Amendment B | | 7 |
| | 8 | Rejection | | 7 |
| | 9 | IDS | | 2 |
| | 10 | Form PTO-1449 | | 2 |
| | 11 | Request for Extension of Time | | 1 |
| | 12 | Request For Recon | | 4 |
| | 13 | Final Rejection | | 7 |
| | 14 | Request for Extension of Time | | 2 |
| | 15 | Amendment C | | 9 |
| | 16 | Advisory Action | | 4 |
| | 17 | Notice of Appeal | | 2 |
| | 18 | Abandonment | | 2 |
| | 19 | Request For CPA | | 4 |
| | 20 | Rejection | | 5 |
| | 21 | Form PTO-892 | | 1 |
| | 22 | Interview Summary Form | | 1 |
| | 23 | Suppl. IDS | | 2 |

Page 1

DTV/AMT 001656

```
                    readme.txt
          24  Form PTO-1449                    6
          25  Amendment D                     11
          26  Power of Attorney(P/A)           3
          27  Notice of Acceptance             1
          28  Suppl. IDS                       2
          29  Form PTO-1449                    2
          30  Notice of Allowability           4
          31  Formal Drawings                 14
          32  A-F                             77

Total Pages:                                 301
```

DTV/AMT 001657

## ATTENTION
### NO PUBLIC COPYING OF THIS
### SEE SCANNED-FILE NOTIC
### ATTACHED INSIDE FILE JAC

| | | CLASS | SUBCLASS | GROUP ART UNIT | EXAMINER |
|---|---|---|---|---|---|
| NUMBER | FILING DATE | | 24 | 2736 | |

**PAT** 51550

None

| Foreign priority claimed ☐ yes ☑ no | | AS FILED | STATE OR COUNTRY | SHEETS DRWGS. | TOTAL CLAIMS | INDEP. CLAIMS | FILING FEE RECEIVED | ATTORNEY'S DOCKET NO. |
|---|---|---|---|---|---|---|---|---|
| 35 USC 119 conditions met ☐ yes ☑ no | | | | | | | | |
| Verified and Acknowledged | Examiner's Initials | | | | | | | |

**ADDRESS**
Howrey & Simon
Box No. 34
1299 Penn., Ave., N.W.
Wash., D.C. 20004-2402

U.S. DEPT. OF COMM./ PAT. & TM — PTO-436L

| PARTS OF APPLICATION FILED SEPARATELY | | | | Applications Examiner |
|---|---|---|---|---|
| NOTICE OF ALLOWANCE MAILED | | | CLAIMS ALLOWED | |
| 8-13-99 | Assistant Examiner | Total Claims 11 | Print Claim 1 | |
| ISSUE FEE | | | DRAWING | |

| Amount Due | Date Paid | | Sheets Drwg. | Figs. Drwg. | Print Fig. |
|---|---|---|---|---|---|
| 1210.00 | 9-21-99 | | 12 | 19 | 7 |

AMANDA T. LE
PRIMARY EXAMINER

Primary Examiner

ISSUE BATCH NUMBER  A02

PREPARED FOR ISSUE

Label Area

WARNING: The information disclosed herein may be restricted. Unauthorized disclosure may be prohibited by the United States Code Title 35, Sections 122, 181 and 368. Possession outside the U.S. Patent & Trademark Office is restricted to authorized employees and contractors only.

Form PTO-436A
(Rev. 8/92)

DTV/AMT 001658

BAR CODE LABEL

# U.S. PATENT APPLICATION

| SERIAL NUMBER | FILING DATE | CLASS | GROUP ART UNIT |
|---|---|---|---|
| 08/630,590 | 04/10/96<br>RULE 60 | 375 | 2614 |

APPLICANT

PAUL YURT, SCOTTSDALE, AZ; H. LEE BROWNE, GREENWICH, CT;

```
**CONTINUING DATA*********************
  VERIFIED      THIS APPLN IS A CON OF   08/133,982  10/08/93
                WHICH IS A CON OF   07/862,508  04/02/92  PAT   5,253,275
                WHICH IS A CON OF   07/637,562  01/07/91  PAT   5,132,992
```

```
**FOREIGN/PCT APPLICATIONS************
  VERIFIED
```

FOREIGN FILING LICENSE GRANTED 05/22/96

| STATE OR COUNTRY | SHEETS DRAWING | TOTAL CLAIMS | INDEPENDENT CLAIMS | FILING FEE RECEIVED | ATTORNEY DOCKET NO. |
|---|---|---|---|---|---|
| AZ | 12 | 10 | 4 | $828.00 | 2473.0001-02 |

ADDRESS

FINNEGAN HENDERSON FARABOW
GARRETT AND DUNNER
1300 I STREET NW
WASHINGTON DC 20005-3315

TITLE

AUDIO AND VIDEO TRANSMISSION AND RECEIVING SYSTEM

This is to certify that annexed hereto is a true copy from the records of the United States Patent and Trademark Office of the application which is identified above.

By authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

Date                                    Certifying Officer

DTV/AMT 001659

# PATENT APPLICATION

08630590

APPROVED FOR LICENSE ☐

INITIALS  APR 369629

| | | |
|---|---|---|
| Date Entered or Counted | | Date Received or Mailed |

## When Entering a Paper See
## Scanned Notice Inside File

| | | | |
|---|---|---|---|
| | 1. | Application 12 pmts paper | |
| | 2. | Pre. Grant sc | 04·10·96 |
| | 3. | Pre. Grant b | 04·10·96 |
| 7/1 | 4. | Rejection (3mos) | 07·24·97 |
| | 5. | IDS 157k | 04·10·96 |
| | 6. | Ext of time (1) | 11-21-97 |
| | 7. | Cert for Recora | 11-21-97 |
| 2·13 | 8. | Final Rej (3MOS) | 2-18-98 |
| | 9. | Rqst Ext Time (3) | 12-23-98 |
| 1/11/98 | 10. | Amdt Clms | Aug. 6 1998 |
| 8.20 | 11. | Advisory Action (6) | 8/20-98 sc |
| | 12. | Notice of Appeal | August 18, 1998 |
| 11-23 | 13. | Abandonment | 11-23-98 |
| 1-19-59 | 14. | Rej to CPA 1.53(d) | 9-10-98 |
| 3·9·99 | 15. | Rej (3 mos) | 3-10-99 |
| | 16. | Interview Summary | 5-26-99 |
| | 17. | Supp. IAS | 6/7/99 |
| | 18. | Amdt D | 6·7·99 |
| | 19. | PTA assignee | 6-7-99 |
| | 20. | Notice of accep | 6/18/99 |
| | 21. | Suppl IAS | 8/9/99 |
| 9·13 | 22. | Notice of Allowability | 8-13-98 |
| 9/21/99 | 23. | Formal Drawings (12 shts) set | 9/21/99 |
| | 24. | | |
| | 25. | | |
| | 26. | | |
| | 27. | | |
| | 28. | | |
| | 29. | | |
| | 30. | | |
| | 31. | | |
| | 32. | | |

(FRONT)

DTV/AMT 001660

What is claimed is:

1. A transmission system for providing information to remote locations, the transmission system comprising:

library means for storing items;

identification encoding means for retrieving the information for the items from the library means and for assigning a unique identification code to the retrieved information;

conversion means, coupled to the identification encoding means, for placing the retrieved information into a predetermined format as formatted data;

ordering means, coupled to the conversion means, for placing the formatted data into a sequence of addressable data blocks;

compression means, coupled to the ordering means, for compressing the formatted and sequenced data;

compressed data storing means, coupled to the data compression means, for storing as a file the compressed, sequenced data received from the data compression means with the unique identification code assigned by the identification encoding means; and

transmitter means, coupled to the compressed data storing means, for sending at least a portion of a file to one of the remote locations.

2. A transmission system as recited in claim 1, wherein the transmitter means includes:

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET N W
WASHINGTON DC 20005
1 202 408 4000

-44-

transmission format means for placing the composite formatted data block onto a communication path.

3. A transmission system as recited in claim 1, wherein the information in the items includes analog signals, and wherein the conversion means further comprises:

converting means, coupled to the identification encoding means, for A/D converting the analog data of the retrieved information into a series of digital data bytes; and

formatting means, coupled to the converting means, for converting the digital data bytes into formatted data with a predetermined format.

4. A transmission system as recited in claim 1, wherein the information in the items includes digital signals, and wherein the conversion means further comprises:

digital input receiver means, coupled to the identification encoding means, for converting the digital data of the retrieved information into predetermined voltage levels; and

formatting means, coupled to the digital input receiver means, for converting the predetermined voltage levels into formatted data with a predetermined format.

5. A transmission system as recited in claim 3, wherein the information in the items includes digital signals, and wherein the conversion means further comprises:

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
· 300 I STREET N W
WASHINGTON DC 20005
I 202 408 4000

-45-

DTV/AMT 001706

digital input receiver means, coupled to the identification encoding means, for converting the digital data of the retrieved information into predetermined voltage levels; and

formatting means, coupled to the digital input receiver means, for converting the predetermined voltage levels into formatted data with the predetermined format.

6. A transmission system as recited in claim 2, wherein the compressed data storing means further comprises:

compressed data library means for separately storing composite formatted data blocks for each of the files converted and stored.

7. A transmission system as recited in claim 6, further comprising:

system control interface means, coupled to the transmission format means, for generating a visual listing of available items; and

library access interface means, coupled to the transmission format means, for receiving transmission requests to transmit items, and for retrieving formatted data blocks stored in the compressed data library means corresponding to the requests from subscribers.

