1

2                                                    **E-Filed 12/17/2009**

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11

12   ARAM HOVSEPIAN,                     Case Number 08-5788 JF (PVT)

13                         Plaintiff,

14                                       ORDER[1] (1) GRANTING
            v.                           DEFENDANT'S MOTION TO
15                                       DISMISS WITH LIMITED LEAVE TO
     APPLE, INC.,                        AMEND AND (2) GRANTING
16                                       WITHOUT PREJUDICE
                          Defendant.     DEFENDANT'S MOTION TO
17                                       STRIKE

18                                       [Re: Docket Nos.  54, 55]

19

20

21         Plaintiff Aram Hovsepian ("Hovsepian") brings this putative class action on behalf of all

22   persons similarly situated who purchased iMAC G5 personal computers from Defendant Apple,

23   Inc. ("Apple").  Apple moves to dismiss the second amended complaint ("SAC") for failure to

24   state a claim upon which relief may be granted.  Apple also moves to strike Hovsepian's class

25   allegations.  The Court heard oral argument on December 4, 2009.  For the reasons set forth

26   below, the motion to dismiss will be granted, with limited leave to amend.  The motion to strike

27   ──────────────────

28         [1] This disposition is not designated for publication in the official reports.

     Case Nos. 08-5788
     ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LIMITED LEAVE TO AMEND AND
     GRANTING WITHOUT PREJUDICE DEFENDANT'S MOTION TO STRIKE
     (JFEX1)

1  also will be granted, without prejudice.

2  ## I. BACKGROUND

3        Hovsepian, a Florida resident, purchased an iMac in October 2006.  Hovsepian SAC ¶ 17.

4  Hovsepian alleges that vertical lines began to appear on the display screen in March 2008,

5  eventually causing a visual obstruction that rendered the display screen unusable.  *Id.* ¶¶ 1, 17.

6  He claims that Apple knew of or recklessly ignored the existence of the defect that caused

7  premature failure of the display screens, and that Apple failed to take remedial action or remove

8  the defective computers from the marketplace.  *Id.* ¶¶ 2-3.  Hovsepian alleges that Apple has

9  chosen not to take remedial action because the defect tends to arise after the expiration of the

10  product's one-year express warranty.  *See id.* ¶ 13.  Finally, Hovsepian claims that "thousands" of

11  purchasers have experienced this problem and that Apple is well aware of the issue.  *Id.* ¶ 9.

12        Hovsepian seeks to bring claims on behalf of a class comprised of all persons and entities

13  in the United States who made original purchases of an iMac computer.  *Id.* ¶ 42.  He asserts the

14  following claims for relief under California law:  (1) violation of the California Consumers Legal

15  Remedies Act ("CLRA"), Cal. Civ. Code § 1750; (2) unfair, unlawful, or fraudulent business

16  practices in violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code

17  § 17200 *et seq.*; (3) fraudulent omission; (4) unjust enrichment; and (5) a judicial declaration,

18  pursuant to 28 U.S.C. § 2201, that Apple's one-year limitation on warranty claims is void,

19  invalid and unenforceable.

20  ## II. LEGAL STANDARD

21  **A.  Standard of Review for a Motion to Dismiss**

22        A complaint may be dismissed for failure to state a claim upon which relief may be

23  granted if a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its

24  face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Allegations of material fact must

25  be taken as true and construed in the light most favorable to the nonmoving party.  *Cahill v.*

26  *Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1997).  *See also Pareto v. FDIC*, 139 F.3d

27  696, 699 (9th Cir. 1998).  However, the Court need not accept as true allegations that are

28

Case Nos. 08-5788
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LIMITED LEAVE TO AMEND AND
GRANTING WITHOUT PREJUDICE DEFENDANT'S MOTION TO STRIKE
(JFEX1)

1   conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

2   *State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). *See also Twombly*, 550 U.S. at 561 ("a

3   wholly conclusory statement of [a] claim" will not survive motion to dismiss).

4        On a motion to dismiss, the Court's review is limited to the face of the complaint and

5   matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.

6   1986)*; N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). However, under

7   the "incorporation by reference" doctrine, the Court also may consider documents which are

8   referenced extensively in the complaint and which are accepted by all parties as authentic. *In re

9   Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999). Leave to amend should be

10  granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas

11  v. Dep't of Corr.*, 66 F. 3d 245, 248 (9th Cir. 1995).

12  **B. Standard of Review for a Motion to Strike**

13       Federal Rule of Civil Procedure 12(f) provides that the Court may strike from any

14  pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f).

15  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that

16  must arise from litigating spurious issues by dispensing with those issues prior to trial[.]"