8. A transmission system as recited in claim 1, further comprising:

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET N W
WASHINGTON DC 20005
1 202 408 4000

-46-

DTV/AMT 001707

precompression data processing means, coupled to the ordering means, for storing the formatted data.

9. A transmission system as recited in claim 1, wherein the information in the items includes analog audio information, and wherein the conversion means further comprises:

audio converting means, coupled to the identification encoding means, for converting the analog audio signals into streams of digital audio data.

10. A transmission system as recited in one of claims 1 and 9, wherein the information in the items includes analog video information, and wherein the conversion means further comprises:

video converting means, coupled to the identification encoding means, for converting the analog video signals into streams of digital video data.

11. A transmission system as recited in one of claims 1 and 9, wherein the information in the items includes partly encoded information, and wherein the conversion means further comprises:

digital input means, coupled to the identification encoding means, for receiving partial encoded information in the items.

12. A transmission system as recited in claim 1, wherein the data compression means comprises:

means for performing a multi-dimensional analysis of the formatted data for inclusion in a predetermined algorithm; and

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET N W
WASHINGTON, DC 20005
1 202 408 4000

-47-

DTV/AMT 001708

compression processors for running the predetermined algorithm and for compressing the formatted data.

13. A transmission system as recited in claim 1, wherein the compression means comprises:

means for identifying repeating patterns in the formatted data for inclusion in a predetermined algorithm; and

compression processors for running the predetermined algorithm and for compressing the formatted data.

14. A transmission system as recited in claim 12, wherein the multi-dimensional analysis means includes means for performing the multi-dimensional analysis in the horizontal dimension.

15. A transmission system as recited in claim 12, wherein the multi-dimensional analysis means includes means for performing the multi-dimensional analysis in the vertical dimension.

16. A transmission system as recited in claim 12, wherein the multi-dimensional analysis means includes means for performing the multi-dimensional analysis in the time dimension.

17. A transmission system as recited in claim 12, wherein the multi-dimensional analysis means includes means for performing the multi-dimensional analysis in the zig-zag dimension.

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET N W
WASHINGTON, DC 20005
1 202 408 4000

DTV/AMT 001709

18. A distribution method responsive to requests identifying information to be sent from a transmission system to remote locations, the method comprising the steps of:

storing audio and video information in a compressed data form;

requesting transmission, by a user, of at least a part of the stored compressed data to a remote location selected by the user;

sending at least a portion of the stored compressed information to the remote location;

receiving the sent information at the remote location;

buffering the received information at the remote location; and

playing back the buffered information in real time at a time requested by the user.

19. The distribution method as recited in claim 18, wherein the information in the items includes analog and digital signals, and wherein the step of processing further comprises the steps of:

converting analog signals of the information to digital components;

formatting the digital data signals of the information;

ordering the converted analog data and the formatted digital data in a predetermined sequence and;

compressing the ordered information.

LAW OFFICES
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER
1300 I STREET N W
WASHINGTON DC 20005
1 202 408 4000

-49-

DTV/AMT 001710

20. The method of claim 18 wherein the step of storing the items includes the substep of storing the items in a plurality of compressed picture and sound information.

21. The method of claim 18 further comprising the steps of:
storing a list of items available to the user from at least one compressed data library; and
providing the user with the list so that the user may remotely select a particular item for transmission.

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
300 I STREET N W
WASHINGTON DC 20005
1 202 408 4000

-50-

DTV/AMT 001711

22.  A receiving system responsive to a user input identifying a choice of an item stored in a source material library to be played back to the subscriber at a location remote from the source material library, the item containing information to be sent from a transmitter to the receiving system, the receiving system comprising:

transceiver means, for automatically receiving the requested information from the transmitter as compressed formatted data blocks;

receiver format conversion means, coupled to the transceiver means, for converting the compressed formatted data blocks into a format suitable for storage and processing for playback in real time;

storage means, coupled to the receiver format conversion means, for storing the compressed formatted data;

decompressing means, coupled to the receiver format conversion means, for decompressing the compressed formatted information; and

output data conversion means, coupled to the decompressing means, for playing back the decompressed information in real time at a time specified by the user.

23. A receiving system as recited in claim 22, further comprising:

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET N W
WASHINGTON, DC 20005
( 202 408 4000

-51-

DTV/AMT 001712

user interface means for translating the input into a request for sending the requested information from the transmitter to the receiving system.

24. A receiving system as recited in claim 22, wherein the output data conversion means includes recording means which controls the playback.

25. A receiving system as recited in claim 22, wherein the storage means stores the formatted information until playback is requested by an operator.

26. A receiving system as recited in claim 22, wherein the decompression means further comprises:

video signal decompression means for decompressing video information contained in the compressed formatted information.

27. A receiving system as recited in claim 26, wherein the output data conversion means further comprises:

digital video output means, connected to the video signal decompression means, for outputting a digital video signal contained in the video information; and

analog video output means, connected to the video signal decompression means, for outputting an analog video signal contained in the video information.

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET N W
WASHINGTON DC 20005
1 202 408 4000

-52-



28. A receiving system as recited in claim 27, wherein the video output means further comprises:

copy protection means for preventing copying by the user of protected information.

29. A receiving system as recited in claim 22, wherein the decompression means further comprises:

audio signal decompression means for decompressing audio information contained in the compressed formatted information.

30. A receiving system as recited in claim 29, wherein the output data conversion means further comprises:

digital audio output means, connected to the audio signal decompression means, for outputting a digital audio signal contained in the audio information; and

analog audio output means, connected to the audio signal decompression means, for outputting an analog audio signal contained in the audio information.

31. A receiving system as recited in claim 22, wherein the decompression means further comprises:

video signal decompression means for decompressing video information contained in the compressed formatted information; and

audio signal decompression means for decompressing audio information contained in the compressed formatted information.

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
300 I STREET N W
WASHINGTON DC 20005
. 2C2 408 4000

-53-

DTV/AMT 001714



32. A receiving system as recited in claim 22, wherein the transceiver means receives the information via any one of telephone, ISDN, broadband ISDN, satellite, common carrier, computer channels, cable television systems, MAN, and microwave.

Add D2

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET N W
WASHINGTON DC 20005
. 202 408 4000

DTV/AMT 001715



08630590
#2/re circt
from 6/20/96

PATENT
Attorney Docket No. 2473.0001-03

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:            )
                                 )
Paul YURT et al.                 )
                                 )
Cont. of U.S. Appl.              )
Serial No.:  08/133,982          )  Group Art Unit: Unassigned
                                 )
Filed:  April 10, 1996           )  Examiner:  Unassigned
                                 )
For:  AUDIO AND VIDEO TRANSMISSION )
      AND RECEIVING SYSTEM        )

Assistant Commissioner for Patents
Washington, D.C.  20231

## PRELIMINARY AMENDMENT

Sir:

Prior to the examination of the above application, please amend this application as follows:

## IN THE SPECIFICATION:

Please amend the specification as follows:

Page 9, line 9, change "systema" to --systems--.

Page 11, line 3, change "is" to --as--;

line 7, change "send a movie" and insert --have a movie sent--; and

line 14, after "items" insert --for--.

Page 12, line 8, after "recorder." insert --The receiving system recognizes copy protected programs and disables the audio-video recorder.--.

LAW OFFICES
FINNEGAN, HENDERSON,
FARABOW, GARRETT
& DUNNER, L.L.P.
1300 1 STREET, N W.
WASHINGTON, DC 20005
202-408-4000

46

Page 13, line 25, change "communicated" to --communicate--.

Page 14, line 15, change "the any of" to --any of the--.

Page 16, line 14, after "such" insert --as in--; and

line 20, after "notes" insert --which--.

Page 17, line 5, after "information" insert --is--.

Page 21, line 8, after "application" insert --of--.

Page 23, line 25, change "122" to --112--.

Page 25, line 3, delete "to"; and

line 14, delete "is".

Page 31, line 16, change "source material library 111" to
--compressed data library 118--.

Page 32, line 6, change "of" to --for--.

Page 34, line 15, change "stored" to --processed--.

Page 35, line 4, change "receivingsystem" to --receiving
system--.

Page 36, line 12, after "ISDN" insert --channel--; and

line 17, after "DBS" insert --,-- (comma).

Page 39, line 23, after "to" insert --converter 206
including--;

line 24, after "analog" insert --video--.

Page 42, line 7, change "payed" to --played--.

Page 43, line 3, delete "may be" (SECOND OCCURRENCE).

LAW OFFICES
FINNEGAN, HENDERSON,
FARABOW, GARRETT
& DUNNER, L.L.P.
1300 I STREET, N. W.
WASHINGTON, DC 20005
202-408-4000

- 2 -

β

DTV/AMT 001735

IN THE CLAIMS:

Please cancel claims 1-32, and add the following new claims:

--33. A transmission system for providing information to be transmitted to remote locations, the transmission system comprising:

a plurality of electronically connected library means for storing items containing information;

identification encoding means for retrieving the information in the items from the plurality of library means and for assigning a unique identification code to the retrieved information;

conversion means, coupled to the identification encoding means, for placing the retrieved information into a predetermined format as formatted data; and

transmitter means, coupled to the conversion means, for transmission of the formatted data to one of the remote locations.