17  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations omitted), *overruled on

18  other grounds*, *Fogerty v. Fantasy, Inc.,* 510 U.S. 517 (1994).

19       Under Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court

20  has authority to strike class allegations prior to discovery if the complaint demonstrates that

21  a class action cannot be maintained. In order to certify a class, the class must be ascertainable.

22  *Bishop v. Saab Auto. A.B.*, 1996 U.S. Dist. LEXIS 22890, at *13-14 (C.D. Cal. Feb. 16, 1996).

23  In addition, the requirements under Federal Rule of Civil Procedure 23(a) must be satisfied.[2]

24  ──────────────

25       [2] Fed. R. Civ. P. 23(a): One or more members of a class may sue or be sued as
26  representative parties on behalf of all members only if: (1) the class is so numerous that joinder
    of all members is impracticable; (2) there are questions of law or fact common to the class; (3)
27  the claims or defenses of the representative parties are typical of the claims or defenses of the
    class; and (4) the representative parties will fairly and adequately protect the interests of the

28

3

1    Finally, Plaintiff must satisfy one of the more stringent prerequisites set forth in Rule 23(b).

2                                          **III. DISCUSSION**

3    **A. Hovsepian's SAC**

4            As a threshold matter, the parties disagree with respect to whether Hovsepian's CLRA

5    and UCL claims are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b).

6    This issue recently was addressed by the Ninth Circuit in *Kearns v. Ford Motor Co.*, 567 F.3d

7    1120 (9th Cir. 2009), which reiterated that "Rule 9(b)'s heightened pleading standards apply to

8    claims for violations of the CLRA and UCL" where such claims are based on a fraudulent course

9    of conduct. *Id*. at 1124 (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-05 (9th Cir.

10   2003)). Because Hovsepian's CLRA and UCL claims are predicated on allegedly fraudulent

11   omissions by Apple, those claims are subject to the pleading requirements of Rule 9(b). *See*

12   *Kearns*, 567 F.3d at 1124; *Vess*, 317 F.3d at 1103-04 (if "the claim is said to be 'grounded in

13   fraud' or to 'sound in fraud,' [then] the pleading of that claim as a whole must satisfy the

14   particularity requirement of Rule 9(b).").

15                            1.  CLRA Claim

16           Hovsepian alleges that Apple actively concealed material facts with respect to the alleged

17   defect in violation of Cal. Civ. Code § 1770 (a)(5) and § 1770 (a)(7). Hovsepian SAC ¶ 87.

18   Apple contends that the facts as currently alleged fail to state a cognizable claim under the

19   CLRA, citing *Daugherty v. American Honda Motor Co., Inc*., 144 Cal. App. 4th 824 (2006). In

20   *Daugherty*, the plaintiff alleged that an auto manufacturer knowingly concealed a latent defect

21   that arose only after the expiration of the express warranty, and that such allegations formed a

22   cognizable claim under the same provisions of the CLRA at issue in the instant action. *Id*. at

23   833-34. However, the Court of Appeal concluded that "although a claim may be stated under the

24   CLRA in terms constituting fraudulent omissions, to be actionable the omission must be contrary

25   to a representation actually made by the defendant, or an omission of a fact the defendant was

26   obliged to disclose." *Id*. at 835. *See also Bardin v. DaimlerChrysler Corp*., 136 Cal. App. 4th

27   ────────────────

28   class.

                                                    4

1   1255, 1276 (2006) (CLRA claim requires allegations that manufacturer was "'bound to disclose'

2   [the defect]…or allege[] facts showing [that the manufacturer] ever gave any information of

3   other facts which could have the likely effect of misleading the public").

4          Like the original complaint and FAC, Hovsepian's SAC does not state with sufficient

5   particularity when and where Apple made an affirmative representation, if any, that contradicts

6   its alleged omissions.  Instead, the operative pleading makes conclusory allegations as to Apple's

7   course of conduct.  SAC ¶ 37 ("Apple has responded by implementing a corporate policy of

8   concealing and uniformly denying in all public forums the existence of the Defect and to

9   'running [sic] out the clock' on the warranties that accompanied the iMac.").  Such generalized

10  allegations do not provide the "'the who, what, when, where, and how' of the misconduct

11  charged." *Vess*, 317 F.3d at 1106 (citation omitted).  Accordingly, Hovsepian has not stated a

12  cognizable CLRA claim based upon statements made in contradiction to a fraudulent omission.