34. A transmission system as recited in claim 33, wherein the plurality of libraries are geographically separated.

35. A digital audio/video communication network comprising:

a local reception system comprising:

means for receiving compressed, digitized data representing at least one item of audio/video information at a non-real time rate,

LAW OFFICES
FINNEGAN, HENDERSON,
FARABOW, GARRETT
& DUNNER, L.L.P.
1300 I STREET, N. W.
WASHINGTON, DC 20005
202-408-4000

- 3 -

DTV/AMT 001736

means for storing a complete copy of the received compressed, digitized data, and

means, responsive to the stored compressed, digitized data, for transmitting a representation of the at least one item of audio/video information at a real-time rate to at least one of a plurality of subscriber receiving stations coupled to the local reception system.

36. A digital audio/video communication network as recited in claim 35, wherein the means for transmitting comprises a converter for decompressing the compressed digitized data representing the at least one item of audio/video information.

37. A digital audio/video communication network as recited in claim 35, further comprising a processing station for formatting items of audio/video information as compressed, digitized data and transmitting the compressed, digitized data representing at least one item of audio/video information at the non-real time rate to the means for receiving.

38. A digital audio-video communication network as recited in claim 37, wherein the processing station comprises:

means for inputting items of audio/video information;

conversion means for placing each input item of audio/video information into a predetermined format as formatted data;

compression means for compressing the formatted data; and

transmitter means for sending compressed formatted data for the at least one item of audio/video information at the non-real time rate to the local reception system.

LAW OFFICES
FINNEGAN, HENDERSON,
FARABOW, GARRETT
& DUNNER, L. L. P.
1300 I STREET, N. W.
WASHINGTON, DC 20005
202-408-4000

- 4 -

DTV/AMT 001737

39. A method of distributing audio/video information comprising:

transmitting compressed, digitized data representing a complete copy of at least one item of audio/video information at a non-real time rate from a central processing location;

receiving the transmitted compressed, digitized data representing a complete copy of the at least one item of audio/video information, at a local distribution system remote from the central processing location;

storing the received compressed, digitized data representing the complete copy of the at least one item at the local distribution system; and

in response to the stored compressed, digitized data, transmitting a representation of the at least one item at a real-time rate to at least one of a plurality of subscriber receiving stations coupled to the local distribution system.

40. A method as recited in claim 39, further comprising the step of decompressing the compressed, digitized data representing the at least one item of audio/video information before the transmission at a real time rate.

41. A method as recited in claim 40, wherein the decompressing step is performed in the local distribution system to produce the representation of the at least one item for transmission to the at least one subscriber station.

42. A method of distributing audio/video information comprising:

LAW OFFICES
FINNEGAN, HENDERSON,
FARABOW, GARRETT
& DUNNER, L.L.P.
1300 I STREET, N. W.
WASHINGTON, DC 20005
202-408-4000

- 5 -

DTV/AMT 001738

formatting items of audio/video information as compressed digitized data at a central processing location;

transmitting compressed, digitized data representing a complete copy of at least one item of audio/video information from the central processing location;

receiving the transmitted compressed, digitized data representing a complete copy of the at least one item of audio/video information, at a local distribution system;

storing the received compressed, digitized data representing the complete copy of the at least one item at the local distribution system; and

using the stored compressed, digitized data to transmit a representation of the at least one item to at a plurality of subscriber receiving stations coupled to the local distribution system.---

## REMARKS

The amendments to the specification were made in the parent application S.N. 08/133,982 to correct minor typographical and grammatical errors. Claims 1-32 have been cancelled and new claims 33-42 have been added. New claims 33-42 correspond to proposed amended claims 33, 34, 48-54, and 58 of the parent application.

Claims 33-42 define patentable subject matter as set forth in the first Amendment After Final filed in the parent application. That amendment was not entered in the parent application.

LAW OFFICES
FINNEGAN, HENDERSON,
FARABOW, GARRETT
& DUNNER, L.L.P.
1300 I STREET, N.W.
WASHINGTON, DC 20005
202-408-4000

- 6 -

DTV/AMT 001739

If there are any fees due in connection with the filing of this amendment, please charge the fees to our Deposit Account No. 06-0916. If an extension of time under 37 C.F.R. 1.136 not accounted for above is required for the entry of this amendment, such an extension is requested and the fee should also be charged to our Deposit Account.

Respectfully submitted,

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.

By: _____
Michael R. Kelly
Reg. No. 33,921

Dated: April 10, 1996
MRK/kas

LAW OFFICES
FINNEGAN, HENDERSON,
FARABOW, GARRETT
& DUNNER, L.L.P.
1300 I STREET, N. W.
WASHINGTON, DC 20005
202-408-4000

- 7 -

DTV/AMT 001740

 

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/630,590 | 04/10/96 | YURT | P 2473.0001-02 |

26M1/0724

FINNEGAN HENDERSON FARABOW
GARRETT AND DUNNER
1300 I STREET NW
WASHINGTON DC 20005-3315

| EXAMINER |
|---|
| LEA |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2614 | 4 |

DATE MAILED: 07/24/97

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

1- File Copy

DTV/AMT 001784

 

| Office Action Summary | Application No. 08/630,590 | Applicant(s) Paul Yurt et al | |
|---|---|---|---|
| | Examiner Amanda Le | Group Art Unit 2614 | |

☒ Responsive to communication(s) filed on _4/10/97_

☐ This action is **FINAL**.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ___3___ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

   ☒ Claim(s) _33-42_ _____ is/are pending in the application.

      Of the above, claim(s) _____ is/are withdrawn from consideration.

   ☐ Claim(s) _____ is/are allowed.

   ☒ Claim(s) _33-42_ _____ is/are rejected.

   ☐ Claim(s) _____ is/are objected to.

   ☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

   ☒ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

   ☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

   ☐ The proposed drawing correction, filed on _____ is ☐approved ☐disapproved.

   ☐ The specification is objected to by the Examiner.

   ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

   ☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

      ☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

         ☐ received.

         ☐ received in Application No. (Series Code/Serial Number) _____ .

         ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

      *Certified copies not received: _____ .

   ☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

   ☒ Notice of References Cited, PTO-892

   ☒ Information Disclosure Statement(s), PTO-1449, Paper No(s). ___4___

   ☐ Interview Summary, PTO-413

   ☒ Notice of Draftsperson's Patent Drawing Review, PTO-948

   ☐ Notice of Informal Patent Application, PTO-152

*— SEE OFFICE ACTION ON THE FOLLOWING PAGES —*

DTV/AMT 001785

Art Unit:

### Claim Rejections - 35 USC § 102

1.      The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless --
>
> (e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, or on an international application by another who has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371© of this title before the invention thereof by the applicant for patent.

Claims 33 and 34 are rejected under 35 U.S.C. 102(e) as being anticipated by Wilson et al.

Wilson et al discloses an interactive multimedia presentation and communication system comprising the following subject matters of the claimed "transmission system for providing information to be transmitted to remote locations": "a plurality of electronically connected library means" (Fig. 1, LOC 24, Fig. 2, Fig. 10) "being geographically separated" (claim 34) (col. 10, lines 35-42), "identification encoding means" (Fig. 10, element 162, col. 38, lines 37-46), "conversion means" (col. 39, lines 1-18), "transmitter means" (Fig. 10, element 168, 169).

3.      Claims 35-42 are rejected under 35 U.S.C. 102(e) as being anticipated by Tindell et al.

Regarding claims 35, 36, Tindell et al discloses a store and forward video system comprising the following subject matters of the claimed "digital audio/video communication network": "a local reception system" (Fig. 5), "means for receiving compressed, digitized data" (Fig. 5, elements 64, 66,

Art Unit:

68, 70, 74), "means for storing a complete copy" (Fig. 5, element 78, col. 5, lines 29-32), "means, responsive to the stored compressed, digitized data, for transmitting" (Fig. 5, elements 82, 84, 86, 88), "converter for decompressing" (claim 36) (Fig. 5, element 82).

Regarding claim 37, Tindell et al also discloses the claimed "a processing station for formatting items of audio/video information" (Fig. 1, element 10, Fig. 2 and Fig. 3).

Regarding claim 38, Tindell et al further discloses the following subject matters comprised in the claimed "processing station": "means for inputting" (Fig. 3, element 24), "conversion means" (Fig. 3, elements 32, 34, , 36, 40, 42), "compression means" (Fig. 3, element 44), "transmitter means" (Fig. 2, element 30).

Regarding claims 39-41, Tindell et al discloses the following subject matters of the claimed "method of distributing audio/video information": "transmitting compressed, digitized data..." (Fig. 6), "receiving the transmitted compressed, digitized data" (Fig. 7, 118), "storing the received compressed, digitized data" (Fig. 7, 122), "in response to the stored compressed, digitized data, transmitting a representation of the at least one item" (Fig. 7, 124, 126), "the step of decompressing" (claims 40, 41) (Fig. 7, 124).

Regarding claim 42, Tindell et al discloses the following subject matters of the claimed "method of distributing audio/video information": "formatting items of audio/video information" (Fig. 6, 90, 92), "transmitting compressed, digitized data representing a complete copy" (Fig. 6, 108), "receiving the transmitted compressed, digitized data" (Fig. 7, 118), "storing the received

DTV/AMT 001787

Art Unit:

compressed, digitized data" (Fig. 7, 122), "using the stored compressed, digitized data to transmit

a representation of the at least one item" (Fig. 7, 126).

## *Conclusion*

4.      The prior art made of record and not relied upon is considered pertinent to applicant's

disclosure. Paolini discloses a system with two different communication mediums, transmitting

retrieved video and compressed audio information to plural receivers responsively to users' requests.