13         Hovsepian nonetheless argues that the second theory of liability discussed in

14  *Daugherty*—based upon an affirmative duty to disclose—is alleged adequately.  A plaintiff may

15  "successfully pursue a CLRA claim [based on a fraudulent omission], despite *Daugherty* and

16  *Bardin*, if [the manufacturer] was 'obliged to disclose' the potential for problems." *Falk v. Gen.*

17  *Motors Corp.*, 496 F. Supp. 2d 1088, 1094 (N.D. Cal. 2007).  A duty to disclose exists if one of

18  the following four circumstances is present:  (1) the defendant is in a fiduciary relationship with

19  the plaintiff; (2) the defendant has exclusive knowledge of material facts not known to the

20  plaintiff; (3) the defendant actively conceals a material fact from the plaintiff, or (4) the

21  defendant makes partial representations but also suppresses some material facts. *LiMandri v.*

22  *Judkins*, 52 Cal. App. 4th 326, 337 (1997).  Hovsepian argues that he has alleged adequately the

23  second and third *LiMandri* factors, both of which "require the existence of a material fact." *Falk*,

24  496 F. Supp. 2d at 1095.  Materiality exists if the omitted information would cause a reasonable

25  consumer to behave differently if he or she were aware of the information.  *See Oestreicher v.*

26  *Alienware Corp.*, 544 F. Supp. 2d 964, 971 (N.D. Cal. 2008).  *See also Falk*, 496 F. Supp. 2d at

27  1095 ("Materiality, for CLRA claims, is judged by the effect on a 'reasonable consumer.'")

28

Case Nos. 08-5788
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LIMITED LEAVE TO AMEND AND
GRANTING WITHOUT PREJUDICE DEFENDANT'S MOTION TO STRIKE
(JFEX1)

1   (citation omitted).

2        Again, the SAC fails to comply with Rule 9(b).  The pleading contains only generalized

3 allegations with respect to exclusive knowledge and active concealment.  Moreover, generalized

4 allegations with respect to consumer expectations also are insufficient to meet Rule 9(b)'s

5 heightened pleading requirements, especially when the alleged defect has manifested itself more

6 than one year after the expiration of the express warranty.  *See Oestreicher*, 544 F. Supp. 2d at

7 971 ("consumer expectations are…subjective and likely unreliable, and…usage will greatly vary

8 from consumer to consumer.").

9        The weight of applicable case law casts doubt on the basic viability of Hovsepian's

10 CLRA claim.  *See id.* at 972.  The SAC represents Hovsepian's third attempt to articulate a

11 cognizable claim and he has failed to do so despite express guidance from the Court.  As a result,

12 the claim will be dismissed without leave to amend.[3]

13        2.  UCL Claim

14        The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair,

15 deceptive, untrue or misleading advertising."  Cal. Civ. Code § 17200, *et seq.*  Accordingly, "[a]n

16 act can be alleged to violate any or all of the three prongs of the UCL—unlawful, unfair, or

17 fraudulent."  *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007).  For an

18 action based upon an allegedly unlawful business practice, the UCL "borrows violations of other

19

20        [3] Hovsepian relies heavily on *Falk* for the proposition that an allegation of a disappointed

21 consumer expectation will defeat a motion to dismiss a CLRA claim.  However, as discussed by the *Oestreicher* court in some detail, knowledge that a product is likely to fail at some point

22 cannot give rise by itself to an actionable claim because "[s]uch knowledge is easily demonstrated by the fact that manufacturers must predict rates of failure of particular parts in

23 order to price warranties and thus can always be said to 'know' that many parts will fail after the

24 warranty period has expired.  A rule that would make failure of a part actionable based on such 'knowledge' would render meaningless time/mileage limitations in warranty coverage."

25 *Oestreicher*, 544 F. Supp. 2d at 972 (quoting *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238,

26 250 (2d Cir.1986)).  *Falk* involved the failure of vehicle speedometers, an essential safety feature that a manufacturer may have a duty to disclose.  *See id.* ("policy reasons militate against

27 following *Falk* in this situation—where a duty to disclose is being imposed on a manufacturer for

28 a latent non-safety related defect in its product.").

1    laws and treats them as unlawful practices that the unfair competition law makes independently

2    actionable." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180

3    (1999).  A UCL claim predicated on unfair business practices may be grounded upon a violation

4    of a statute, *see Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995), or be a "standalone"

5    claim based on an alleged act that "violates established public policy or if it is immoral,

6    unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its

7    benefits." *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1473 (2006).  *See also Cel-Tech*,

8    20 Cal. 4th at 180 ("[A] practice may be deemed unfair even if not specifically proscribed by

9    some other law.").  A claim based upon the fraud prong may be brought based upon conduct akin

10   to common-law fraud or an alleged course of conduct that is likely to deceive the public.  *Bardin*,

11   136 Cal. App. 4th at 1274 ("A violation can be shown even if no one was actually deceived,

12   relied upon the fraudulent practice, or sustained any damage. Instead, it is only necessary to show

13   that members of the public are likely to be deceived.").