5.      Any inquiry concerning this communication or earlier communications from the examiner
should be directed to Amanda Le whose telephone number is (703) 305-4769. The examiner can
normally be reached on Tuesday-Friday from 7:30 AM to 5:00 PM. The examiner can also be
reached on alternate Mondays.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor,
Stephen Chin, can be reached on (703) 305-4714.

        Any inquiry of a general nature or relating to the status of this application or proceeding
should be directed to the Group receptionist whose telephone number is (703) 305-3900.

        **Any response to this action should be mailed to:**

                        Commissioner of Patents and Trademarks
                        Washington, D.C. 20231

        **or faxed to:**

                        (703) 308-9051, (for formal communications intended for entry)

        **Or:**

                        (703) 308-5403 (for informal or draft communications, please label
                        "PROPOSED" or "DRAFT")

Art Unit:

Hand-delivered responses should be brought to Crystal Park II, 2121 Crystal Drive, Arlington. VA., Sixth Floor (Receptionist).

(07/16/97)

amandale

**AMANDA LE**
**PATENT EXAMINER**



Attorney Docket No. 2473.0001-03

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:    )
)
PAUL YURT et al.         ) Group Art Unit: 2614
)
Serial No.: 08/630,590     ) Examiner: Amanda Le
)
Filed: April 10, 1996      )
)
For: AUDIO AND VIDEO TRANSMISSION )
      AND RECEIVING SYSTEM  )

Assistant Commissioner of Patents
Washington, D.C. 20231

## AMENDMENT

Sir:

In response to the July 24, 1997 Office Action, please consider the following

Remarks:

## REMARKS

In the Office Action, the Examiner rejected claims 33 and 34 under 35 U.S.C.

§ 102(e) as anticipated by U.S. Patent No. 5,195,092 issued to <u>Wilson et al.</u> The

<u>Wilson et al.</u> patent discloses an interactive multimedia presentation and

communication system. More specifically, <u>Wilson et al</u> teaches an "electronic

shopping mall" in which a subscriber tunes his television to a particular channel,

LAW OFFICES
FINNEGAN, HENDERSON,
FARABOW, GARRETT,
& DUNNER, L.L.P.
1300 I STREET, N.W.
WASHINGTON, DC 20005
202-408-4000

DTV/AMT 001791

telephones a local number, follows log-on instructions given over the telephone, and then uses the touch-tone keypad of his telephone to navigate through an electronic information system that displays multimedia presentations in the form of video images and accompanying audio on various items selected by the subscriber. See col. 1, lines 19-37. When the shopper chooses to terminate a shopping session, he simply hangs up his phone. The hang-up signal is routed to the session server and a termination script is sent to the subscriber. System resources can then be assigned to a subsequent shopper. See col. 30, lines 19-35.

Wilson et al. teaches a system significantly different from the present invention. For example, Wilson et al. requires that the shopper be connected to the system resources by telephone for the duration of the transaction. This limits both telephone use by the subscriber as well as the availability of system resources to other subscribers. Furthermore, in Wilson et al. the subscriber is required to be physically present at the location to which information is transmitted.

In contrast, the present invention provides a flexible system in which a user can remotely access information. That is, the user can request transmission of information to a site remote from the requesting site. Additionally, with the present invention the user does not have to be connected by telephone when information is transmitted from the library to the selected remote location. This frees up system resources for use by others and makes the system much more convenient to use than that disclosed in Wilson et al.

LAW OFFICES
FINNEGAN, HENDERSON,
FARABOW, GARRETT,
& DUNNER, L.L.P.
1300 I STREET, N. W.
WASHINGTON, DC 20005
202-408-4000

2

DTV/AMT 001792

The Examiner next rejected claims 35-42 under 35 U.S.C. § 102(e) as by U.S. Patent No. 5,130,792 issued to Tindell et al.

The Tindell et al. patent discloses a store and forward video system. According to Tindell et al., data from a central data facility 10 is transmitted over telephone network 12 to a receiving unit 16. Fig. 5 of Tindell et al. discloses the details of the receiving unit 16, which, according to Tindell et al., is at a remote location. The receiving unit 16 receives information from the telephone network and ultimately stores the information in a mass storage device 78. The data is stored in the mass storage device 78 in a compressed format and is stored until the entire requested program is downloaded from the central data facility 10. According to Tindell et al., the mass storage device 78 is preferably an erasable optical disk or other similar high density storage medium. When a viewer selects the play mode, the control unit 72 causes the data stored in the mass storage device 78 to be transferred through storage interface 76 to data decompression unit 82. The signal is A/D converted and reconstructed and then the composite video signal is output for viewing.

As is clear from Tindell et al., the receiving unit 16 at the user premises contains the mass storage device 78 and stores the compressed programming for viewing after decompression and processing. In contrast, according to the present invention, the compressed data is stored at a local reception system (claim 35) or a local distribution system (claims 39 and 42). The compressed data is stored at the

LAW OFFICES
FINNEGAN, HENDERSON,
FARABOW, GARRETT,
& DUNNER, L.L.P
1300 I STREET, N. W.
WASHINGTON, DC 20005
202·408·4000

3

DTV/AMT 001793

local facility and is sent at a real time rate to a subscriber receiving station. Use of a local reception or distribution system is neither taught nor suggested by Tindell et al. and such a system considerably simplifies and reduces the cost of the components required at the user end. That is, by storing the requested compressed information locally, the subscriber does not need to have compressed data storage or decompression circuitry at his location. Rather, a local facility can have these elements and they can be distributed or shared between a plurality of users in a local region.

If there are any other fees due in connection with the filing of this Amendment, please charge the fees to our Deposit Account No. 06-0916. If a fee is required for an extension of time under 37 C.F.R. § 1.136 not accounted for above, such an extension is requested and the fee should also be charged to our Deposit Account.

Respectfully submitted,

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.

By: _____
E. Robert Yoches
Reg. No. 30,120

Dated: November 21, 1997

LAW OFFICES
FINNEGAN, HENDERSON,
FARABOW, GARRETT,
& DUNNER, L.L.P.
1300 I STREET, N. W.
WASHINGTON, DC 20005
202-408-4000

4

DTV/AMT 001794



# UNITED STATES DEPARTMENT OF COMMERCE
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/630,590 | 04/10/96 | YURT | P | 2473.0001-02 |

| | EXAMINER |
|---|---|
| LM6170218 | LE, A |
| | ART UNIT · PAPER NUMBER |
| | 2734 |
| | DATE MAILED: 02/18/98 |

FINNEGAN HENDERSON FARABOW
GARRETT AND DUNNER
1300 I STREET NW
WASHINGTON DC 20005-3315

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)
*U.S. GPO 1996-404-496/40510

1- File Copy

DTV/AMT 001795

 

| | Application No. | Applicant(s) |
|---|---|---|
| ***Office Action Summary*** | 08/630,590 | Paul Yuri et al |
| | Examiner | Group Art Unit |
| | Amanda Le | 2734 |

☒ Responsive to communication(s) filed on _11/21/97_

☒ This action is **FINAL**.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ____ *3* ____ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) _33-42_ _____ is/are pending in the application.

    Of the above, claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☐ Claim(s) _____ is/are rejected.

☒ Claim(s) _33-42_ _____ is/are objected to.

☐ Claim(s) _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

        ☐ received.

        ☐ received in Application No. (Series Code/Serial Number) _____ .

        ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☐ Notice of References Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

*— SEE OFFICE ACTION ON THE FOLLOWING PAGES —*

DTV/AMT 001796

1.    This Office Action is responsive to the request for reconsideration filed on 11/21/97. Claims

33-42 are pending in this application.

## Claim Rejections - 35 U.S.C. § 102

2.    The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless --

(e) the invention was described in a patent granted on an application for patent by another filed in the United States
before the invention thereof by the applicant for patent, or on an international application by another who has fulfilled
the requirements of paragraphs (1), (2), and (4) of section 371© of this title before the invention thereof by the
applicant for patent.

3.    Claims 33 and 34 are rejected under 35 U.S.C. 102(e) as being anticipated by Wilson et al.

Wilson et al discloses an interactive multimedia presentation and communication system

comprising the following subject matters of the claimed "transmission system for providing

information to be transmitted to remote locations": "a plurality of electronically connected library

means" (Fig. 1, LOC 24, Fig. 2, Fig. 10) "being geographically separated" (claim 34) (col. 10, lines

35-42), "identification encoding means" (Fig. 10, element 162, col. 38, lines 37-46), "conversion

means" (col. 39, lines 1-18), "transmitter means" (Fig. 10, element 168, 169).

4.    Claims 35-42 are rejected under 35 U.S.C. 102(e) as being anticipated by Tindell et al.

Regarding claims 35, 36, Tindell et al discloses a store and forward video system comprising

the following subject matters of the claimed "digital audio/video communication network": "a local

reception system" (Fig. 5), "means for receiving compressed, digitized data" (Fig. 5, elements 64, 66, 68, 70, 74), "means for storing a complete copy" (Fig. 5, element 78, col. 5, lines 29-32), "means, responsive to the stored compressed, digitized data, for transmitting" (Fig. 5, elements 82, 84, 86, 88), "converter for decompressing" (claim 36) (Fig. 5, element 82).

Regarding claim 37, Tindell et al also discloses the claimed "a processing station for formatting items of audio/video information" (Fig. 1, element 10, Fig. 2 and Fig. 3).