14        As discussed above, to the extent that Hovsepian's UCL claim is grounded on a course of

15   fraudulent conduct, the pleading is subject to Rule 9(b).  *See Kearns*, 567 F.3d at 1125.

16   Moreover, *Kearns* held that a UCL claim based on an alleged omission is subject to Rule 9(b),

17   and if a complaint alleges a fraudulent course of conduct, the plaintiff cannot avoid Rule 9(b) by

18   attempting to allege consumer deception without pleading additional allegations.  *See id.* at 1126-

19   27.  The same rule applies to any claim brought under the unfair prong of the UCL.  *See id.* at

20   1127 ("Because Kearns's [complaint] alleges a unified fraudulent course of conduct, his claims

21   against Ford are grounded in fraud. His entire complaint must therefore be pleaded with

22   particularity. Thus, the [complaint] was properly dismissed and no error was committed by not

23   separately analyzing his claims under the unfairness prong of the UCL.").  Similarly, and for the

24   reasons discussed above in Section III.A.1, a derivative UCL claim based on a CLRA violation

25   has not been pled adequately here.

26        Even assuming that Hovsepian may assert a claim under the unfair prong of the UCL

27   without being subject to Rule 9(b) pleading requirements, the operative complaint fails to state a

28

7

1   claim.  A standalone claim under the unfair prong of the UCL requires that "the consumer injury

2   is substantial, is not outweighed by any countervailing benefits to consumers or to competition,

3   and is not an injury the consumers themselves could reasonably have avoided." *Daugherty*, 144

4   Cal. App. 4th at 839.  However, "[t]he failure to disclose a defect that might, or might not,

5   shorten the effective life span of [a product] that functions precisely as warranted throughout the

6   term of its express warranty cannot be characterized as causing a substantial injury to consumers,

7   and accordingly does not constitute an unfair practice under the UCL." *Clemens v.*

8   *DaimlerChrysler Corp*., 534 F.3d 1017, 1026-27 (9th Cir. 2008) (quoting *Daugherty*, 144 Cal.

9   App. 4th at 839).  In the instant action, the display screens did operate properly during the one-

10  year express warranty period.  Generalized allegations with respect to consumer expectations, *see*

11  Hovsepian SAC ¶ 23 ("Many current studies suggest that an average LCD screen should last at

12  least 5 years of normal usage without significant screen degradation.") or a statement that Apple

13  "knew" that the screens would fail at some point, *Id.* ¶ 25, are not sufficient.  *See Bardin*, 136

14  Cal. App. 4th at 1273 ("the 'right' upon which plaintiffs actually rely here—the right to have a

15  vehicle containing an exhaust manifold that lasts as long as an 'industry standard' cast-iron

16  exhaust manifold—is one based on a contract such as a warranty, not on a legislatively declared

17  policy.  No law generally requires a manufacturer to use the most expensive or most durable

18  materials in the manufacture of its products.").  Accordingly, the UCL claim will be dismissed

19  without leave to amend.

20              3.  Fraudulent Omissions

21          Under California law, the elements of a common-law claim for fraudulent omission are:

22  (1) the defendant concealed or suppressed a material fact; (2) the defendant was under a duty to

23  disclose the fact to the plaintiff; (3) the defendant intentionally concealed or suppressed the fact

24  with intent to defraud the plaintiff; (4) the plaintiff was unaware of the fact and would have acted

25  differently if he had known of the concealed or suppressed fact; and (5) as a result of the

26  concealment or suppression the plaintiff sustained damage.  *See Hahn v. Mirda*, 147 Cal. App.

27  4th 740, 748 (2007).

28

8

1   As discussed earlier, the SAC fails to describe with specificity representations made by

2   Apple with respect to the LCD that would give rise to a duty to disclose the defect alleged.

3   However, because the elements of a common law fraud claim may be somewhat easier to satisfy

4   than those of Hovsepian's statutory claim, this claim will be dismissed with leave to amend for

5   further elaboration as to whether such a duty existed and as to the means by which Apple actively

6   concealed a known defect from its customers.