Regarding claim 38, Tindell et al further discloses the following subject matters comprised in the claimed "processing station": "means for inputting" (Fig. 3, element 24), "conversion means" (Fig. 3, elements 32, 34, 36, 40, 42), "compression means" (Fig. 3, element 44), "transmitter means" (Fig. 2, element 30).

Regarding claims 39-41, Tindell et al discloses the following subject matters of the claimed "method of distributing audio/video information": "transmitting compressed, digitized data . . . " (Fig. 6), "receiving the transmitted compressed, digitized data" (Fig. 7, 118), "storing the received compressed, digitized data" (Fig. 7, 122), "in response to the stored compressed, digitized data, transmitting a representation of the at least one item" (Fig. 7, 124, 126), "the step of decompressing" (claims 40, 41) (Fig. 7, 124).

Regarding claim 42, Tindell et al discloses the following subject matters of the claimed "method of distributing audio/video information": "formatting items of audio/video information" (Fig. 6, 90, 92), "transmitting compressed, digitized data representing a complete copy" (Fig. 6, 108), "receiving the transmitted compressed, digitized data" (Fig. 7, 118), "storing the received

compressed, digitized data" (Fig. 7, 122), "using the stored compressed, digitized data to transmit a representation of the at least one item" (Fig. 7, 126).

### Response to Arguments

5.    Applicant's arguments filed 11/21/97 have been fully considered but they are not persuasive.

Regarding claims 33 and 34, in response to applicant's argument that the references fail to show certain features of applicant's invention, it is noted that the features upon which applicant relies (i.e., *"a flexible system in which a user can remotely access information. That is, the user can request transmission of information to a site remote from the requesting site. Additionally, with the present invention the user does not have to be connected by telephone when information is transmitted from the library to the selected remote location"*) are not recited in the rejected claim(s). Although the claims are interpreted in light of the specification, limitations from the specification are not read into the claims. *In re Van Guens*, 988 F.2d 1181, 26 USPQ2d 1057 (Fed. Cir. 1993).

Regarding claims 35-42, Applicant asserts that *"according to the present invention, the compressed data is stored at a local reception system (claim 35) or a local distribution system (claims 39 and 42). The compressed data is stored at the local facility and is sent at a real time rate to a subscriber receiving station. Use of a local reception or distribution system is neither taught nor suggested by Tindell et al and such a system considerably simplifies and reduces the cost of the components required at the user end."* The Examiner would like to emphasize that the Office Action interprets Tindell et al's "receiving unit (16)" as the claimed "local reception system" (claim 35) or

DTV/AMT 001799

"a local distribution system" (claims 39 and 42), and Tindell et al's "video display devices (18)" as the claimed "subscriber receiving stations." Accordingly, Tindell et al does disclose all the subject matters claimed, as explained in the previous Office Action.

For the above reasons, the rejections applied to claims 33-42, as recited in the previous Office Action, are maintained.

## Conclusion

6.    **THIS ACTION IS MADE FINAL.** Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for response to this final action is set to expire THREE MONTHS from the date of this action. In the event a first response is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event will the statutory period for response expire later than SIX MONTHS from the date of this final action.

7.    Any inquiry concerning this communication or earlier communications from the examiner should be directed to Amanda Le whose telephone number is (703) 305-4769. The examiner can normally be reached on Tuesday-Friday from 7:30 A.M. to 5:00 P.M.. The examiner can also be reached on alternate Mondays.

Art Unit: 2734

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Stephen Chin, can be reached on (703) 305-4714.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the Group receptionist whose telephone number is (703) 305-3900.

**Any response to this final action should be mailed to:**

    **Box AF**

        Commissioner of Patents and Trademarks
        Washington, D.C. 20231

    **or faxed to:**

        (703) 305-9051, (for formal communications; please mark "EXPEDITED PROCEDURE")

    **Or:**

        (703) 308-5403 (for informal or draft communications, please label "PROPOSED" or "DRAFT")

Hand-delivered responses should be brought to Crystal Park II, 2021 Crystal Drive, Arlington. VA., Sixth Floor (Receptionist).

A. Le

02/10/98

**DON N. VO**
**PRIMARY EXAMINER**

Art Unit: 2734

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Stephen Chin, can be reached on (703) 305-4714.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the Group receptionist whose telephone number is (703) 305-3900.

**Any response to this final action should be mailed to:**

**Box AF**
Commissioner of Patents and Trademarks
Washington, D.C. 20231

**or faxed to:**

(703) 305-9051, (for formal communications; please mark "EXPEDITED PROCEDURE")

**Or:**

(703) 308-5403 (for informal or draft communications, please label "PROPOSED" or "DRAFT")

Hand-delivered responses should be brought to Crystal Park II, 2021 Crystal Drive, Arlington. VA., Sixth Floor (Receptionist).

A. Le

02/10/98

**DON N. VO**
**PRIMARY EXAMINER**

DTV/AMT 001804

PATENT

Attorney Docket No.: 2473.0001-03

AF/2734

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of: | ) ATTN: BOX AF |
| | ) |
| PAUL YURT et al. | ) Group Art Unit: 2734 |
| | ) |
| Serial No.: 08/630,590 | ) Examiner: Amanda Le |
| | ) |
| Filed: April 10, 1996 | ) |
| | ) |
| For: AUDIO AND VIDEO TRANSMISSION ) | |
| AND RECEIVING SYSTEM | ) |

RECEIVED
98 AUG 10 PM 2:03
GROUP 2700

Assistant Commissioner of Patents
Washington, D.C. 20231

Sir:

## AMENDMENT UNDER 37 C.F.R. § 1.116

In response to the February 18, 1998, Office Action, the period of response to which was

extended three months through August 18, 1998, with the Petition for Extension of Time and

payment of the requisite fee filed on July 23, 1998, Applicants propose amending the above-

captioned application as follows:

IN THE CLAIMS:

Please amend the claims as follows:

33. (Amended) A transmission system responsive to input from a user positioned at an

accessing location for [providing] transmitting information [to be transmitted to remote

locations,] to a remote location selected by the user, the transmission system comprising:

a plurality of [electronically connected library means] libraries for storing items

containing information;

LAW OFFICES
FINNEGAN, HENDERSON,
FARABOW, GARRETT
& DUNNER, L.L.P.
1300 I STREET, N.W.
WASHINGTON, D.C. 20005
202-408-4000

identification encoding means for retrieving the information in the items from the plurality of [library means] libraries and for assigning a unique identification code to the retrieved information;

conversion means, coupled to the identification encoding means, for placing the retrieved information into a predetermined format as formatted data; and

transmitter means, coupled to the conversion means, for transmission of the formatted data to [one of the remote locations] the remote location selected by the user, wherein the remote location may be different from the accessing location.

35. (Amended)  A digital audio/video communication network comprising:

a [local] reception system in data communication with a plurality of subscriber receiving stations, the reception system comprising:

means for receiving compressed, digitized data representing at least one item of audio/video information at a non-real time rate,

means for storing a complete copy of the received compressed, digitized data, and

means, responsive to the stored compressed, digitized data, for transmitting a representation of the at least one item of audio/video information at a real-time rate to at least one of [a] the plurality of subscriber receiving stations [coupled to the local reception system], wherein said means for receiving, said means for storing, and said means for transmitting are

LAW OFFICES
FINNEGAN, HENDERSON,
FARABOW, GARRETT
& DUNNER, L.L.P.
1300 I STREET, N.W.
WASHINGTON, D. C. 20005
202-408-4000

2

DTV/AMT 001805

positioned at the same location, and wherein the at least one of the plurality of subscriber

receiving stations is located at a location different from a location of the reception system.

39. (Amended)  A method of distributing audio/video information comprising:

transmitting compressed, digitized data representing a complete copy of at least one item

of audio/video information at a non-real time rate from a central processing location to a local

distribution system remote from the central processing location;

receiving, into a receiving means, the transmitted compressed, digitized data representing

a complete copy of the at least one item of audio/video information[, at a local distribution

system remote from the central processing location];

storing, in a storing means, the received compressed, digitized data representing the

complete copy of the at least one item at the local distribution system; and

in response to the stored compressed, digitized data, transmitting, using a transmitting

means, a representation of the at least one item at a real-time rate to at least one of a plurality of

subscriber receiving stations coupled to the local distribution system, wherein the receiving

means, the storing means, and the transmitting means are positioned at the same location, and

wherein the at least one of the plurality of subscriber receiving stations is located at a location

different from a location of the local distribution system.

LAW OFFICES
FINNEGAN, HENDERSON,
FARABOW, GARRETT
& DUNNER, L.L.P.
1300 I STREET, N. W.
WASHINGTON, D. C. 20005
202-408-4000

3

DTV/AMT 001806

40. (Amended)  A method as recited in claim 39, further comprising the step of decompressing the compressed, digitized data representing the complete copy of the at least one item of audio/video information before the transmitting step [transmission at a real time rate].

41. (Amended)  A method as recited in claim 40, wherein the decompressing step is performed in the local distribution system to produce the representation of the at least one item for transmission to the at least one of the plurality of subscriber [station] receiving stations.