7           4.  Unjust Enrichment

8           Hovsepian's claim for unjust enrichment is premised on the same alleged course of

9   conduct that underlies his CLRA, UCL, and fraudulent omission claims.  *See* SAC ¶ 95

10  (incorporating by reference previous allegations); ¶ 99 ("Defendant has been unjustly enriched at

11  the expense of and detriment to Plaintiff and the Class by wrongfully collecting money to which

12  Defendant, in equity, is not entitled.").  In other words, the claim for unjust enrichment cannot

13  stand alone as an independent claim for relief.  *See Jogani v. Superior Court*, 165 Cal. App. 4th

14  901, 911 (2008) ("unjust enrichment is not a cause of action.  Rather, it is a general principle

15  underlying various doctrines and remedies, including quasi-contract.") (citation omitted).  *See*

16  *also Melchior v. New Line Prods., Inc*., 106 Cal. App. 4th 779, 793 (2003) ("there is no cause of

17  action in California for unjust enrichment.  'The phrase "Unjust Enrichment" does not describe a

18  theory of recovery, but an effect: the result of a failure to make restitution under circumstances

19  where it is equitable to do so.'") (quoting *Lauriedale Assocs., Ltd. v. Wilson*, 7 Cal. App. 4th

20  1439, 1448  (1992)).  Because Hovsepian again has failed to allege a substantive claim for relief,

21  the claim for unjust enrichment also will be dismissed without leave to amend.  *See Oestreicher*,

22  544 F. Supp. 2d at 975 ("since plaintiff's fraud-based claims have been dismissed, plaintiff has

23  no basis for its unjust enrichment claim.").  *See also Sanders v. Apple Inc.*, No. C 08-1713, 2009

24  WL 150950, at *9 (N.D. Cal. Jan. 21, 2009) ("[unjust enrichment] claim will depend upon the

25  viability of the Plaintiffs' other claims.").

26          5.  Declaratory Relief

27          An action for declaratory relief requires an actual case or controversy.  *See Williams v.*

28

9

1   *Alioto*, 549 F.2d 136, 141 n.4 (9th Cir. 1977).  Because the Declaratory Judgment Act "merely

2   provides an additional remedy in cases where jurisdiction is otherwise established," *Staacke v.*

3   *U.S. Secretary of Labor*, 841 F.2d 278, 280 (9th Cir. 1988), and the Hovsepian SAC again does

4   not state an independent claim for relief, Apple's motion to dismiss the claim for declaratory

5   relief will be granted with leave to amend.

6   **B. Apple's Motion to Strike Class Claims**

7          Apple seeks to strike the class allegations from Hovsepian's SAC pursuant to Fed. R.

8   Civ. P. 12(f) because the class as currently defined fails to meet the requirements of Fed. R. Civ.

9   P. 23.  Hovsepian's SAC represents his third attempt to plead a putative class.  Like the original

10  complaint and FAC, the SAC fails to state a valid class claim against Apple.

11         First, the class is not ascertainable because it includes members who have not

12  experienced any problems with their iMac display screens.  Such members have no injury and no

13  standing to sue.  Second, the class is not maintainable under Rule 23(b)(3) because it includes

14  members who can have no claim against Apple.  For example, the putative class includes

15  members who (a) did not purchase the particular iMac model or the type of iMac screen that

16  Hovsepian alleges is defective and (b) experienced the alleged defect after their warranty expired.

17  Finally, the class is not maintainable under Rules 23(b)(1) or Rule 23(b)(2).  These

18  types of class actions are not suitable for actions where recovery of money damages is the

19  primary relief sought by the plaintiff.   The purpose of this lawsuit is money damages. These

20  pleading deficiencies are present despite the fact that Hovsepian has been given two

21  opportunities to amend his complaint.  Accordingly, the class allegations will be struck without

22  prejudice, pending amendment of Hovsepian's common law fraudulent concealment claim.

23

24

25

26

27

28

Case Nos. 08-5788
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LIMITED LEAVE TO AMEND AND
GRANTING WITHOUT PREJUDICE DEFENDANT'S MOTION TO STRIKE
(JFEX1)

1

**IV.  ORDER**

2          Good cause therefor appearing, the motion to dismiss the Hovsepian SAC is GRANTED,

3   with limited leave to amend the complaint to provide further factual specificity in support of its

4   claim that under common law Apple had a duty to disclose the alleged defect to its customers

5   and, assuming that it did, that it actively concealed the alleged defect from its customers.

6   Apple's motion to strike the class allegations is GRANTED without prejudice.

7

8   DATED: December 17, 2009

9

10

11                                                        _____
                                                          JEREMY FOGEL
12                                                        United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case Nos. 08-5788
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LIMITED LEAVE TO AMEND AND
GRANTING WITHOUT PREJUDICE DEFENDANT'S MOTION TO STRIKE
(JFEX1)