42. (Amended)  A method of distributing audio/video information comprising:

formatting items of audio/video information as compressed digitized data at a central processing location;

transmitting compressed, digitized data representing a complete copy of at least one item of audio/video information from the central processing location;

receiving, into a receiving means, the transmitted compressed, digitized data representing a complete copy of the at least one item of audio/video information, at a local distribution system;

storing, in a storing means, the received compressed, digitized data representing the complete copy of the at least one item at the local distribution system; and

using the stored compressed, digitized data to transmit using a transmitting means a representation of the at least one item to at least one of a plurality of subscriber receiving stations

LAW OFFICES
FINNEGAN, HENDERSON,
FARABOW, GARRETT
& DUNNER, L.L.P.
1300 I STREET, N. W.
WASHINGTON, D. C. 20005
202-408-4000

4

DTV/AMT 001807

coupled to the local distribution system, wherein the receiving means, the storing means, and the transmitting means are positioned at the same location, and wherein the at least one of the plurality of subscriber receiving stations is located at a location different from a location of local distribution system.

## REMARKS

The Examiner rejected claims 33 and 34 under 35 U.S.C. § 102(e) as being anticipated by U.S. Patent No. 5,195,092 issued to Wilson et al. ("Wilson"). This rejection is traversed.

Wilson discloses an interactive multimedia presentation and communication system. Particularly, Wilson discloses an "electronic shopping mall" in which a subscriber tunes his television to a particular channel, telephones a local number, follows log-on instructions given over the telephone, and uses the touch-tone keypad of the telephone to navigate through an electronic information system that displays multimedia presentations in the form of video images and accompanying audio on various items selected by the subscriber (column 1, lines 19-37). The subscriber enters codes and commands via a standard touch-tone telephone keypad in response to menus, graphics, and audio that are presented on a television screen, and by so doing selects a presentation that comprises video images and audio commentary about particular items displayed on the television screen (column 6, lines 60-68).

Wilson teaches a system significantly different from the present invention. For example, Wilson requires that the shopper be connected to the system resources by telephone for the duration of the transaction. This limits both telephone use by the subscriber as well as the

LAW OFFICES
FINNEGAN, HENDERSON,
FARABOW, GARRETT,
& DUNNER, L.L.P.
1300 1 STREET, N.W.
WASHINGTON, DC 20005
202-408-4000

5

DTV/AMT 001808

availability of system resources to other subscribers. Furthermore, in the multimedia presentation and communication system of <u>Wilson</u> the subscriber is required to be physically present at the location to which information is transmitted.

In contrast, the present invention as recited in claims 33 and 34 provides a flexible system in which a user can remotely access information. Particularly, the user can request transmission of information to a remote locate that is selected by the user. The selected remote location can be different from an accessing location where the user was positioned when the information request was made.

In the pending Office Action, commenting on the November 21, 1997, Response filed by Applicants, the Examiner contends that Applicants were relying on features not recited in the pending claims to distinguish the claims from <u>Wilson</u>. See page 4, paragraph 2 of the February 18, 1998, Office Action. Applicants disagree because the claimed invention has always recited transmission of data to remote locations. This feature is neither disclosed nor suggested in <u>Wilson</u>, which require the subscriber to be physically present at the location to which information is transmitted.

To advance prosecution of this application, Applicants have amended independent claim 33 to clarify that the remote location to which the information is transmitted is different from the accessing location at which the user is positioned when making the request. As detailed above, this limitation of claim 33 is not disclosed in or suggested by <u>Wilson</u>. For at least this reason, independent claim 33, as well as claim 34 depending therefrom, are patentable over <u>Wilson</u>.

LAW OFFICES
FINNEGAN, HENDERSON,
FARABOW, GARRETT,
& DUNNER, L.L.P.
1300 I STREET, N. W.
WASHINGTON, DC 20005
202-408-4000

6

DTV/AMT 001809

The Examiner rejected claims 35-42 under 35 U.S.C. § 102(e) as being anticipated by

U.S. Patent No. 5,130,792 issued to Tindell et al. ("Tindell"). This rejection is traversed.

Tindell discloses a store and forward video system. As discussed at column 2, lines 54-

68:

> At a remote location, a telephone 14 and receiving unit 16 are connected to the
> telephone network 12. A video display device 18, such as a television conforming
> to the NTSC standard, is connected to the receiving unit 16 for displaying video
> programs which have been transferred from the central data facility 10 to the
> receiving unit 16. A viewer who wishes to down load a program from the central
> data facility 10 into his receiving unit 16 calls the central data facility 10 using the
> normal telephone 14. After the program has been ordered, the user places the
> telephone 14 on-hook and switches the receiving unit 16 to standby. The central
> data facility 10 then returns the call and down loads the requested program into
> the receiving unit 16 for viewing at a time selected by the viewer.

The above passage makes clear that the receiving unit 16 disclosed in Tindell is located at

the user premises. The receiving unit contains a mass storage device 78 that stores the

compressed programming for viewing on video display 18 at a time selected by the user. When

the user selects the play mode on receiving unit 16, the compressed data stored in receiving unit

16 is decompressed, the signal is converted and reconstructed, and the composite video signal is

output to video display unit 18 for viewing. Thus, Tindell discloses storing the compressed data

in a receiving unit that is located at the same location as the display unit, that is, the premises of

the user.

In contrast, in the present invention as recited claims 35-42, the subscriber receiving

station is located at a different location than where the compressed data is stored. Particularly, in

independent claim 35, at least one of the plurality of subscriber receiving stations is located at a

LAW OFFICES
FINNEGAN, HENDERSON,
FARABOW, GARRETT,
& DUNNER, L.L.P.
1300 I STREET, N. W.
WASHINGTON, DC 20005
202-408-4000

7

DTV/AMT 001810

location different from the location of the reception system. Similarly, in claims 39 and 42, at least one of the plurality of subscriber receiving stations is located as a location different from a distribution system. <u>Tindell</u> does not disclose or suggest a plurality of video display units 18 coupled to a receiving unit 16. For at least these reasons, <u>Tindell</u> does not disclose or suggest claims 35-42.

In response to arguments distinguishing <u>Tindell et al.</u> from the claimed invention, the Examiner stated that she "interprets Tindell et al's 'receiving unit (16)' as the claimed 'local reception system' (claim 35) or 'a local distribution system' (claims 39 and 42), and Tindell et al's 'video display devices (18)' as the claimed 'subscriber receiving stations.'" See page 4, paragraph 3 through page 5, line 3 of the February 18, 1998, Office Action. The Examiner's interpretation is untenable because there is no disclosure or suggestion in <u>Tindell</u> that video display 18 is at a location remote from the receiving unit 16. See col. 2, lines 54-60.

To advance prosecution of this application, Applicants have amended independent claims 35, 39, and 42 to recite that the at least one of the plurality of subscriber receiving stations is located at a different location than the local distribution or receiving system. This is feature is neither disclosed nor suggested in <u>Tindell et al.</u>

Applicants request entry of this Amendment under 37 C.F.R. § 1.116 by the Examiner. The amendments do not raise new issues or necessitate the undertaking of any additional search of the art by the Examiner. The amendments should allow for immediate action by the

LAW OFFICES
FINNEGAN, HENDERSON,
FARABOW, GARRETT,
& DUNNER, L.L.P.
1300 I STREET, N.W.
WASHINGTON, DC 20005
202-408-4000

8

DTV/AMT 001811

Examiner. The entry of the amendments would allow Applicants to reply to the final rejection of claims 35-42 and place the application in condition for allowance.

Furthermore, the entry of the amendments would place the application in better form for appeal, should the Examiner dispute the patentability of the pending claims. Applicants therefore request entry of this Amendment, reconsideration and reexamination of this application, and timely allowance of the pending claims.

If there are any fees due in connection with the filing of this Amendment, please charge the fees to our Deposit Account No. 06-0916. If a fee is required for an extension of time under 37 C.F.R. § 1.136 not accounted for above, such an extension is requested and the fee should also be charged to our Deposit Account.

Respectfully submitted,

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.

By: _____
Doris Johnson Hines
Reg. No. 34,629

Dated: August 6, 1998

LAW OFFICES
FINNEGAN, HENDERSON,
FARABOW, GARRETT,
& DUNNER, L.L.P.
1300 I STREET, N. W.
WASHINGTON, DC 20005
202-408-4000

9

DTV/AMT 001812



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/630,590 | 04/10/96 | YURT | P 2473.0001-02 |

|  |  |
|---|---|
| | EXAMINER |
| LM61/0820 | |
| FINNEGAN HENDERSON FARABOW | LE,A |
| GARRETT AND DUNNER | ART UNIT · PAPER NUMBER |
| 1300 I STREET NW | |
| WASHINGTON DC 20005-3315 | 2734 ( ( |
| | DATE MAILED: |
| | 08/20/98 |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)
*U S. GPO. 1998-437-638/80022

1- File Copy

DTV/AMT 001813

| | Application No. | Applicant(s) |
|---|---|---|
| **Advisory Action** | 08/630,590 | Paul Yuri et al |
| | Examiner<br>Amanda Le | Group Art Unit<br>2734 |



THE PERIOD FOR RESPONSE: [check only a) or b)]

a) ☒ expires ____6____ months from the mailing date of the final rejection.

b) ☐ expires either three months from the mailing date of the final rejection, or on the mailing date of this Advisory Action, whichever is later. In no event, however, will the statutory period for the response expire later than six months from the date of the final rejection.

Any extension of time must be obtained by filing a petition under 37 CFR 1.136(a), the proposed response and the appropriate fee. The date on which the response, the petition, and the fee have been filed is the date of the response and also the date for the purposes of determining the period of extension and the corresponding amount of the fee. Any extension fee pursuant to 37 CFR 1.17 will be calculated from the date of the originally set shortened statutory period for response or as set forth in b) above.

☐ Appellant's Brief is due two months from the date of the Notice of Appeal filed on _____ (or within any period for response set forth above, whichever is later). See 37 CFR 1.191(d) and 37 CFR 1.192(a).

Applicant's response to the final rejection, filed on ____8/6/98____ has been considered with the following effect, but is NOT deemed to place the application in condition for allowance:

☒ The proposed amendment(s):

  ☐ will be entered upon filing of a Notice of Appeal and an Appeal Brief.

  ☒ will not be entered because:

    ☒ they raise new issues that would require further consideration and/or search. (See note below).

    ☐ they raise the issue of new matter. (See note below).

    ☐ they are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal.

    ☐ they present additional claims without cancelling a corresponding number of finally rejected claims.

    NOTE: _see attachement_ _____

    _____

    _____

☐ Applicant's response has overcome the following rejection(s):

  _____

  _____

☐ Newly proposed or amended claims _____ would be allowable if submitted in a separate, timely filed amendment cancelling the non-allowable claims.

☐ The affidavit, exhibit or request for reconsideration has been considered but does NOT place the application in condition for allowance because:

  _____

☐ The affidavit or exhibit will NOT be considered because it is not directed SOLELY to issues which were newly raised by the Examiner in the final rejection.

☒ For purposes of Appeal, the status of the claims is as follows [see attached written explanation, if any]:

Claims allowed: _____

Claims objected to: _____

Claims rejected: _33-42_____

☐ The proposed drawing correction filed on _____ ☐ has ☐ has not been approved by the Examiner.

☐ Note the attached Information Disclosure Statement(s), PTO-1449, Paper No(s). _____ .

☐ Other

> **AMANDA LE**
> **PATENT EXAMINER**
> **ART UNIT 2734**

DTV/AMT 001814

### *Attachments to the Advisory Action*

1.      In the amendments filed on 08/06/98, the following newly added or deleted limitations to the

claims raise new issues that would require a further consideration and/or search:

Claim 33, lines 1-3, "responsive to input from a user positioned at an accessing location for

transmitting information selected by the user"

Claim 33, lines 12-13, "the remote location may be different from the accessing location"

Claim 35, lines 10-12, claim 39, lines 12-15, "said means for receiving, . . . different form a

location of the reception system"

-. Claim 42, lines 13-16, "the receiving means, . . . , at a location different from a location of

local distribution systems"

The additions or deletions of the above-mentioned limitations change the scope of the claimed

invention by specifying the differences in locations of different portions of the system. According,

further search and consideration are required for the amended claimed invention.

2.      Any inquiry concerning this communication or earlier communications from the examiner
should be directed to Amanda Le whose telephone number is (703) 305-4769. The examiner can
normally be reached on Tuesday-Friday from 8:30 A.M. to 6:00 P.M.. The examiner can also be
reached on alternate Mondays.
        If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor,
Stephen Chin, can be reached on (703) 305-4714.
        Any inquiry of a general nature or relating to the status of this application or proceeding
should be directed to the Group receptionist whose telephone number is (703) 305-3900.

**Any response to this final action should be mailed to:**

**Box AF**
Commissioner of Patents and Trademarks
Washington, D.C. 20231

**or faxed to:**

(703) 305-9051, (for formal communications; please mark "EXPEDITED PROCEDURE")

**Or:**

(703) 308-5403 (for informal or draft communications, please label "PROPOSED" or "DRAFT")

Hand-delivered responses should be brought to Crystal Park II, 2021 Crystal Drive, Arlington, VA., Sixth Floor (Receptionist).

08/18/98

*eAmandaLe*

**AMANDA LE**
**PATENT EXAMINER**

 

| | Application No. | Applic...nt(s) | |
|---|---|---|---|
| ***Office Action Summary*** | 08/630,590 | **Paul Yurt et al** | |
| | Examiner | Group Art Unit |  |
| | Amanda T. Le | 2734 | |

☒ Responsive to communication(s) filed on *9/10/98*

☐ This action is **FINAL**.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire _____ *3* _____ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *33-42* _____ is/are pending in the application.

Of the above, claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) *33-42* _____ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐approved. ☐disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☐ ☒ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

☐ received.

☐ received in Application No. (Series Code/Serial Number) _____.

☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: _____.

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of References Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

*— SEE OFFICE ACTION ON THE FOLLOWING PAGES —*

DTV/AMT 001824

Art Unit: 2734

1.      Claims 33-42 are pending in this application.

## *Continued Prosecution Application*

2.      The request filed on 09/10/98 for a Continued Prosecution Application (CPA) under 37 CFR

1.53(d) based on parent Application No. 08/630,590 is acceptable and a CPA has been established.

An action on the CPA follows.

## *Claim Rejections - 35 USC § 102*

3.      The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless —
>
> (e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, or on an international application by another who has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371(c) of this title before the invention thereof by the applicant for patent.

4.      Claims 33 and 34 are rejected under 35 U.S.C. 102(e) as being anticipated by Ballantyne et

al (5,133,079).

Regarding claim 33, Ballantyne et al's apparatus for distribution of movies teaches the

following claimed subject matters: "a plurality of libraries" (Fig. 1b, element 32); "identification

encoding means" (Fig. 1b, elements 16), "conversion means" and "transmitter means" (fig. 1a, 20

through 24). With respect to the claimed limitation "the remote location selected by the user wherein

DTV/AMT 001825

the remote location may be different form the accessing location", Ballantyne et al inherently teaches

this claimed subject matters (see col. 6, lines 35-38). Mainly, in the prior art system, the user can

make the request using the phone system ("accessing location"). The prior art system does not

restrict the user to be present at the location, for example in the same room, of the television

("remote location"). In other words, the phone system ("accessing location") and the television

("remote location") do not have to be at the same location. Ballantyne et al, therefore, teaches all

the claimed limitations.

Regarding claim 34, Ballantyne et al further teaches the claimed limitation of "the plurality

of libraries geographically separated" (col. 4, lines 50-56).

5.      Claims 35-42 are rejected under 35 U.S.C. 102(e) as being anticipated by Hoarty et al

(5,093,718).

Regarding claims 35, 36, 39-41, Hoarty et al's interactive home information system discloses

the following claimed subject matters: "local reception system" (Fig. 1, NODE 12); "subscribers"

(Fig. 1, HIC 16); "means for receiving compressed, digitized data" (Fig. 6A, 64, 68, col. 12, lines 13-

15); "means for storing" (Fig. 6A, 70); "means for transmitting" (Fig. 6A, 102, col. 13, lines 28-38).

Regarding claims 37, 38 and 42, Hoarty et al further discloses the claimed "processing

station" (Fig. 1, REGIONAL PROCESSING CENTER 4, col. 6, line 29-col. 7, line 45).

DTV/AMT 001826

## *Conclusion*

6.  **Any response to this action should be mailed to:**

> Commissioner of Patents and Trademarks
> Washington, D.C. 20231

**or faxed to:**

> (703) 308-9051, (for formal communications intended for entry)

**Or:**

> (703) 308-6743, (for informal or draft communications, please label "PROPOSED" or "DRAFT")

Hand-delivered responses should be brought to Crystal Park II, 2121 Crystal Drive, Arlington. VA., Sixth Floor (Receptionist).

   Any inquiry concerning this communication or earlier communications from the examiner should be directed to Amanda Le, whose telephone number is (703) 305-4769. The Examiner can normally be reached on Tuesday-Friday from 8:00 A.M. - 5:30 P.M.. The examiner can also be reached on alternate Monday.

   If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Stephen Chin, can be reached on (703)305-4714.

   Any inquiry of a general nature or relating to the status of this application should be directed to the Group receptionist whose telephone number is (703) 305-4900.

March 3, 1999

*Amanda 7. Le*
Primary Patent Examiner



#18⁴¹
AMOL?
6·8·99

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re application of: | **Received** | | |
| Paul Yurt *et al.* | JUN 0 7 1999 | Art Unit: | 2734 |
| Appln. No.: 08/630,590 | Group 2700 | Examiner: | A. Le |
| Filed: April 10, 1996 | | Atty. Docket: | 03047.0006.US03 |
| For: Audio and Video Transmission and Receiving System | | | |

## Reply and Amendment Under 37 C.F.R. § 1.111

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

In response to the Office Action dated March 10, 1999, (PTO Prosecution File Wrapper Paper No. 15), Applicants submit the following Amendment and Remarks.

It is not believed that extensions of time or fees for net addition of claims are required beyond those that may otherwise be provided for in documents accompanying this paper. However, if additional extensions of time are necessary to prevent abandonment of this application, then such extensions of time are hereby petitioned under 37 C.F.R. § 1.136(a), and any fees required therefor (including fees for net addition of claims) are hereby authorized to be charged to our Deposit Account No. 08-3038.

*Amendments*

*In the Claims:*

Please cancel claims 33-42 and add the following new claims 43-53.

DTV/AMT 001838

- 2 -

Yurt *et al.*
Appl. No.: 08/630,590

~~43~~. A transmission system responsive to input from a user positioned at an accessing location for transmitting information to a premises selected by the user, the transmission system comprising:

a plurality of libraries for storing items containing information;

identification encoding means for retrieving the information in the items from the plurality of libraries and for assigning a unique identification code to the retrieved information;

conversion means, coupled to the identification encoding means, for placing the retrieved information into a predetermined format as formatted data; and

transmitter means, coupled to the conversion means, for transmitting the formatted data to the premises selected by the user, wherein the premises selected by the user is not limited to a predetermined user premises.

~~44~~. A transmission system as recited in claim ~~43~~, wherein the plurality of libraries are geographically separated.

~~45~~. A digital audio/video communication network comprising:

a reception system in data communication with a plurality of subscriber selectable receiving stations, the reception system comprising,

means for receiving compressed, digitized data representing at least one item of audio/video information at a non-real time rate,

means for storing a complete copy of the received compressed, digitized data, and

means, responsive to the stored compressed, digitized data, for transmitting a representation of the at least one item of audio/video information at a real-time rate to at least

47

- 3 -

Yurt *et al.*
Appl. No.: 08/630,590

one of the plurality of subscriber selectable receiving stations, wherein said means for receiving, said means for storing, and said means for transmitting are positioned at the same location, and wherein the at least one of the plurality of subscriber selectable stations is located at a premises geographically separated from the location of the reception system.

46. A digital audio/video communication network as recited in claim 45, wherein the means for transmitting comprises a converter for decompressing the compressed digitized data representing the at least one item of audio/video information.

47. A digital audio/video communication network as recited in claim 45, further comprising a processing station for formatting items of audio/video information as compressed, digitized data and transmitting the compressed, digitized data representing at least one item of audio/video information at the non-real time rate to the means for receiving.

48. A digital audio/video communication network as recited in claim 47, wherein the processing station comprises:

means for inputting items of audio/video information;

conversion means for placing each input item of audio/video information into a predetermined format as formatted data;

compression means for compressing the formatted data; and

transmitter means for sending compressed formatted data for the at least one item of audio/video information at the non-real time rate to the reception system.

49. A method of distributing audio/video information comprising:

transmitting compressed, digitized data representing a complete copy of at least one item of audio/video information at a non-real time rate from a central processing location to a local distribution system remote from the central processing location;

receiving, into a receiving means, the transmitted compressed, digitized data representing a complete copy of the at least one item;

storing, in a storing means, the received compressed, digitized data representing the complete copy of the at least one item at the local distribution system; and

in response to the stored compressed, digitized data, transmitting, using a transmitting means, a representation of the at least one item at a real-time rate to at least one of a plurality of subscriber selectable receiving stations coupled to the local distribution system, wherein the receiving means, the storing means, and the transmitting means are positioned at the same location, and wherein the at least one of the plurality of subscriber selectable stations is located at a premises geographically separated from the local distribution system.

50. A method as recited in claim 49, further comprising the step of decompressing the compressed, digitized data representing the complete copy of the at least one item of audio/video information before the transmitting step.

51. A method as recited in claim 50, wherein the decompressing step is performed in the local distribution system to produce the representation of the at least one item for transmission to the at least one of the plurality of subscriber selectable receiving stations.

52. A method of distributing audio/video information comprising:

formatting items of audio/video information as compressed digitized data at a central

processing location;

transmitting compressed, digitized data representing a complete copy of at least one item

of audio/video information from the central processing location;

receiving, into a receiving means, the transmitted compressed, digitized data representing

a complete copy of the at least one item of audio/video information at a local distribution system;

storing, in a storing means, the received compressed, digitized data representing the

complete copy of the at least one item at the local distribution system; and

using the stored compressed, digitized data to transmit using a transmitting means a

representation of the at least one item to at least one of a plurality of subscriber selectable

receiving stations coupled to the local distribution system, wherein the receiving means, the

storing means, and the transmitting means are positioned at the same location, and wherein the at

least one of the plurality of subscriber selectable stations is located at a premises geographically

separated from the location of the local distribution system.

53. A transmission system as recited in claim 45, wherein the premises selected by the

user is geographically separated from the accessing location.—

DTV/AMT 001842

## *Remarks*

Applicants thank the Examiner for the courteous and helpful interview conducted on May 26, 1999. Pursuant to that interview and this Amendment, reconsideration of this Application is respectfully requested.

Upon entry of the foregoing amendment, claims 43-53 are pending in the application, with claims 43, 45, 49, and 52 being the independent claims. Applicants seek to cancel claims 33-42 without prejudice to or disclaimer of the subject matter therein. Applicants further seek to add new claims 43-52, which correspond respectively to cancelled claims 33-42. Applicants have also added new dependent claim 53. These changes are believed to introduce no new matter, and their entry is respectfully requested.

Based on the above amendment and the following Remarks, Applicants respectfully request that the examiner reconsider all outstanding rejections and they be withdrawn.

## *Rejections Under 35 U.S.C. § 102*

The examiner rejected claims 33 and 34 under 35 U.S.C. § 102(e) as being anticipated by U.S. Patent No. 5,133,079 issued to Ballantyne et al. ("Ballantyne"). This rejection is traversed. As indicated above, claims 43-44 correspond to cancelled claims 33-34.

The Ballantyne patent discloses a system having a central or regional distribution center wherein a video may be stored and accessed by a unique identification code. When a user requests a particular video, the system appends a customer identification number (UIN) to the video. This UIN is also embedded in the customer video storage system (at the customer's location) ensuring a one-to-one match between the customer and the requested movie. *See* the Ballantyne patent, col. 6, ll. 24-34. In other words, the system automatically downloads the requested video to the customer's premises with a matching UIN. The customer cannot request

DTV/AMT 001843

that the video be sent to another premises. Rather, the video can only be sent to the pre-determined user premises containing the customer video storage system with the matching UIN.

Conversely, the claimed invention includes a transmission system that transmits information to any premises chosen by the user that has a specified receiver. *See* Appl. No. 08/630,590, page 4, ll. 4-5. In order to place an order, the user enters a customer ID code and makes a selection by entering a corresponding identification code for the desired item. Upon receiving confirmation, the user selects the desired delivery time and *destination*. *Id.* at page 30, line 15 - page 31, line 10 (*See also* page 31, line 14; page 32, line 26, page 33, line 6). That destination is not limited to a pre-determined user premises. Thus, the Ballantyne patent fails to teach a transmission system as claimed in independent claim 43, which transmits information to a *premises selected by the user* with that premises not being limited to a pre-determined user premises. Independent claim 43 and claim 44 depending therefrom should therefore be allowed.

Notably, Applicants have used the term "location" to refer to a premises, rather than merely space in a particular structure. For example, Applicants distinguished U.S. Patent No. 4,506,387, issued to Walter ("the Walter patent") based upon the fact that the system disclosed in the Walter patent requires a dedicated cable wired to the viewer's *premises* and that the viewer be at that *location* for both ordering and viewing the audio/video material. *Id.* at page 2, ll. 14-21.

The Examiner also rejected claims 35-42 under 35 U.S.C. § 102(e) as being anticipated by U.S. Patent No. 5,093,718 issued to Hoarty et al. ("Hoarty"). This rejection is similarly traversed. As noted above, claims 45-52 correspond to cancelled claims 35-42.

The Hoarty patent discloses an interactive home information system for supplying digital audiovisual information to users in their homes. The system includes a regional processing center, which is connected to information providers and a plurality of headend computers. Each headend computer is connected to a separate cable TV network, which includes a plurality of nodes. Each node, in turn, is connected to about 60 homes. In each home, a Home Interface

- 8 -

Yurt *et al.*
Appl. No.: 08/630,590

Control (HIC) connects to a subscriber's TV set. Each node is capable of independently and simultaneously serving up to 31 of these HICs.

Information providers download the original data in digitized video and audio formats to the regional processing center. The regional processing center processes, assembles, and distributes complete system-standardized sets of information to each of the headend computers. Each headend computer acts as a store and forward device to receive this data and rebroadcast it to all of the nodes in its respective cable system. The nodes receive and store all of the data broadcast by the headend computer. The entire database is therefore locally accessible by the user.

In operation, the subscriber tunes a television to a non-interactive system channel, which displays the latest television listings. If the subscriber desires to interactively use the system, he or she must request an interactive channel by pressing a key on a remote control. When the user presses the key on the remote control, the system *automatically* selects an available channel, if any, and reserves the channel for the requesting HIC. All channels are scrambled and can only be descrambled by the HIC to which it was allocated. In other words, the system automatically allocates this channel for exclusive use by the requesting subscriber. The system automatically responds to the subscriber's request by downloading the requested information to the requesting HIC. Other subscribers within the network cannot access this particular channel, and the subscriber cannot alter the destination of the requested information.

Similar to the Ballantyne patent, the Hoarty system does not allow the user to *select* another premises or a subscriber *selectable* receiving station to which information is transmitted as claimed in independent claims 45, 49, and 52. Independent claims 45, 49, and 52 and the claims depending therefrom should therefore be allowed.

· DTV/AMT 001845

## *Conclusion*

All of the stated grounds of rejection have been properly traversed, accommodated, or rendered moot. Applicants therefore respectfully request that the Examiner reconsider all presently outstanding rejections and that they be withdrawn. Applicants believe that a full and complete response has been made to the outstanding Office Action and, as such, the present application is in condition for allowance. If the Examiner believes, for any reason, that personal communication will expedite prosecution of this application, the Examiner is invited to telephone the undersigned at the number provided.

Prompt and favorable consideration of this Amendment is respectfully requested.

Respectfully submitted,

Andrea G. Reister
Reg. No. 36,253

Date: June 7, 1999

HOWREY & SIMON
Box No. 34
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2402
(202) 783-0800

DTV/AMT 001846